**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SOFTVIEW LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| APPLE INC., and AT&T MOBILITY LLC, | ) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff SoftView LLC ("SoftView"), by and through its undersigned counsel, for its Complaint against Apple Inc. ("Apple") and AT&T Mobility LLC ("AT&T"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

**JURISDICTION AND VENUE**

2. This Court has personal jurisdiction over Apple and AT&T (collectively, "Defendants"). On information and belief, Defendants have committed acts of infringement in this District, regularly do and solicit business in Delaware, and have availed themselves of the benefits and protections of Delaware law.

3. Venue in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District

and have committed acts of infringement in this District, and AT&T is incorporated in this District.

## THE PARTIES

4. SoftView is a Washington limited liability company with its principal place of business at 112 Ohio St. Suite 202, Bellingham, Washington 98225.

5. SoftView is informed and believes that Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

6. SoftView is informed and believes that AT&T is a Delaware limited liability company with its principal place of business at 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T is a wholly-owned subsidiary of AT&T Inc., a Delaware corporation with its principal place of business at 208 S. Akard St., Dallas, Texas 75202. Its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## CLAIM FOR RELIEF

### (Infringement of United States Patent No. 7,461,353)

7. SoftView incorporates by reference paragraphs 1 through 6 of this Complaint and realleges them as though fully set forth herein.

8. On December 2, 2008, United States Patent No. 7,461,353, entitled "Scalable Display of Internet Content on Mobile Devices" (the "'353 patent"), issued to Gary B. Rohrabaugh and Scott A. Sherman. SoftView is the owner by assignment of the entire right, title and interest in and to the '353 patent. A copy of the '353 patent is attached as Exhibit A.

9. SoftView is informed and believes, and thereon alleges, that Apple, in violation of 35 U.S.C. § 271, has been and is currently infringing the '353 patent by, among other things, making, using, offering to sell, and selling in this judicial district and elsewhere

throughout the United States, without authority or license from SoftView, infringing hardware and software products, including at least the iPhone and the iPod Touch, which themselves include, without limitation, the Safari web browser (collectively, the "Accused Products").

10. SoftView is informed and believes, and thereon alleges, that AT&T, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '353 patent by, among other things, using, offering to sell and selling in this judicial district and elsewhere throughout the United States, without authority or license from SoftView, infringing hardware and software products, including at least the Accused Products.

11. SoftView is informed and believes, and thereon alleges, that Defendants have contributorily infringed and are currently contributorily infringing the '353 patent in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from SoftView, components that embody a material part of the inventions described in the '353 patent, are known by Defendants to be especially made or especially adapted for use in infringement of the '353 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the Accused Products and their respective components. SoftView is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '353 patent, in violation of 35 U.S.C. § 271(a), by using infringing software and hardware products, including some or all of the Accused Products and their respective components.

12. SoftView is informed and believes, and thereon alleges, that Defendants have actively induced and are currently inducing the infringement of the '353 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to

use infringing software and hardware products in this judicial district and elsewhere throughout the United States, without license or authority from SoftView, including at least the Accused Products. SoftView is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '353 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of the Accused Products.

13. SoftView is informed and believes, and thereon alleges, that Defendants' infringement of the '353 patent has been and continues to be willful.

14. Unless enjoined by this Court, Defendants will continue to infringe the '353 patent.

15. As a direct and proximate result of Defendants' conduct, SoftView has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. SoftView has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, SoftView prays that the Court enter a judgment as follows:

A. For a judicial determination that the '353 patent is infringed by Defendants;

B. For a judicial determination that the '353 patent is valid and enforceable;

C. For a judicial determination that Defendants' infringement of the '353 patent is willful;

D. For an order preliminarily and permanently enjoining Defendants, and their directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing, from further acts of infringement of the '353 patent;

- 5 -

E. For damages resulting from Defendants' infringement of the '353 patent and the trebling of such damages because of the willful nature of Defendants' infringement;

F. For an assessment of interest on damages;

G. For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs in this action; and

H. For such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff SoftView LLC demands jury trial on all issues.

BLANK ROME LLP

By: _____
    */s/ Steven L. Caponi*
Steven L. Caponi (I.D. No. 3484)
1201 Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6400
caponi@blankrome.com

Attorneys for SoftView LLC

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010
mchu@irell.com; slu@irell.com; anaini@irell.com; cjohnson@irell.com

May 10, 2010