IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTVIEW LLC, | ) |
| Plaintiff and Counterdefendant, | ) ) ) |
| v. | ) C.A. No. 10-389-LPS ) |
| APPLE INC. and AT&T MOBILITY, LLC, | ) **DEMAND FOR JURY TRIAL** ) |
| Defendants and Counterclaimants. | ) ) ) |

## DEFENDANT APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT (REVISED)

Defendant and Counterclaimant Apple Inc. ("Apple"), by and through its attorneys, answers the Complaint for Patent Infringement ("Complaint") filed by Plaintiff and Counterdefendant SoftView LLC ("SoftView") and asserts defenses and counterclaims as follows:

### ANSWER

1. Apple admits that SoftView purports to bring this action as one for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271. Apple admits that this Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Apple denies each and every remaining allegation of paragraph 1 of the Complaint.

2. Apple admits that this Court has personal jurisdiction over Apple and that Apple has done business in Delaware. To the extent the remaining allegations of paragraph 2 of the Complaint relate to Apple or the Accused Products, Apple denies each and every remaining

allegation of paragraph 2 of the Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint and, therefore, denies each and every remaining allegation of paragraph 2 of the Complaint.

3. Apple admits that it is subject to personal jurisdiction in this District and that, with respect to Apple, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). To the extent the remaining allegations of paragraph 2 of the Complaint relate to Apple or the Accused Products, Apple denies each and every remaining allegation of paragraph 2 of the Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 concerning defendant AT&T Mobility, LLC ("ATTM"), and, therefore, denies each and every remaining allegation of paragraph 3 of the Complaint.

4. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and, therefore, denies each and every allegation of paragraph 4 of the Complaint.

5. Apple admits that it is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

6. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, therefore, denies each and every allegation of paragraph 6 of the Complaint.

7. Apple incorporates by reference its answers to paragraphs 1 through 6, as if fully set forth herein.

8. Apple admits that United States Patent No. 7,461,353 (the "'353 patent"), on its face, is entitled "Scalable Display of Internet Content on Mobile Devices," that it states it issued on December 2, 2008, and that it names Gary B. Rohrabaugh and Scott A. Sherman as "Inventors." Apple further admits that a purported copy of the '353 patent was attached as Exhibit A to the Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint and, therefore, denies each and every remaining allegation of paragraph 8 of the Complaint.

9. Apple denies each and every allegation of paragraph 9 of the Complaint.

10. To the extent the allegations of paragraph 10 of the Complaint relate to Apple, the Accused Products or any allegations of infringement by Apple set forth in the Complaint, Apple denies each and every allegation of paragraph 10 of the Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint and, therefore, denies each and every remaining allegation of paragraph 10 of the Complaint.

11. To the extent the allegations of paragraph 11 of the Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the Complaint, Apple denies each and every allegation of paragraph 11 of the Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint and, therefore, denies each and every remaining allegation of paragraph 11 of the Complaint.

12. To the extent the allegations of paragraph 12 of the Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the Complaint, Apple denies each and every allegation of paragraph 12 of the Complaint.

Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Complaint and, therefore, denies each and every remaining allegation of paragraph 12 of the Complaint.

13. To the extent the allegations of paragraph 13 of the Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the Complaint, Apple denies each and every allegation of paragraph 13 of the Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint and, therefore, denies each and every remaining allegation of paragraph 13 of the Complaint.

14. To the extent the allegations of paragraph 14 of the Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the Complaint, Apple denies each and every allegation of paragraph 14 of the Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint and, therefore, denies each and every remaining allegation of paragraph 14 of the Complaint.

15. Apple denies each and every allegation of paragraph 15 of the Complaint.

16. In response to SoftView's Prayer for Relief, Apple denies that SoftView is entitled to any relief sought in paragraphs A through H of the Prayer for Relief.

**DEFENSES**

Apple asserts the following defenses to SoftView's Complaint. Assertion of a defense is not a concession that Apple has the burden of proving the matter asserted.

## First Defense
## (Invalidity)

17. The '353 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

18. One or more of the claims of the '353 patent are unpatentable under 35 U.S.C. § 101 at least because the claims fail to satisfy the conditions and requirements for patentability under Title 35 of the United States Code, and are not directed to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvements thereof.

19. One or more claims of the '353 patent are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other references. Such prior art references include but are not limited to the prior art referenced during prosecution of the application for the '353 patent and in related applications.

20. One or more of the claims of the '353 patent is invalid under 35 U.S.C. § 112 ¶ 1 at least because the '353 patent fails to provide a written description that conveys with reasonable clarity to those skilled in the art that, as of the filing date sought, the inventors of the '353 patent were in possession of the invention, and/or it fails to enable any person reasonably skilled in the art to make and use the alleged invention claimed therein.

