## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SOFTVIEW LLC,                           )
                              )
          Plaintiff,                   )
                              )   C.A. No.  10-389-LPS
   v.                                   )
                              )   **DEMAND FOR JURY TRIAL**
APPLE INC., and AT&T MOBILITY LLC       )
                              )
         Defendants.                   )

### DEFENDANT APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant and Counterclaimant Apple Inc. ("Apple"), by and through its attorneys, answers the First Amended Complaint for Patent Infringement ("First Amended Complaint") filed by Plaintiff and Counterdefendant SoftView LLC ("SoftView") and asserts defenses and counterclaims as follows:

### ANSWER

1.      Apple admits that SoftView purports to bring this action as one for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271.  Apple admits that this Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Apple denies each and every remaining allegation of paragraph 1 of the First Amended Complaint.

2.      Apple admits that this Court has personal jurisdiction over Apple and that Apple has done business in Delaware.  To the extent the remaining allegations of paragraph 2 of the First Amended Complaint relate to Apple or the Accused Products (as defined in paragraph 10 of the First Amended Complaint), Apple denies each and every remaining allegation of paragraph 2 of the First Amended Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the First Amended

Complaint and, therefore, denies each and every remaining allegation of paragraph 2 of the First Amended Complaint.

3.      Apple admits that it is subject to personal jurisdiction in this District and that, with respect to Apple, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  To the extent the remaining allegations of paragraph 3 of the First Amended Complaint relate to Apple or the Accused Products, Apple denies each and every remaining allegation of paragraph 3 of the First Amended Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 concerning defendant AT&T Mobility, LLC ("ATTM"), and, therefore, denies each and every remaining allegation of paragraph 3 of the First Amended Complaint.

4.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the First Amended Complaint and, therefore, denies each and every allegation of paragraph 4 of the First Amended Complaint.

5.      Apple admits that it is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

6.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the First Amended Complaint and, therefore, denies each and every allegation of paragraph 6 of the First Amended Complaint.

7.      Apple admits that United States Patent No. 7,461,353 (the "'353 patent"), on its face, is entitled "Scalable Display of Internet Content on Mobile Devices," that it states it issued on December 2, 2008, and that it names Gary B. Rohrabaugh and Scott A. Sherman as "Inventors."  Apple further admits that a purported copy of the '353 patent was attached as Exhibit A to the First Amended Complaint.  Apple is without knowledge or information

2

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 7 of the First Amended Complaint.

8.     Apple admits that United States Patent No. 7,831,926 (the "'926 patent"), on its face, is entitled "Scalable Display of Internet Content on Mobile Devices," that it states it issued on November 9, 2010, and that it names Gary B. Rohrabaugh and Scott A. Sherman as "Inventors." Apple further admits that a purported copy of the '926 patent was attached as Exhibit B to the First Amended Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 8 of the First Amended Complaint.

9.     Apple incorporates by reference its answers to paragraphs 1 through 8, as if fully set forth herein.

10.     To the extent the allegations of paragraph 10 of the First Amended Complaint are directed at Apple, the Accused Products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of paragraph 10 of the First Amended Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 10 of the First Amended Complaint.

11.     To the extent the allegations of paragraph 11 of the First Amended Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of

paragraph 11 of the First Amended Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 11 of the First Amended Complaint.

12.     To the extent the allegations of paragraph 12 of the First Amended Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of paragraph 12 of the First Amended Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 12 of the First Amended Complaint.

13.     To the extent the allegations of paragraph 13 of the First Amended Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of paragraph 13 of the First Amended Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 13 of the First Amended Complaint.

14.     To the extent the allegations of paragraph 14 of the First Amended Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of paragraph 14 of the First Amended Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of

the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 14 of the First Amended Complaint.

15.     Apple denies each and every allegation of paragraph 15 of the First Amended Complaint.

16.     Apple incorporates by reference its answers to paragraphs 1 through 8, as if fully set forth herein.

17.     To the extent the allegations of paragraph 17 of the First Amended Complaint are directed at Apple, the Accused Products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of paragraph 17 of the First Amended Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 17 of the First Amended Complaint.

