## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFTVIEW LLC, | ) | |
| | ) | |
| Plaintiff and Counterdefendant, | ) | C.A. No. 10-389-LPS |
| | ) | |
| vs. | ) | |
| | ) | |
| APPLE INC. and AT&T MOBILITY LLC, | ) | |
| | ) | |
| Defendants and Counterclaimants. | ) | |
| | ) | |

## PLAINTIFF SOFTVIEW LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND STRIKE DEFENDANT APPLE INC.'S AND DEFENDANT AT&T MOBILITY LLC'S INEQUITABLE CONDUCT DEFENSES

Steven L. Caponi (#3484)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
caponi@blankrome.com

Attorneys for Plaintiff SoftView LLC

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir A. Naini
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
mchu@irell.com; slu@irell.com;
anaini@irell.com; cjohnson@irell.com

January 24, 2011

TABLE OF CONTENTS

Page

I.      NATURE AND STAGE OF THE PROCEEDINGS .......................................................1

II.     SUMMARY OF ARGUMENT ...............................................................................................1

III.    STATEMENT OF FACTS .....................................................................................................2

IV.     ARGUMENT ...........................................................................................................................3

        A.      DEFENDANTS FAIL TO PLEAD INEQUITABLE CONDUCT
                WITH PARTICULARITY .......................................................................................3

        1.      Defendants Fail to Allege Facts Identifying Particular
                Amendments Made During Prosecution ................................................................4

        2.      Defendants Fail to Identify the Particular Claims and Particular
                Claim Limitations that Are Impacted by the Alleged Inequitable
                Conduct .....................................................................................................................6

        3.      Defendants Fail to Plead Facts to Support any Intent to Deceive the
                PTO. ...........................................................................................................................7

V.      CONCLUSION .......................................................................................................................9

134640.00601/40193201v.1

<u>TABLE OF AUTHORITIES</u>

Page

<u>Cases</u>

*Astrazeneca Pharm. LP v. Teva Pharm. USA, Inc.*,
 583 F.3d 766 (Fed. Cir. 2009)............................................................................. 8

*Burlington Indus., Inc. v. Dayco Corp.*,
 849 F.2d 1418 (Fed. Cir. 1988)......................................................................... 3, 6

*Dickson Indus., Inc. v. Patent Enforcement Team, LLC*,
 333 Fed. Appx. 514 (Fed. Cir. 2009) ................................................................. 4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
 575 F.3d 1312 (Fed. Cir. 2009)................................................................... passim

*Larson Mfg. Co. of S.D. v. Aluminart Prods. Ltd.*,
 559 F.3d 1317 (Fed. Cir. 2009)........................................................................... 8

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*,
 439 F.3d 1335 (Fed. Cir. 2006)........................................................................... 8

*Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*,
 2009 WL 4928024 (D. Del. Dec. 18, 2009)....................................................... 3

*Regents of Univ. of Cal. v. Eli Lilly & Co.*,
 119 F.3d 1559 (Fed. Cir. 1997)........................................................................... 6

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
 537 F.3d 1357 (Fed. Cir. 2008)........................................................................... 4

<u>Other Authorities</u>

Fed. R. Civ. P. 12 ................................................................................................. 1

Fed. R. Civ. P. 9 ................................................................................................ 1, 3

## I.        NATURE AND STAGE OF THE PROCEEDINGS

In this action, Plaintiff SoftView LLC ("SoftView") has sued Defendants Apple Inc. ("Apple") and AT&T Mobility LLC ("AT&T") for infringement of U.S. Patent Nos. 7,461,353 (the "'353 patent") and 7,831,926 (the "'926 patent").

The '353 patent was asserted in the original complaint on May 10, 2010, which Defendants answered on July 12, 2010.  On December 3, 2010, SoftView amended its complaint to assert the newly issued '926 patent.  On January 3, 2011, Defendants each filed answers to the amended complaint that included new, identical Third Affirmative Defenses of inequitable conduct relating to the '353 and '926 patents.  Because these defenses are inadequately pled, SoftView responds with this motion to dismiss and strike Defendants' inequitable conduct defenses.

