# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTVIEW LLC,<br><br>　　　Plaintiff and Counterdefendant,<br><br>　　　vs.<br><br>APPLE INC. and AT&T MOBILITY LLC,<br><br>　　　Defendants and Counterclaimants. | )<br>)<br>)<br>)　C.A. No. 10-389-LPS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF SOFTVIEW LLC'S BRIEF IN SUPPORT OF
ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT
TO ASSERT CLAIMS AGAINST ADDITIONAL INFRINGERS**

　　　　　　　　　　　　　　　　　　　Steven L. Caponi (#3484)
　　　　　　　　　　　　　　　　　　　BLANK ROME LLP
　　　　　　　　　　　　　　　　　　　1201 Market Street, Suite 800
　　　　　　　　　　　　　　　　　　　Wilmington, DE  19801
　　　　　　　　　　　　　　　　　　　(302) 425-6400
　　　　　　　　　　　　　　　　　　　caponi@blankrome.com

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　SoftView LLC

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Dorian Berger
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010
mchu@irell.com; slu@irell.com;
anaini@irell.com; dberger@irell.com;
cjohnson@irell.com

April 22, 2011

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

SUMMARY OF ARGUMENT .......................................................................................... 2

FACTUAL BACKGROUND ............................................................................................. 3

    I.     TECHNICAL BACKGROUND .................................................................. 3

    II.    PROCEDURAL BACKGROUND ............................................................... 3

ARGUMENT ..................................................................................................................... 4

    I.     THE COURT SHOULD GRANT SOFTVIEW LEAVE TO
          AMEND ITS COMPLAINT TO JOIN THE ADDITIONAL
          INFRINGERS AS DEFENDANTS UNDER THE LIBERAL
          STANDARD FOR PERMISSIVE JOINDER ............................................... 4

    II.    JOINING THE ADDITIONAL INFRINGERS WILL PROMOTE
          THE PURPOSES OF PERMISSIVE JOINDER ........................................... 6

         1.    Joining the Additional Infringers Will Prevent Multiple
               Lawsuits ................................................................................... 6

         2.    Joining the Additional Infringers Would Not Prejudice
               Defendants ................................................................................ 7

         3.    SoftView's Motion to Join Additional Infringers is Timely .............. 7

CONCLUSION ................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990) ................................................................................................... 4

*Dougherty v. Mieczkowski*,
    661 F. Supp. 267 (D. Del. 1987).................................................................................................. 6

*Leader Techs., Inc. v. Facebook, Inc.*,
    No. 08-862-LPS, 2010 WL 2545959 (D. Del. June 24, 2010) ................................... 4

*Mesa Computer Utils., Inc. v. W. Union Computer Utils., Inc.*,
    67 F.R.D. 634 (D. Del. 1975) ............................................................................... 5, 6

*SRI International, Inc. v. Internet Security Systems, Inc.*,
    No. 04-1199-SLR, 2005 WL 851126 (D. Del. April 13, 2005) ............................. 4, 5

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966).............................................................................................. 4

**Rules**

Fed. R. Civ. P. 20......................................................................................................... 4, 5, 6

Fed. R. Civ. P. 21............................................................................................................... 4

## NATURE AND STAGE OF THE PROCEEDINGS

SoftView LLC ("SoftView") has sued Apple Inc. and AT&T Mobility LLC (collectively, "Defendants") in this proceeding for infringement of U.S. Patent Nos. 7,461,353 (the "'353 patent") and 7,831,926 (the "'926 patent").  This Court issued a Scheduling Order for this action on March 17, 2011.  The Scheduling Order requires that "[a]ll motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before April 22, 2011."  (D.I. 57 ¶ 2.)  In accordance with that deadline, SoftView seeks an order for leave to join Dell Inc.; HTC Corp.; HTC America, Inc.; Exedea, Inc.; Huawei Technologies Co., Ltd.; Huawei Technologies USA; Huawei Device USA Inc.; Kyocera Corp.; Kyocera Wireless Corp.; LG Electronics, Inc.; LG Electronics USA, Inc.; LG Electronics MobileComm U.S.A, Inc.; Motorola Mobility Inc.; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Telecommunications America, LLC; Sony Ericsson Mobile Communications AB; and Sony Ericsson Mobile Communications (USA) Inc. (collectively, "Additional Infringers") as party defendants in this action.  SoftView also seeks leave to add claims of patent infringement against the Additional Infringers.

- 2 -

## SUMMARY OF ARGUMENT

1. Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely granted and is proper here.

