## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFTVIEW LLC, | § | |
| | § | |
| Plaintiff and Counterdefendant, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:10-cv-389-LPS |
| APPLE INC. AND AT&T MOBILITY | § | |
| LLC, | § | Jury Trial Demanded |
| | § | |
| Defendants and Counterclaimants. | § | |
| | § | |
| | § | |
| | § | |

## AGREED PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff SoftView LLC ("Plaintiff") and Defendants Apple Inc. and AT&T Mobility LLC (individually, each "Defendant," and together, "Defendants"), anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.    **PURPOSES AND LIMITATIONS**

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.    **DEFINITIONS**

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)    "Field" means relating to Internet browsers for mobile telephones, mobile computing devices, or mobile entertainment devices.

(d)    "Party" means any party to this case.

(e)     "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

**AGREED PROTECTIVE ORDER – PAGE 3**

(b)      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by order of the Court.

(d)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.      **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)      Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)      Patent Prosecution Bar.  Absent the written consent of the Producing Party, any individual who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY –

**AGREED PROTECTIVE ORDER – PAGE 4**

SOURCE CODE" (the "Affected Individual") shall not be involved, directly or indirectly, in patent prosecution activities, including without limitation, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications and/or claims relating to the Field before any foreign or domestic agency, including the United States Patent and Trademark Office (hereafter, "Prosecution Bar").  The Prosecution Bar shall not prevent any Affected Individual from disclosing non-confidential Prior Art or non-confidential discovery or Court filings (including, without limitation, interrogatory responses, contentions, summary judgment briefing, expert reports, and claim construction materials) to an attorney involved in patent prosecution for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government), to assist a patent applicant or patentee in complying with its duty of candor.  "Prior Art" shall be construed in accordance with the meaning given that term in Title 35 of the United States Code, and interpretations thereof provided by the federal judiciary.  These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the Affected Individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)    Secure Storage. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)    Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

**AGREED PROTECTIVE ORDER – PAGE 5**

(e)   <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

(f)   <u>Cross Production of Defendant Confidential Material</u>.  No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.  To avoid disclosure of any Defendant's Protected Material to any other Defendant without the producing Defendant's express prior written consent, Plaintiff shall include, as applicable, one or both of the following notations on the first page of all Court filings, expert reports, discovery requests, and discovery responses containing information that a Defendant has previously designated as Protected Material:  "CONTAINS CONFIDENTIAL INFORMATION OF APPLE INC." and/or "CONTAINS CONFIDENTIAL INFORMATION OF AT&T MOBILITY LLC."  Plaintiff shall provide Defendants' counsel with 24 hours notice when Plaintiff expects to use Defendants' Protected Material in a deposition or oral argument.  Nothing in this paragraph shall prohibit Plaintiff from using, quoting, filing, or describing information that a Defendant has previously designated as Protected Material.

7.   **DESIGNATING PROTECTED MATERIAL**

(a)   <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such

**AGREED PROTECTIVE ORDER – PAGE 6**

designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS'
EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE
CODE."

   (b) <u>Written Discovery and Documents and Tangible Things</u>. Written
discovery, documents (which include "electronically stored information," as that phrase is used
in Federal Rule of Procedure 34), and tangible things that meet the requirements for the
confidentiality designations listed in Paragraph 7(a) may be so designated by placing the
appropriate designation on every page of the written material prior to production.  For digital
files being produced, the Producing Party may mark each viewable page or image with the
appropriate designation, and mark the medium, container, and/or communication in which the
digital files were contained.  In the event that original documents are produced for inspection, the
original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
during the inspection and re-designated, as appropriate during the copying process.