21. One or more of the claims of the '353 patent is invalid as indefinite under 35 U.S.C. § 112 ¶ 2 for failing to particularly point out and distinctly claim the subject matter of the invention claimed therein.

## Second Defense
## (Equitable Estoppel)

22. SoftView is equitably estopped from asserting that Apple, or the accused Apple products, infringe the '353 patent.

23. Statements made by or attributable to SoftView, including statements made during prosecution of the application(s) for the '353 patent, indicate that the scope of the claimed invention does not include the functionality that SoftView accuses of infringement in this action.

24. Apple reasonably relied on such statements to conclude that the accused Apple products, including the Safari web browser, do not and cannot infringe the claims of the '353 patent, and SoftView's allegations of infringement prejudice Apple.

## COUNTERCLAIM

25. Counterclaimant Apple, by and through its attorneys, asserts the following Counterclaim against Counterdefendant SoftView.

26. Apple is a corporation duly organized and existing under the laws of California and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

27. On information and belief, AT&T Mobility is a Delaware limited liability company with its principal place of business at 1025 Lenox Park Blvd. NE, Atlanta, Georgia 30319-5309.

28. On information and belief, SoftView is a Washington limited liability company with its principal place of business at 112 Ohio St., Bellingham, Washington 98225.

29. In its counterclaim, Apple seeks declarations of invalidity and non-infringement of the '353 patent. This Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to 28 U.S.C. § 1332.

30. This Court has personal jurisdiction over SoftView at least because it has submitted to the jurisdiction of this Court.

31. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

### First Counterclaim
### (Declaratory Relief Regarding the '353 Patent)

32. Apple re-alleges and incorporates by reference each and every allegation contained in paragraphs 17-31, inclusive, as if fully set forth herein.

33. On or about May 10, 2010, SoftView filed its Complaint for Patent Infringement, alleging that SoftView is the owner by assignment of the entire right, title and interest in and to the '353 patent.

34. In its complaint, SoftView named Apple as Defendant and alleged that: "Apple, in violation of 35 U.S.C. § 271, has been and is currently infringing the '353 patent by, among other things, making, using, offering to sell, and selling in this judicial district and elsewhere throughout the United States, without authority of license from SoftView, infringing hardware and software products, including at least the iPhone and iPod Touch, which themselves include, without limitation, the Safari web browser (collectively, the 'Accused Products')." SoftView further alleged the Defendants, including Apple, have contributorily and are contributorily infringing the '353 patent in violation of 35 U.S.C. § 271(c), and that Defendants, including Apple, have actively induced and are currently inducing the infringement of the '353 patent in violation of 35 U.S.C. § 271(b).

35. Apple has not infringed and is not infringing the '353 patent, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents.

36. The '353 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112, as set forth in paragraphs 17-21 herein.

37. Pursuant to 28 U.S.C. § 2201(a), and as a result of SoftView's allegations of infringement against Apple, an actual and justiciable controversy has arisen and exists between Apple and SoftView. Apple is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '353 patent and that the '353 patent is invalid.

38. On information and belief, when SoftView brought this action, it knew, or should have known, that the claims of the '353 patent are invalid, and that Apple has not infringed and does not infringe any valid and enforceable claim of the '353 patent.

39. This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and Apple is thus entitled to an award of its reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant Apple prays as follows:

A. That the Complaint against Apple be dismissed in its entirety with prejudice and that a judgment be entered for Apple;

B. That SoftView take nothing by reason of its Complaint;

C. For an order denying any and all of SoftView's requests for injunctive relief against Apple;

D. For a judgment declaring that Apple has not infringed and does not infringe, directly, contributorily or by inducement, any claim of the '353 patent;

E. For a judgment declaring that each and every claim of the '353 patent is invalid;

F. That Apple be awarded under 35 U.S.C. § 285 its reasonable attorneys' fees and costs of suit incurred in this litigation, as SoftView's conduct as set forth above renders this an exceptional case; and

G. For such other relief as the Court deems proper.

**DEMAND FOR A JURY TRIAL**

Apple demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all Counterclaims and as to all issues that may be tried by a jury.

|  |  |
|---|---|
| | Respectfully submitted, |
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Josh A. Krevitt<br>GIBSON DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Tel: (212) 351-2490 | By: /s/ David E. Moore<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza 6th Floor<br>    1313 N. Market Street |
| Brian Ankenbrandt<br>GIBSON DUNN & CRUTCHER LLP<br>1801 California Street<br>Denver, CO 80202-2642<br>Tel: (303) 298-5923 | Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| | *Attorneys for Defendant Apple Inc.* |

Dated: August 18, 2010
979015 / 35692