18.     To the extent the allegations of paragraph 18 of the First Amended Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of paragraph 18 of the First Amended Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 18 of the First Amended Complaint.

19.     To the extent the allegations of paragraph 19 of the First Amended Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of

paragraph 19 of the First Amended Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 19 of the First Amended Complaint.

20.     To the extent the allegations of paragraph 20 of the First Amended Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of paragraph 20 of the First Amended Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 20 of the First Amended Complaint.

21.     To the extent the allegations of paragraph 21 of the First Amended Complaint are directed at Apple, the Accused products or otherwise relate to any allegations of infringement by Apple set forth in the First Amended Complaint, Apple denies each and every allegation of paragraph 21 of the First Amended Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the First Amended Complaint and, therefore, denies each and every remaining allegation of paragraph 21 of the First Amended Complaint.

22.     Apple denies each and every allegation of paragraph 22 of the First Amended Complaint.

23.     In response to SoftView's Prayer for Relief, Apple denies that SoftView is entitled to any relief sought in paragraphs A through H of the Prayer for Relief.

## DEFENSES

Apple asserts the following defenses to SoftView's First Amended Complaint. Assertion of a defense is not a concession that Apple has the burden of proving the matter asserted.

### First Defense to COUNT I ('353 Patent)
### (Invalidity)

24.     The '353 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

25.     One or more of the claims of the '353 patent are unpatentable under 35 U.S.C. § 101 at least because the claims fail to satisfy the conditions and requirements for patentability under Title 35 of the United States Code, and are not directed to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvements thereof.

26.     One or more claims of the '353 patent are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other references. Such prior art references include but are not limited to the prior art referenced during prosecution of the application for the '353 patent and in related applications.

27.     One or more of the claims of the '353 patent are invalid under 35 U.S.C. § 112 ¶ 1 at least because the '353 patent fails to provide a written description that conveys with reasonable clarity to those skilled in the art that, as of the filing date sought, the inventors of the '353 patent were in possession of the invention, and/or it fails to enable any person reasonably skilled in the art to make and use the alleged invention claimed therein.

28.     One or more of the claims of the '353 patent are invalid as indefinite under 35
U.S.C. § 112 ¶ 2 for failing to particularly point out and distinctly claim the subject matter of the
invention claimed therein.

### Second Defense to COUNT I ('353 Patent)
### (Estoppel and Disclaimer)

29.     SoftView's claims that Apple, or the accused Apple products, infringe the '353
patent are barred by the doctrines of estoppel and/or disclaimer.

30.     Statements, omissions and/or disclaimers made by or attributable to SoftView,
including during prosecution of the application(s) for the '353 patent and in subsequent, pre-
litigation discussions with Apple, indicate that the scope of the claimed invention does not
include the functionality that SoftView accuses of infringement in this action. SoftView is
barred from asserting a scope of the invention that is inconsistent with or broader than indicated
by such statements, omissions and/or disclaimers.

31.     Apple reasonably relied on such statements to conclude that the accused Apple
products, including the Safari web browser, do not and cannot infringe the claims of the '353
patent, and SoftView's allegations of infringement prejudice Apple.

### Third Defense to COUNT I ('353 Patent)
### (Inequitable Conduct)

32.     On information and belief, the '353 patent is unenforceable by reason of the
inequitable conduct, acts, or omissions of SoftView and its agents before the United States Patent
and Trademark Office ("PTO").

33.     Apple incorporates by reference paragraphs 1 through 31, inclusive, as if set forth
fully herein.

34.     SoftView's claims for relief based on alleged infringement of the '353 patent are barred because the '353 patent is unenforceable due to inequitable conduct in its procurement, including, but not limited to, SoftView's material, false statements that amendments made to the specification and claims in the application for the '353 patent (U.S. Patent Application No. 11,045,757, filed on January 28, 2005; hereafter the "'757 application") were not intended to add "new matter" to the disclosure of the invention.

35.     On information and belief, SoftView and/or its predecessor(s) in interest, its patent agents and/or attorneys including at least Mr. R. Alan Burnett, and named inventors including Mr. Gary B. Rohrabaugh and/or Mr. Scott A. Sherman, and/or others were substantively involved in the preparation and prosecution of the '757 application (collectively, "the '353 applicants and their agents") and were aware of the amendments made during prosecution of the '757 application.