## II.        SUMMARY OF ARGUMENT

Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 9(b), this Court should dismiss and strike the Third Affirmative Defenses of the Defendants, which allege that the '353 and '926 patents are unenforceable due to inequitable conduct before the U.S. Patent and Trademark Office ("PTO").  Defendants allege that SoftView introduced new matter during the prosecution of the '353 and '926 patents and falsely represented to the PTO that these changes did not constitute new matter.  Defendants' pleadings fail for several reasons:

First, Defendants have failed to meet the standards for pleading inequitable conduct with particularity as required by Rule 9(b) and recent Federal Circuit authority.  In particular, Defendants fail to sufficiently allege the "what" and "where" of their inequitable conduct defenses.  Defendants do not identify the specific changes that allegedly added new matter to the patent disclosures, or state exactly where such changes are located.  Instead, Defendants simply make references to "substantive changes."  But that is Defendant's hoped-for conclusion, not a factual allegation—this utter lack of particularity cannot suffice in an inequitable conduct pleading.

- 1 -

134640.00601/40193201v.1

Second, Defendants' pleadings fail to identify the claims and claim limitations that are impacted by the changes to the disclosures, as they are required to do.  Defendants' empty assurances that the changes were "highly material" to the claims fail to meet the pleading requirements laid out by the Federal Circuit.

Third, Defendants fail to meet the scienter requirement of inequitable conduct because they do not allege facts giving rise to a reasonable inference that patent prosecutor Alan Burnett had a specific intent to deceive the PTO.  Defendants merely describe the changes made to the disclosures and then claim, without basis, that the changes were made with an intent to deceive. This conclusory pleading is insufficient.

For these reasons, Defendants' Third Affirmative Defenses should be dismissed and struck.

### III.    <u>STATEMENT OF FACTS</u>

SoftView is a technology company based in Bellingham, Washington.  More than a decade ago, SoftView's founder Gary Rohrabaugh and his team invented a way to display Web pages on the small screens of mobile devices, while preserving the original layout of the Web pages. The team also invented ways for users of the mobile devices to view that Web content effectively on small screens through such innovations as real-time zooming and panning.

On June 8, 2001, Rohrabaugh and his employee, Scott Sherman, filed U.S. Patent Application No. 09/878,097 (the "'097 application"), which was a continuation-in-part of U.S. Patent Application No. 09/828,511 and which also claimed priority to Provisional Patent Application Nos. 60/211,019 and 60/217,345.

On January 28, 2005, Rohrabaugh and Sherman filed U.S. Patent Application No. 11/045,757 (the "'757 application"), a division of the '097 application.  Patent prosecutor Alan Burnett filed amendments making minor changes to the '757 application's disclosure on March 31, 2007, June 6, 2007, and December 9, 2007.  On December 2, 2008, the '757 application issued as the '353 patent.

- 2 -

On April 15, 2007, Rohrabaugh and Sherman filed U.S. Patent Application No. 11/738,486 (the "'486 application"), a continuation of the '097 application.  On November 9, 2010, the '486 application issued as the '926 patent.

On January 3, 2011, after SoftView amended its complaint in this case to add the newly issued '926 patent, Defendants alleged new defenses of inequitable conduct with respect to both the '353 patent and the '926 patent.   Defendants claim that SoftView's '353 patent is unenforceable because, according to Defendants, Burnett made "material false statements" to the PTO when he stated that amendments to the '353 patent were not intended to add "new matter" to the disclosure of the invention.   Defendants further allege that SoftView's '926 patent is unenforceable because, according to Defendants, Burnett falsely claimed priority for the '926 patent when he described it as a "continuation" of the '097 application.

## IV.   ARGUMENT

### A.   Defendants Fail to Plead Inequitable Conduct with Particularity

Pursuant to Fed. R. Civ. P. 9(b), inequitable conduct must be pled with particularity. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009).  As the Federal Circuit made explicit in *Exergen*, simply averring the elements of a claim for inequitable conduct without setting forth the particularized factual bases for those allegations is insufficient to meet pleading requirements.[1]   *Id.* at 1326-27.  Instead, a party alleging inequitable conduct "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."  *Id.* at 1328.  This Court has recognized the importance of requiring sufficient particularity in inequitable conduct allegations.  *See Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.,* 2009 WL 4928024, at *9 (D. Del. Dec. 18, 2009)

---

[1]       The Federal Circuit has disapproved of "the habit of charging inequitable conduct in almost every major patent case," which "has become an absolute plague."  *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988).

- 3 -

(dismissing inequitable conduct defense because defendant "failed to allege the 'what' and 'where' of its inequitable conduct allegations").

Thus, a defendant cannot mount a successful inequitable conduct defense without showing that:

> (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO.