2. The Additional Infringers should be joined pursuant to Federal Rule of Civil Procedure 20(a) because SoftView has a right to relief from both of the Defendants and from all of the Additional Infringers for their infringement of the '353 and '926 patents. Joining the Additional Infringers in this case is proper for a number of reasons. The claims against the Defendants and the Additional Infringers arise out of the same series of occurrences—namely the infringement of SoftView's '353 and '926 patents. The claims also share common questions of law and fact because SoftView seeks to add claims for infringement of the same patents that are already asserted in this case. The new claims would involve common questions of law and fact as the present claims, including claim construction, the level of ordinary skill in the art, and the relevance of the prior art.

3. Joining the Additional Infringers would promote the purposes of permissive joinder by preventing multiple lawsuits involving the same issues.

4. Joining the Additional Infringers would not prejudice Defendants because this case is at an early stage.

5. SoftView has brought its request to add the Additional Infringers to this case without undue delay and in a timely manner. SoftView brings this motion within the time period allowed under the Scheduling Order for motions to join parties and to amend the pleadings.

## **FACTUAL BACKGROUND**

### I. TECHNICAL BACKGROUND

SoftView's engineers developed pioneering innovations that are now indispensable for smart mobile devices such as smart phones and tablet computers. In particular, SoftView's engineers developed software relating to the scalable display, zooming, and panning of Web content on smart mobile devices. These innovations include the preservation of Web page layout when Web content is displayed on mobile device screens as well as the touch-activated zooming and panning of Web pages. SoftView brought this action against the Defendants for infringement of SoftView's patented technologies. The Additional Infringers also make, use, sell, and/or offer to sell products that infringe SoftView's patented technologies.

### II. PROCEDURAL BACKGROUND

SoftView filed its Complaint on May 10, 2010 and its First Amended Complaint on December 3, 2010. (D.I. 1, 27.) The Court issued a Scheduling Order on March 17, 2011. (D.I. 57.) The Scheduling Order permits "motions to join other parties, and to amend or supplement the filings" through April 22, 2011. (*Id.* ¶ 2.) None of the parties has noticed any depositions. The pleadings remain open pending the resolution of SoftView's motion to strike and dismiss Defendants' inequitable conduct defenses.

SoftView contacted Defendants regarding the joinder of the Additional Infringers and the corresponding amendments to the complaint. However, Defendants did not wish to enter into an agreement under which the identities of the Additional Infringers would be kept confidential until this motion was filed. As a result, SoftView was unable to meet and confer further with Defendants about this issue.

**ARGUMENT**

I. **THE COURT SHOULD GRANT SOFTVIEW LEAVE TO AMEND ITS COMPLAINT TO JOIN THE ADDITIONAL INFRINGERS AS DEFENDANTS UNDER THE LIBERAL STANDARD FOR PERMISSIVE JOINDER**

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend a pleading] when justice so requires." Consequently, "the Third Circuit has adopted a liberal policy favoring the amendment of pleadings . . . ." *Leader Techs., Inc. v. Facebook, Inc.*, No. 08-862-LPS, 2010 WL 2545959, at *3 (D. Del. June 24, 2010) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

With regard to amendment to add parties, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Additional party defendants are properly joined when: "(A) any right to relief is asserted against them . . . with respect to the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. The Supreme Court has emphasized that the standard for joinder is liberal, declaring that "[u]nder the Rules, the impulse is toward entertaining the *broadest possible scope of action* consistent with fairness to the parties; *joinder of claims, parties and remedies is strongly encouraged*." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Fed. R. Civ. P. 20) (emphasis added).

The decision in *SRI International, Inc. v. Internet Security Systems, Inc.*, No. 04-1199-SLR, 2005 WL 851126 (D. Del. April 13, 2005), is instructive. In that case, the court determined that both the same transaction or occurrence prong of Rule 20 and the common question of law or fact prong of Rule 20 are met where a plaintiff asserts a set of patents against multiple defendants. *Id.* at *4. This holds true even when (unlike the instant case) some patents are asserted against one defendant but not another, because "patents over the same technology often give rise to the same questions of law and fact (e.g., same prior art references, same level of ordinary skill in the art)." *Id.* The court also noted that the need to

"hold *Markman* hearings and construe the asserted claims" factored in favor of joining additional defendants under the Rule 20 standard rather than proceeding in separate cases. *Id.* In addition, when multiple defendants assert invalidity defenses, "[i]t would be an inefficient use of judicial resources" for the court to repeatedly determine, in separate cases, "the date of conception and reduction to practice, the relevance of prior art and the level of ordinary skill in the art." *Id.*

Here, SoftView seeks to join the Additional Infringers in this proceeding and assert the same two patents against them that SoftView has asserted against Apple and AT&T. SoftView's right to relief against Defendants and the Additional Infringers therefore arises out of the same series of occurrences—infringement of SoftView's '353 and '926 patents.