   (c) <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may
designate depositions and other testimony with the appropriate designation by indicating on the
record at the time the testimony is given or by sending written notice of how portions of the
transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the
testimony.  If no indication on the record is made, all information disclosed during a deposition
shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within
which it may be appropriately designated as provided for herein has passed.  Any Party that
wishes to disclose the transcript, or information contained therein, may provide written notice of
its intent to treat the transcript as non-confidential, after which time, any Party that wants to
maintain any portion of the transcript as confidential must designate the confidential portions

within fourteen (14) days, or else the transcript may be treated as non-confidential.   Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.   In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.   In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."   Counsel for any Producing Party shall have the right to exclude from oral depositions (other than the deponent, deponent's counsel, the reporter and videographer (if any)) any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.   Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A   Producing   Party   may   designate   Discovery   Material   as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of any competitor of a Party in the Field ("Competitor in the Field"), nor anticipated at the time of retention to become an officer, director or employee of a Party or of any Competitor in the Field; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.  Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material produced by another Defendant in this matter, and Plaintiff shall follow the provisions of in paragraph 6(f), *supra*, to assist in complying with this provision.

**AGREED PROTECTIVE ORDER – PAGE 9**

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

9.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, non-public pricing information or the basis therefor, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or

marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity or similarly implicating privacy concerns.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel who are not competitive decision-makers on behalf of a Party or a competitor of a Party in the Field (hereafter, "CDM in Field"), and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     With respect to Discovery Material produced by the Plaintiff, not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of any Competitor in the Field, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of any Competitor in the Field; (c) such expert or consultant is not a CDM in Field; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as

set forth in Paragraph 12 below; without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material produced by another Defendant in this matter, and Plaintiff shall follow the provisions of in paragraph 6(f), *supra*, to assist in complying with this provision.

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)    Any other person with the prior written consent of the Producing Party.

(c)    For avoidance of doubt, nothing in this provision relating to competitive decision-makers shall change the burdens and analysis (including balancing of potential risk and harms in the event an individual is found to be a competitive decision-maker) that apply pursuant to applicable case law if a Producing Party seeks relief on the basis of an individual being a CDM in Field.

**AGREED PROTECTIVE ORDER – PAGE 12**

10. <u>**DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"**</u>

(a) To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b) Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i) The Receiving Party's Outside Counsel who are not CDM in Field and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of any Competitor in the Field, nor anticipated at the time of retention to become an officer, director or employee of a Party or of any Competitor in the Field; (c) such expert or consultant is not a CDM in Field; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as

set forth in Paragraph 12 below; without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material produced by another Defendant in this matter, and Plaintiff shall follow the provisions of in paragraph 6(f), *supra*, to assist in complying with this provision.

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)    Any other person with the prior written consent of the Producing Party.

(d)    For avoidance of doubt, nothing in this provision relating to competitive decision-makers shall change the burdens and analysis (including balancing of potential risk and harms in the event an individual is found to be a competitive decision-maker) that apply pursuant to applicable case law if a Producing Party seeks relief on the basis of an individual being a competitive decision-maker on behalf of a Party or a CDM in Field.

11.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)    Any Source Code that is produced by Plaintiff will be made available for inspection in electronic, non-archived format at the Los Angeles office of its outside counsel, Irell & Manella LLP, or any other location mutually agreed to by the Parties.  Any Source Code that is produced by Apple Inc. or AT&T Mobility LLC will be made available for inspection in

electronic, non-archived format at the Palo Alto office of its outside counsel, Gibson, Dunn & Crutcher LLP, or any other location mutually agreed to by the Parties.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (*i.e.*, weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Within forty-five (45) days after the terms of this Protective Order have been agreed by the parties or ordered by the Court (whichever comes first), each party producing Source Code shall make available, pursuant to the terms herein, an initial production of Source Code and change logs responsive to the Receiving Party's requests for production (subject to any objections and agreements by the Parties regarding scope of production).  Prior to the inspection of any additional Source Code identified with particularity through meet-and-confer efforts, the Receiving Party shall provide twenty (20) days notice of the additional Source Code that it wishes to inspect.  The Receiving Party shall provide five (5) days notice prior to any subsequent inspections of Source Code previously produced for inspection.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on at least two secured, stand-alone computers (running a reasonably current version of the Microsoft Windows operating system) without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code

**AGREED PROTECTIVE ORDER – PAGE 15**

is provided for inspection (the "Source Code Computers" in the "Source Code Review Room").