36.     In connection with a series of amendments to the disclosure of the '757 application, including amendments to its specification and claims, the '353 applicants and their agents repeatedly stated that no new matter had been added, and that all claims were supported by the original disclosure of U.S. Patent Application No. 09/878,097 (the "'097 application," of which the '757 application was identified as a "divisional") and other priority applications incorporated therein by reference.

37.     However, on information and belief, the '353 applicants and their agents made these statements with the intent to deceive the PTO. In the amendments to the specification and claims of the '757 application, the '353 applicants and their agents made substantive changes to the disclosure, including removing, replacing or modifying portions of the specification and making commensurate changes in claims. Such modifications and changes included changing

portions of both the specification (including from the Title, Abstract, Brief Summary of the Invention and Detailed Description of the Invention) and claims, including at least in amendments submitted on or about: March 31, 2007; June 6, 2007; and December 9, 2007.

38.     On information and belief, the '353 applicants and their agents believed and/or intended that the amendments to the specification and claims could or would support a different and/or broader scope of the invention as compared to the scope of the invention as disclosed in the '757 application as originally filed, and/or as compared to the disclosure of the '097 application and other priority applications incorporated therein by reference, and that the amendments added new matter.

39.     Accordingly, on information and belief, the '353 applicants and their agents intended to deceive the PTO by repeatedly stating that such amendments added no new matter, by stating that all claims were supported by the original disclosure of the '097 application and other priority applications incorporated therein by reference, and by failing to inform the examiner that they intended through the amendments to add new matter and broaden the scope of the disclosure and claims.

40.     The misleading statements and omissions by the '353 applicants and their agents were highly material to the patentability of the pending claims of the '757 application, at least because the introduction of new matter by amendment is prohibited under 35 U.S.C. § 132. Had the PTO known that the '353 applicants and their agents believed and/or intended to broaden the scope of the disclosure and claims through the amendments, then, on information and belief, the PTO would not and should not have allowed the amendments.

41.     The '353 applicants and their agents' misleading statements and omissions, including statements and omissions concerning new matter, made with intent to deceive the PTO

as to the scope of the claimed invention, the intended introduction of new matter and/or the propriety of the amendments to the '757 application, constituted a material breach of the duty of candor owed to the PTO.

### First Defense to COUNT II ('926 Patent)
### (Invalidity)

42.    The '926 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

43.    One or more of the claims of the '926 patent are unpatentable under 35 U.S.C. § 101 at least because the claims fail to satisfy the conditions and requirements for patentability under Title 35 of the United States Code, and are not directed to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvements thereof.

44.    One or more claims of the '926 patent are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other references.  Such prior art references include but are not limited to the prior art referenced during prosecution of the application for the '926 patent and in related applications.

45.    One or more of the claims of the '926 patent are invalid under 35 U.S.C. § 112 ¶ 1 at least because the '926 patent fails to provide a written description that conveys with reasonable clarity to those skilled in the art that, as of the filing date sought, the inventors of the '926 patent were in possession of the invention, and/or it fails to enable any person reasonably skilled in the art to make and use the alleged invention claimed therein.

46.     One or more of the claims of the '926 patent are invalid as indefinite under 35 U.S.C. § 112 ¶ 2 for failing to particularly point out and distinctly claim the subject matter of the invention claimed therein.

### Second Defense to COUNT II ( ('926 Patent)
### (Estoppel and Disclaimer)

47.     SoftView's claims that Apple, or the accused Apple products, infringe the '926 patent are barred by the doctrines of estoppel and/or disclaimer.

48.     Statements, omissions and/or disclaimers made by or attributable to SoftView, including during prosecution of the application(s) for the '353 patent, indicate that the scope of the claimed invention does not include the functionality that SoftView accuses of infringement in this action. SoftView is barred from asserting a scope of the invention that is inconsistent with or broader than indicated by such statements, omissions and/or disclaimers.

### Third Defense to COUNT II ('926 Patent)
### (Inequitable Conduct)

49.     On information and belief, the '926 patent is unenforceable by reason of the inequitable conduct, acts, or omissions of SoftView and its agents before the United States Patent and Trademark Office ("PTO").