*Exergen Corp.*, 575 F.3d at 1327 n.3 (citing *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008)).   "Given the severe consequences of unenforceability when it is imposed on a patent, it is paramount that the district court exercise necessary caution" to ensure that the elements of materiality and deceptive intent are supported with sufficient allegations.   *Dickson Indus., Inc. v. Patent Enforcement Team, LLC*, 333 Fed. Appx. 514, 519 (Fed. Cir. 2009).

### 1.     Defendants Fail to Allege Facts Identifying Particular Amendments Made During Prosecution

A party asserting inequitable conduct "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1328.   In their pleadings, Defendants do not identify the specific alleged changes, additions, deletions or substitutions that resulted in the purported inequitable conduct. As illustrated by the example below, Defendants' pleadings instead refer generally to changes made during the course of the prosecution:

> In the amendments to the specification and claims of the '757 application [which led to the '353 patent], the '353 [patent] applicants and their agents made substantive changes to the disclosure, including removing, replacing or modifying portions of the specification and making commensurate changes in claims.

D.I. 29 at ¶ 37; D.I. 30 at ¶ 36.   But nowhere do Defendants specifically identify such changes or explain why the specific changes were significant.

- 4 -

For the '353 patent, Defendants merely provide a laundry list of areas in the patent which may contain changes:

> Such modifications and changes including changing portions of both the specification (including the Title, Abstract, Brief Summary of the Invention and Detailed Description of the Invention) and claims, including at least in amendments submitted on or about: March 31, 2007; June 6, 2007; and December 9, 2007.

D.I. 29 at ¶ 37; D.I. 30 at ¶ 36.   This generic recitation of patent anatomy falls far short of the particularity requirement required under Federal Circuit authority.   Defendants do not even bother identifying which of the three identified amendments contain which of the generally referenced changes.   Defendants' pleadings essentially send the reader on a scavenger hunt to locate the new matter that might support Defendants' inequitable conduct pleadings.

Similarly, Defendants' inequitable conduct allegations for the '926 patent fail to identify any specific changes.   Defendants' pleadings state only that a "number" of changes were made.

> [T]he '926 [patent] applicants and their agents, including at least Mr. Burnett, Mr. Rohrabaugh and Mr. Sherman, made a number of substantive changes, additions, deletions and substitutions when filing the '486 application [which led to the '926 patent], both as compared to the '097 application as originally filed on June 8, 2001, and as compared to the '097 application as amended up to and including April 21, 2007, the filing date of the '486 application.

D.I. 29 at ¶ 56; D.I. 30 at ¶ 55.   But referencing "a number" of changes across multiple applications and amendments falls well short of the requirement that Defendants identify the, "specific . . . material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1328.

Indeed, as with the '353 patent, Defendants' pleadings fail to identify *any* specific changes found in the '926 patent compared to the '097 parent application:

> Specifically, the '926 [patent] applicants and their agents introduced matter – including in the Abstract, Brief Summary of Invention, Field of Invention, and elsewhere in the Application – not disclosed in the original application.

- 5 -

D.I. 29 at ¶ 56; D.I. 30 at ¶ 55.  The term "specifically" has no meaning here and is not followed by the identification of any specific changes or misstatements made by Burnett.  And the reference to "elsewhere in the Application" is transparently in contravention to the teachings of *Exergen*.

Defendants' inequitable conduct allegations with respect to the '926 patent also assert that the ephemeral new matter could affect the PTO's consideration of prior art, but Defendants fail to identify which changes broadened the scope of the disclosure so that new prior art became applicable.

> [T]he '926 [patent] applicants and their agents . . . intentionally failed to alert the PTO to the new matter included in the '486 application upon which the PTO could have relied to identify any prior art which because available . . . as relevant or material to the patentability of the claims sought in the '486 application.

D.I. 29 at ¶ 64; D.I. 30 at ¶ 63.  Defendants' lack of specificity makes these allegations completely inadequate because Defendants do not articulate what the new matter is or how it broadens the scope of the disclosure.  Defendants also fail to identify any of this newly relevant prior art.  Such generic and inadequate assertions are precisely the type of inadequate conduct accusations the Federal Circuit has called "an absolute plague."  *Burlington Indus.*, 849 F.2d at 1422.