Moreover, there are common questions of law and fact. The Court will hold a *Markman* hearing and construe the asserted claims. Defendants and the Additional Infringers will no doubt set forth invalidity theories that require consideration of common prior art references and may involve the determination of conception and reduction to practice dates for the asserted patents. There will, of course, be questions that differ with respect to Defendants and Additional Infringers, because different products are accused of infringement in the proposed Second Amended Complaint. However, "Rule 20(a) does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but one question of law or fact common to the parties." *Mesa Computer Utils., Inc. v. W. Union Computer Utils., Inc.*, 67 F.R.D. 634, 637 (D. Del. 1975). In this patent infringement dispute, where SoftView seeks to assert its '353 and '926 patents against both of the Defendants and all of the Additional Infringers, it is most efficient to join the Additional Infringers and adjudicate the common questions of law and fact in a single proceeding.

## II. JOINING THE ADDITIONAL INFRINGERS WILL PROMOTE THE PURPOSES OF PERMISSIVE JOINDER

Joining the Additional Infringers as party defendants will further the primary purpose of Rule 20, which is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Dougherty v. Mieczkowski*, 661 F. Supp. 267, 277 (D. Del. 1987). Other relevant factors also favor joinder. Defendants will not be prejudiced by joinder of the Additional Infringers at this stage of the case. Moreover, SoftView has moved to join the Additional Infringers in a timely manner and within the time period for such a motion under the Scheduling Order.

### 1. Joining the Additional Infringers Will Prevent Multiple Lawsuits

Joining the Additional Infringers as defendants in this case, rather than having SoftView's patent infringement claims against them proceed in separate lawsuits, would allow final determination of the issues by a single court and jury. The court and jury would be able to learn about the underlying technology and adjudicate disputes of claim construction, infringement, and validity. If the Additional Infringers were not joined in this case, they would be expected to re-argue issues concerning claim construction and validity, requiring additional determinations of these same issues in the separate lawsuits. Such inefficiency does not comport with the objective of Rule 20: promoting trial convenience and expediting the final determination of disputes. Indeed, "even marginally related parties should be permitted to join if consistent with the promotion of judicial economy." *Mesa Computer*, 67 F.R.D. at 638. Thus, the Court should permit the joinder of the Additional Infringers so that SoftView's patent infringement claims against the Additional Infringers and the Defendants can be adjudicated in a single lawsuit.

### 2. Joining the Additional Infringers Would Not Prejudice Defendants

Joining the Additional Infringers as party defendants would not prejudice Defendants because this case is at an early stage. The Court issued a Scheduling Order a little over a month ago. Fact discovery has only recently begun in this action. Apple has propounded one set of interrogatories and one set of requests for production. AT&T has not yet propounded any interrogatories or requests for production. And SoftView has only served one set of interrogatories and one set of requests for production on each Defendant. The parties are still negotiating a Protective Order and are meeting and conferring about the handling of electronic discovery. No depositions have been noticed, and no documents other than patent prosecution histories have been produced. Therefore, the joinder of the Additional Infringers would not prejudice Defendants' preparation of their case.

### 3. SoftView's Motion to Join Additional Infringers is Timely

SoftView has not unduly delayed in seeking to add the Additional Infringers to this case. SoftView performed its pre-filing analysis regarding the Additional Infringers' devices diligently and as quickly as practicable. SoftView brings this motion within the time period allowed under the Scheduling Order for motions to join parties. (D.I. 57 ¶ 2.) Thus, SoftView has moved in a timely manner.

## **CONCLUSION**

For the foregoing reasons, SoftView respectfully requests that the Court grant leave to SoftView to file the Proposed Second Amended Complaint joining the Additional Infringers to this action and adding claims of patent infringement against the Additional Infringers.

*/s/ Steven L. Caponi*
Steven L. Caponi (I.D. No. 3484)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6400
caponi@blankrome.com


ATTORNEYS FOR SOFTVIEW LLC

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Dorian Berger
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010
mchu@irell.com; slu@irell.com;
anaini@irell.com; dberger@irell.com;
cjohnson@irell.com


April 22, 2011