The Producing Party shall install tools that are sufficient for viewing and searching the code

produced, on the platform produced, if such tools exist and are presently used in the ordinary

course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts

may request that commercially available software tools for viewing and searching Source Code

be installed on the Source Code Computers, provided, however, that (a) the Receiving Party

possesses an appropriate license to such software tools; (b) the Producing Party approves such

software tools; and (c) such other software tools are reasonably necessary for the Receiving Party

to perform its review of the Source Code consistent with all of the protections herein.  The

Receiving Party must provide the Producing Party with the CD or DVD containing such licensed

software tool(s) at least five (5) days in advance of the date upon which the Receiving Party

wishes to have the additional software tools available for use on the Source Code Computers.

(ii)    The Producing Party will provide a listing of the source code

related files located on the stand-alone computer.  To the extent the Producing Party maintains

such information in the ordinary course of business, the Producing Party will provide, for each

file, the version number, whether it has been publicly released, and for which program and

version it was written (e.g., Mobile Safari 1.4).

(iii)    No recordable media or recordable devices, including without

limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs,

DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iv)    The Receiving Party's outside counsel and/or experts shall be

entitled to take notes relating to the Source Code but may not copy the Source Code into the

notes and may not take such notes electronically on the Source Code Computers itself or any other computer.

(v)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(vi)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall equip the Source Code Computers with one or more laser printers with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code as necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computers, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted as necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party. Within five (5) days, the Producing Party shall either (i) provide one copy set of such pages to the

Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party must make a motion for a protective order objecting that the printed portions are excessive and/or not done for a permitted purpose.  However, the burden shall be on the Receiving Party to demonstrate that such printed portions are not excessive nor more than is reasonably necessary for a permitted purpose.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vii)   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(viii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall treat any items left in the room following each inspection session as if they were Produced Privileged Material in accordance with Paragraph 16 of this Order.

(ix)    Other than as provided in this Order, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computers including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(x)    The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(vi), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon five (5) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(xi)    The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(xii)    The Producing Party and the Receiving Party may agree in one or more written side agreement(s) to additional, specific terms governing the treatment of Source Code to the extent such terms are not inconsistent with the terms of this Order.  Either the Producing Party or the Receiving Party may seek enforcement of the terms of such side agreement(s) as if those terms were set forth in this Order.

(xiii)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer in good faith as to how to make such a filing while protecting the confidentiality of the Source Code, and such Source Code shall not be filed absent either the agreement from the Producing Party that the confidentiality protections will be adequate or a Court order authorizing the filing.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled

"CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

12.  **NOTICE OF DISCLOSURE**

(a)  Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships in the past seven (7) years, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last four (4) years.  Said written notice shall include an identification of any individual or entity with or for whom the Person is employed or to whom the Person provides consulting services relating to the design, development, operation, or patenting of devices in the Field.  The party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party within 10 days of the receipt of the disclosure of the Person ("Additional Information") for the Producing Party to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of devices in the Field.

(b)      The Producing Party may object in writing to the Person for good cause within a limited period of time after the disclosure of the Person (the "Objection Period").  The Objection Period shall normally last ten (10) days after the receipt of the disclosure of the Person.  However, if the Producing Party has requested Additional Information about the Person, as described in Paragraph 12(a), the Objection Period shall last until the longer of:  five (5) days after receipt of the Additional Information or ten (10) days after receipt of the disclosure of the Person.  In the absence of an objection at the end of the Objection Period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of the Objection Period.  If the Producing Party objects to disclosure to the Person within such Objection Period, the Parties shall meet and confer via telephone or in person within six (6) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)      For purposes of objecting and meeting and conferring under this section, any Producing Party's objection to a Person for good cause shall be based on an objectively reasonable belief that such objection is consistent with applicable law of the Third Circuit, and shall be supported by communication sufficient to specify the basis for the objection.