50.     Apple incorporates by reference paragraphs 1 through 23 and 42-48, inclusive, as if set forth fully herein.

51.     SoftView's claims for relief based on alleged infringement of the '926 patent are barred because the '926 patent is unenforceable due to inequitable conduct in its procurement, including, but not limited to, SoftView's material, false statements and claim of priority that the application for the '926 patent (U.S. Patent Application No. 11/738,486, filed on April 21, 2007;

hereafter the "'486 application") was a "Continuation" of U.S. Patent Application No. 09/878,097, filed on June 8, 2001 (hereafter the "'097 application").

52.     On information and belief, SoftView and/or its predecessor(s) in interest, its patent agents and/or attorneys including at least Mr. R. Alan Burnett, and named inventors including Mr. Gary B. Rohrabaugh and Mr. Scott A. Sherman, and/or others substantively involved in the preparation and prosecution of the '486 application (collectively, "the '926 applicants and their agents"), also were substantively involved in the preparation and prosecution of the '097 application.

53.     The disclosure presented in a continuation must be the same as that of the original application, *i.e.*, the continuation should not include anything which would constitute new matter if inserted in the original application.

54.     A continuation-in-part ("CIP") of an original application is an application that repeats some substantial portion or all of the original application, but also adds matter not disclosed in the in the original application.

55.     The '926 applicants and their agents, including at least Mr. Burnett, Mr. Rohrabaugh and Mr. Sherman, represented to the PTO that the '486 application was a "Continuation" of the '097 application (*see, e.g.*, '486 application, ¶ 0001).

56.     However, the '926 applicants and their agents, including at least Mr. Burnett, Mr. Rohrabaugh and Mr. Sherman, made a number of substantive changes, additions, deletions and substitutions when filing the '486 application, both as compared to the '097 application as originally filed on June 8, 2001, and as compared to the '097 application as amended up to and including April 21, 2007, the filing date of the '486 application.  Specifically, the '926 applicants

and their agents introduced matter—including in the Abstract, Brief Summary of Invention, Field of Invention, and elsewhere in the Application—not disclosed in the original application.

57.    On information and belief, the '926 applicants and their agents, including at least Mr. Burnett, Mr. Rohrabaugh and Mr. Sherman, knowingly and falsely represented to the PTO that the '486 application was a continuation of the '097 application, despite the facts that they knew the disclosure presented was not the same as that of the '097 application and that they knew the '486 application included material that constituted, or that the PTO might consider constituted, new matter.

58.    On or about April 21, 2007, at the time the '486 application was filed, Mr. Burnett submitted, and Mr. Rohrabaugh and Mr. Sherman each signed, a declaration acknowledging "the duty to disclose information which is material to patentability as defined in 37 C.F.R. 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application."

59.    Also in the April 21, 2007 declaration, the '926 applicants and their agents "claim[ed] the benefit under Title 35, United States Code, Section 120 of any United States application(s) listed below [which included the '097 application] and, insofar as the subject matter of each of the claims of this application[] is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, . . . acknowledge[d] the duty to disclose all information known to [them] to be material to patentability as defined in Title 37, Code of Federal Regulations, Section 1.56 which became available between the filing date of the prior application and the national or PCT International filing date of this application."

60.    On information and belief, the '926 applicants and their agents, including at least

Mr. Burnett, Mr. Rohrabaugh and Mr. Sherman, intended to deceive the PTO by falsely

representing that the '486 application was a continuation of the '097 application, and that its

effective filing date was the same as the filing date for the '097 application—June 8, 2001.

Intent to deceive may be inferred from the facts stated herein, including but not limited to the

facts that the '926 applicants and their agents made changes to the disclosure of the '486

application without identifying the application as a CIP and without otherwise alerting the PTO

to such changes.  By concealing the changes in a purported continuation application, on

information and belief, the '926 applicants and their agents intentionally sought to deceive the

PTO as to priority of invention.