## 2. Defendants Fail to Identify the Particular Claims and Particular Claim Limitations that Are Impacted by the Alleged Inequitable Conduct

Defendants fail to identify the patent claims and the limitations within those claims to which the alleged inequitable conduct is material.  An inequitable conduct allegation must "identify which claims, and which limitations in those claims," are affected by the inequitable conduct.  *Exergen*, 575 F.3d at 1329 (citing *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1570 (Fed. Cir. 1997) ("Information is material if a reasonable examiner would have considered it important to the patentability of a *claim*.") (emphasis added)).

- 6 -

The inequitable conduct allegations relating to the '353 patent do not mention the specific claims or limitations for which the inequitable conduct would be material.   Rather, Defendants simply assure us that the "misleading statements" were "highly material" to the pending claims. D.I. 29 at ¶ 40; D.I. 30 at ¶ 39.   Similarly, Defendants argue vaguely that the "false representation" that the '486 application was a continuation of the '097 application was "highly material to the patentability of the claims sought and issued."   D.I. 29 at ¶ 63; D.I. 30 at ¶ 62. Defendants offer no clue as to exactly which claims were impacted by this "highly material" representation, let alone which specific limitations to those claims were actually affected.   By never referencing specific claims, let alone specific claim elements, Defendants flout the particularity requirements necessary for their inequitable conduct pleading.

### 3.    Defendants Fail to Plead Facts to Support any Intent to Deceive the PTO.

Defendants' allegations are also insufficient because they fail to allege the facts necessary for an inference of scienter.  An inequitable conduct pleading must allege facts that "give rise to a reasonable inference of scienter, including both (1) knowledge of the withheld material . . . and (2) specific intent to deceive the PTO."  *Exergen*, 575 F.3d at 1330.  "Although 'knowledge' and 'intent' may be averred generally, [Federal Circuit precedent] requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind."  *Id.* at 1327.

Defendants fail to plead facts that would support a finding that Burnett had an intent to deceive when prosecuting the '353 patent.  Instead, Defendants' cursory pleadings make only conclusory allegations:  "[O]n information and belief, the '353 [patent] applicants and their agents made these statements with the intent to deceive the PTO."  D.I. 29 at ¶ 37; D.I. 30 at ¶ 36.  These allegations fall well short of the necessary facts that would give rise to a reasonable inference of scienter.

Defendants also fail to sufficiently plead scienter with respect to the prosecution of the '926 patent because their references to changes made to the application are not relevant to the scienter element:

> Intent to deceive may be inferred from the facts stated herein, including but not limited to the facts that the '926 applicants and their agents made changes to the disclosure of the '486 application without identifying the application as a CIP and without otherwise alerting the PTO to such changes. By concealing the changes in a purported continuation application, on information and belief, the '926 applicants and their agents intentionally sought to deceive the PTO as to priority of invention.

D.I. 29 at ¶ 60; D.I. 30 at ¶ 59.  The mere fact that Burnett made some changes to the patent applications during prosecution obviously cannot by itself create an inference of bad intent. Indeed, even if the changes were material (which they are not), this would not be enough. "Intent to deceive cannot be inferred from a high degree of materiality alone, but must be separately proved to establish unenforceability due to inequitable conduct." *Astrazeneca Pharm. LP v. Teva Pharm. USA, Inc*., 583 F.3d 766, 770 (Fed. Cir. 2009); *see also Larson Mfg. Co. of S.D. v. Aluminart Prods. Ltd.*, 559 F.3d 1317, 1340 (Fed. Cir. 2009) ("[M]ateriality does not presume intent, and nondisclosure, by itself, cannot satisfy the deceptive intent element."); *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.,* 439 F.3d 1335, 1341 (Fed. Cir. 2006) ("When the absence of a good faith explanation is the only evidence of intent, however, that evidence alone does not constitute clear and convincing evidence warranting an inference of intent." ).  Defendants put forth no facts regarding Burnett's intent, and certainly have not presented facts that would establish that Burnett intended to deceive the PTO.  Defendants therefore fail to sufficiently plead the scienter requirement of inequitable conduct.

# V.  **CONCLUSION**

For the foregoing reasons, Plaintiff SoftView LLC respectfully requests that this Court dismiss and strike the Third Affirmative Defenses from Defendants Apple's and AT&T's Answers, Defenses, and Counterclaims to the First Amended Complaint.

BLANK ROME LLP


/s/  Steven L. Caponi
Steven L. Caponi (#3484)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6400
caponi@blankrome.com

Attorneys for Plaintiff SoftView LLC


OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010
mchu@irell.com; slu@irell.com;
anaini@irell.com; cjohnson@irell.com


January 24, 2011