(d)      Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and the executed copy of Exhibit A must be served on all Parties.

**AGREED PROTECTIVE ORDER – PAGE 22**

(e)      An initial failure to object to a Person under this paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person based on: (1) a change in such Person's employment or consulting relationships with a Competitor in the Field; or (2) the Producing Party's discovery of information that was previously undisclosed and not reasonably discoverable at the time of the disclosure of the Person, which gives rise to good cause to object to the such Person's continued access to Protected Material.  If an objection is made, the Parties shall meet and confer within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet-and-confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the objection.  If a later objection is made, no further Protected Material shall be disclosed to such Person until the Court resolves the matter or the Producing Party withdraws the objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) days after the meet-and-confer, further Protected Material may thereafter be provided to the Person.

## 13.      **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)      A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)      Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently

**AGREED PROTECTIVE ORDER – PAGE 23**

designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.   **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to

move for a protective order regarding the production of Protected Materials implicated by the subpoena.

### 15. **FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)    Any Party is authorized in accordance with Local Rule 5.1.3 to file under seal with the Court any brief, pertinent document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

### 16. **PRODUCED PRIVILEGED MATERIAL**

(a)    The production of documents and things over which a party later asserts a claim of privilege or protection from discovery, including but not limited to the attorney-client privilege, work product privilege, and/or settlement privilege ("Produced Privileged Material") will not be deemed to waive any applicable privileges or protections.  If a receiving party receives documents or things that the receiving party believes may be Produced Privileged Material, it shall notify the producing party promptly after it is discovered that the Protected Material may have been inadvertently or unintentionally produced.

(b)    A party or non-party may request the return of any Produced Privileged Material and all copies thereof as soon as practicable after discovering that the Produced Privileged Material was produced and is privileged or otherwise protected from discovery, except for any pages containing privileged markings by the Receiving Party, which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.  A request for the

**AGREED PROTECTIVE ORDER – PAGE 25**

return of any Produced Privileged Material shall identify the documents or things produced and the basis for withholding such documents or things from production.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the Produced Privileged Material and such other information as is reasonably necessary to identify the Produced Privileged Material and describe its nature to the Court in any motion to compel production of the Produced Privileged Material.

17.   **<u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within seven (7) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the Protected Material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality

designation for the Protected Material, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding   the   above,   a   subsequent   designation   of "CONFIDENTIAL,"   "CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY"   or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward   basis   and   shall   not   disqualify   any   Affected   Individual   who   reviewed "CONFIDENTIAL,"   "CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY"   or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials   were   not   marked   "CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY"   or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals. Notwithstanding this provision, no party shall be required to return or destroy any Protected Material that may exist on any disaster recovery backup system.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.  Parties must destroy, but need not return, any materials containing both Source Code and attorney work product.

20.     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Each Party agrees that the provisions of Federal Rule of Civil Procedure 26(a)-(b), as revised and enacted on December 1, 2010, shall apply to expert disclosures and discovery in this action.  Drafts of reports and declarations of testifying experts, and reports and

other written materials, including drafts, of consulting experts, shall not be discoverable, nor shall communications between or among any Party or its outside counsel of record and its experts be discoverable, except to the extent such information is relied upon by the expert as a basis for the expert's opinions or is specifically identified as discoverable under Rule 26(b).

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)     Nothing in this Protective Order, including Paragraphs 20(a)–(b), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

21.     **<u>MISCELLANEOUS</u>**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for District of Delaware is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

(g)     <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," pursuant to this order shall promptly notify that party of the motion so that the party may have the opportunity to appear and be heard on whether that information should be disclosed.

(h)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for District of Delaware, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for District of Delaware, or the Court's own orders.

**SO ORDERED.**

_____

UNITED STATES DISTRICT JUDGE

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in SoftView LLC v. Apple Inc. et al., United States District Court, District of Delaware, Civil Action No. 1:10-cv-389-LPS.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]

**AGREED PROTECTIVE ORDER – PAGE 32**