61.    As evidenced at least by the April 21, 2007 declaration, at least Mr. Burnett, Mr.

Rohrabaugh and Mr. Sherman knew that the PTO determines an application's effective filing

date—and the corresponding time frame for prior art that may be used to reject claims presented

in the application—differently depending on whether an application is a continuation or a CIP.

62.    On information and belief, had the '926 applicants and their agents alerted or

disclosed to the PTO that it had added new matter, revised the disclosure of the '486 application

as compared to the '097 application and/or that it considered the claims of the '926 patent to

have commensurate, different or broader scope than those the '926 applicants and their agents

had sought prior to the revisions, the PTO may and should have determined that the effective

filing date for any such claims was the filing date of the '486 application (*i.e.*, April 21, 2007), as

opposed to the filing date of the '097 application (*i.e.*, June 8, 2001).

63.    Accordingly, the false representation that the '486 application was a continuation

of the '097 application was highly material to the patentability of the claims sought and issued

through prosecution of the '486 application, at least because the '926 applicants and their agents, including at least Mr. Burnett, Mr. Rohrabaugh and Mr. Sherman, made a false claim of priority and/or withheld from the PTO information that it had a duty to disclose and that should have shifted the effective filing date for claims of the '486 application from June 8, 2001, to April 21, 2007, at the earliest.

64.     On information and belief, the '926 applicants and their agents, including at least Mr. Burnett, Mr. Rohrabaugh and Mr. Sherman, intentionally failed to alert the PTO to the new matter included in the '486 application upon which the PTO could have relied to identify any prior art which became available between June 8, 2001 (the filing date of the '097 application) and April 21, 2007 (the filing date of the '486 application), as relevant or material to the patentability of the claims sought in the '486 application.

65.     The '926 applicants and their agents' false claim of priority, including falsely identifying the '486 application as a continuation of the '097 application with intent to deceive the PTO as to the effective filing date of the '486 application and the relevant time frame for prior art, constituted a material breach of the duty of candor owed to the PTO.

## COUNTERCLAIMS

66.     Counterclaimant Apple, by and through its attorneys, asserts the following Counterclaims against Counterdefendant SoftView.

67.     Apple is a corporation duly organized and existing under the laws of California and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

68.     On information and belief, AT&T Mobility is a Delaware limited liability company with its principal place of business at 1025 Lenox Park Blvd. NE, Atlanta, Georgia 30319-5309.

69.     On information and belief, SoftView is a Washington limited liability company with its principal place of business at 112 Ohio St., Bellingham, Washington  98225.

70.     In its counterclaim, Apple seeks declarations of invalidity and non-infringement of the '353 patent and the '926 patent.  This Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to 28 U.S.C. § 1332.

71.     This Court has personal jurisdiction over SoftView at least because it has submitted to the jurisdiction of this Court.

72.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

### First Counterclaim
### (Declaratory Relief Regarding the '353 Patent)

73.     Apple re-alleges and incorporates by reference each and every allegation contained in paragraphs 24-41 and 66-72, inclusive, as if fully set forth herein.

74. On or about May 10, 2010, SoftView filed its Complaint for Patent Infringement, alleging that SoftView is the owner by assignment of the entire right, title and interest in and to the '353 patent.

75. On or about December 3, 2010, SoftView filed its First Amended Complaint for Patent Infringement, alleging that SoftView is the owner by assignment of the entire right, title and interest in and to the '353 patent.

76. In its First Amended Complaint, SoftView named Apple as Defendant and asserted claims of patent infringement against Defendants under 35 U.S.C. §§ 271(a), 271(b) and 271(c).

77. Apple has not infringed and is not infringing the '353 patent, willfully or otherwise, directly, contributorily or by inducement, either literally or by application of the doctrine of equivalents.

78. The '353 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112, as set forth in paragraphs 24-28 herein.

79. SoftView's claims against Apple under the '353 patent are barred by the doctrines of estoppel and/or disclaimer, as set forth in paragraphs 29-31 herein.

80. The '353 patent is unenforceable by reason of inequitable conduct, as set forth in paragraphs 32-41 herein.

81. Pursuant to 28 U.S.C. § 2201(a), and as a result of SoftView's allegations of infringement against Apple, an actual and justiciable controversy has arisen and exists between Apple and SoftView. Apple is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '353 patent and that the '353 patent is invalid.

18

82.     On information and belief, when SoftView brought this action, it knew, or should have known, that the claims of the '353 patent are invalid and unenforceable, and that Apple has not infringed and does not infringe any valid and enforceable claim of the '353 patent.

83.     This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and Apple is thus entitled to an award of its reasonable attorneys' fees.

### Second Counterclaim
### (Declaratory Relief Regarding the '926 Patent)

84.     Apple re-alleges and incorporates by reference each and every allegation contained in paragraphs 42-72, inclusive, as if fully set forth herein.

85.     On or about December 3, 2010, SoftView filed its First Amended Complaint for Patent Infringement, alleging that SoftView is the owner by assignment of the entire right, title and interest in and to the '926 patent.

86.     In its First Amended Complaint, SoftView named Apple as Defendant and asserted claims of patent infringement against Defendants under 35 U.S.C. §§ 271(a), 271(b) and 271(c).

87.     Apple has not infringed and is not infringing the '926 patent, willfully or otherwise, directly, contributorily or by inducement, either literally or by application of the doctrine of equivalents.

88.     The '926 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112, as set forth in paragraphs 42-46 herein.

89.     SoftView's claims against Apple under the '926 patent are barred by the doctrines of estoppel and/or disclaimer, as set forth in paragraphs 47-48 herein.

90.   The '926 patent is unenforceable by reason of inequitable conduct, as set forth in paragraphs 49-65 herein.

91.   Pursuant to 28 U.S.C. § 2201(a), and as a result of SoftView's allegations of infringement against Apple, an actual and justiciable controversy has arisen and exists between Apple and SoftView.  Apple is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '926 patent and that the '926 patent is invalid and unenforceable.

92.   On information and belief, when SoftView brought this action, it knew, or should have known, that the claims of the '926 patent are invalid and unenforceable, and that Apple has not infringed and does not infringe any valid and enforceable claim of the '926 patent.

93.   This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and Apple is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Apple prays as follows:

A.   That the First Amended Complaint against Apple be dismissed in its entirety with prejudice and that a judgment be entered for Apple;

B.   That SoftView take nothing by reason of its First Amended Complaint;

C.   For an order denying any and all of SoftView's requests for injunctive relief against Apple;

D.   For a judgment declaring that Apple has not infringed and does not infringe, directly, contributorily or by inducement, any claim of the '353 patent or the '926 patent;

E.   For a judgment declaring that each and every claim of the '353 patent and the '926 patent is invalid;

F.     That Apple be awarded under 35 U.S.C. § 285 its reasonable attorneys' fees and costs of suit incurred in this litigation, as SoftView's conduct as set forth above renders this an exceptional case; and

G.     For such other relief as the Court deems proper.

## DEMAND FOR A JURY TRIAL

Apple demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all Counterclaims and as to all issues that may be tried by a jury.

Respectfully submitted,

OF COUNSEL:                          POTTER ANDERSON & CORROON LLP

Josh A. Krevitt
GIBSON DUNN & CRUTCHER LLP           By:  /s/ David E. Moore
200 Park Avenue                           Richard L. Horwitz (#2246)
New York, NY  10166-0193                  David E. Moore (#3983)
Tel:  (212) 351-2490                      Hercules Plaza 6th Floor
                                          1313 N. Market Street
Brian Ankenbrandt                         Wilmington, DE  19899
GIBSON DUNN & CRUTCHER LLP                Tel:  (302) 984-6000
1801 California Street                    rhorwitz@potteranderson.com
Denver, CO  80202-2642                    dmoore@potteranderson.com
Tel:  (303) 298-5923
                                     *Attorneys for Defendant Apple Inc.*
Dated:  January 3, 2011
995372 / 35692

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 3, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on January 3, 2011, the attached document was electronically mailed to the following person(s)

Steven L. Caponi
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
caponi@blankrome.com

Morgan Chu
Samuel K. Lu
Amir Naini
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
mchu@irell.com
slu@irell.com
anaini@irell.com
cjohnson@irell.com

By:  */s/ David E. Moore*
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

973077 / 35692