**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SOFTVIEW LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.  10-389-LPS |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| APPLE INC., and AT&T MOBILITY LLC | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS APPLE INC.'S AND AT&T MOBILITY LLC'S
OPPOSITION TO PLAINTIFF SOFTVIEW'S
"MOTION FOR LEAVE TO AMEND ITS COMPLAINT TO ASSERT
CLAIMS AGAINST ADDITIONAL INFRINGERS"**

In its motion for leave to amend (D.I. 61-62), Plaintiff and Counter-defendant SoftView

LLC ("SoftView") seeks to join eighteen new entities as defendants and introduce new

infringement claims against more than fifty devices—all based on the "Android" platform, which

has no relation to the currently accused Apple devices.  That SoftView asserts the same two

patents against the newly accused parties and their Android-based devices is not a sufficient

basis to justify joining the manufacturers of different accused devices in a single suit.  *See, e.g.*,

*Philips Elec. N.A. Corp. v. Contec Corp*., 220 F.R.D. 415, 417-18 (D. Del. 2004) (granting

motion to sever before trial; holding an allegation that separate parties "infringed the same

patents" to be "an insufficient basis to join unrelated parties as defendants in the same lawsuit"

under Rule 20).  Accordingly, Defendants Apple Inc. ("Apple") and AT&T Mobility LLC

("ATTM") hereby oppose SoftView's motion for leave to amend, absent accommodations for

separate trials.

Denial of SoftView's motion for leave to amend need not adversely impact issues of

judicial economy, as the Court has broad discretion to manage and coordinate any common

aspects of the separate cases.  Here, for example, the case schedules should be coordinated to

allow for combined *Markman* proceedings and common discovery as appropriate.  However,

SoftView should not join the unrelated Android entities and accused devices into the same case

with Apple and ATTM unless the parties will be severed for separate trials.

## STATEMENT OF RELEVANT FACTS

SoftView filed the original Complaint in this case on May 10, 2010 (D.I. 1), accusing

Apple and ATTM of infringing U.S. Patent No. 7,461,353 ("the '353 patent").  The products

accused by SoftView were the Apple iPhone and iPod touch, and more specifically the Safari

Web browser run on the iPhone and iPod touch.  (D.I. 1 at 2-3).

On November 10, 2010, SoftView moved to amend its Complaint to add claims for

infringement of U.S. Patent No. 7,831,926 ("the '926 patent"), which is related to the '353

patent, and to add the Apple iPad to the list of accused products.  (D.I. 19-22).  SoftView made

clear that its infringement allegations were still directed at the Safari Web browser, versions of

which run on all three accused Apple devices (together, the "Apple devices").  (D.I. 27 at 3-5).

Apple and ATTM did not oppose SoftView's motion to file a First Amended Complaint.  The

Court granted SoftView's motion, and SoftView filed its First Amended Complaint on

December 3, 2010.  (D.I. 27).

On April 22, 2011, SoftView filed the instant motion to amend its Complaint again.  (D.I.

61-62).  SoftView seeks to add eighteen new defendants and accusations of infringement against

more than fifty devices, *none* of which runs Apple's proprietary Safari Web browser.  (D.I. 61-1

at 3-8).  SoftView's allegations against these new defendants and devices are based instead on

their use of the Android operating system and Web browser, which is open-source software

developed by Google and others, not by Apple.  *See* putative Second Amended Complaint (D.I.

61-1) at 3-8 (accusing each putative new defendant of selling "devices having the Android Operating System and a Web browser").

## ARGUMENT

Because Rule 20 does not justify adding a slew of new defendants and their different, accused devices to the present action, and because joinder would unfairly prejudice Apple and ATTM at trial, the Court should deny SoftView's motion for leave to amend unless the Court orders that the parties will have separate trials.  If SoftView files a separate action in this Court against the Android entities,[1] then the Court may coordinate pretrial proceedings and deadlines between the two suits, as may be appropriate at that time.

**A.      Rule 20 Does Not Permit Joinder of the Android Entities**

Federal Rule of Civil Procedure 20(a)(2) provides that persons "may be joined in one action as defendants" only if ***both*** of two conditions are met:  first, if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and second, if "(B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

---

[1]  "Android entities" is used herein to refer collectively to the parties SoftView seeks to join, namely: Dell Inc.; HTC Corp.; HTC America, Inc.; Exedea, Inc.; Huawei Technologies Co., Ltd.; Huawei Technologies USA; Huawei Device USA Inc.; Kyocera Corp.; Kyocera Wireless Corp.; LG Electronics, Inc.; LG Electronics USA, Inc.; LG Electronics MobileComm U.S.A, Inc.; Motorola Mobility Inc.; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; Sony Ericsson Mobile Communications AB; and Sony Ericsson Mobile Communications (USA) Inc.

SoftView's putative amended complaint also accuses ATTM of infringement via its sale of devices made by the Android entities.  This claim depends on whether the Android devices infringe, and thus ought to be considered with or after a separate suit regarding Android, rather than in this suit regarding Apple's Safari browser.

Here, SoftView argues both conditions are satisfied because the Apple devices and Android devices are accused of infringing the same patents.  Although that fact may be relevant to condition (B)—for example, there likely would be common questions regarding whether the patents are invalid and unenforceable—it does not satisfy condition (A).  Here, the "transactions or occurrences" giving rise to SoftView's infringement claims are separate and distinct. SoftView's claims against the Android entities arise (in SoftView's own words) from the allegations that each Android defendant "makes, uses, offers to sell, and sells devices having the Android Operating System . . . ."  (D.I. 61-1 at 3-8).  By contrast, the "transactions and occurrences" giving rise to SoftView's claims against Apple and ATTM are (again in SoftView's own words) the "making, using, offering to sell, and selling" of the "iPhone, iPod Touch, and the iPad"—none of which employs the Android Operating System or Web browser. (D.I. 27 at 3).  Those are clearly not "the same…transactions or occurrences," as the devices alleged to infringe are different and unrelated.

SoftView writes that all of its claims do "arise out of the same series of occurrences— namely the infringement of SoftView's '353 and '926 patents" (D.I. 62 at 2).  However, SoftView confuses a *legal* claim (infringement) with the *facts* ("transactions or occurrences") underlying the claim.  By SoftView's flawed logic, a plaintiff who claims to have been injured in two separate slip-and-fall accidents on two separately owned premises may file a single suit against both owners as long as the claims against each owner sound in negligence.  This is not what Rule 20(a) provides.

Indeed, courts in this District have repeatedly rejected the exact argument now advanced by SoftView.  *See, e.g.*, *Philips*, 220 F.R.D. at 417-18 (granting motion to sever before trial; holding allegation that separate parties "infringed the same patents" to be "an insufficient basis

4

to join unrelated parties as defendants in the same lawsuit" under Rule 20); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983) (denying joinder) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction.").

This District is not alone; rather, district courts around the country agree that patentees may not join separate accused products made by separate defendants in a single suit.  *See, e.g.*, *Rudd v. Lux Prods. Corp.*, No. 09-6957, 2011 U.S. Dist. LEXIS 4804, at *9-11 (N.D. Ill. Jan. 12, 2011) (collecting cases) ("This Court follows the prevailing approach of this District and numerous others that have concluded that a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent."); *WIAV Networks, LLC v. 3COM Corp.*, No. c. 10-03448 (WHA),2010 U.S. Dist. LEXIS 110957 (N.D. Cal. Oct. 1, 2010) (denying joinder) ("All in all, plaintiff cannot escape the fact that it is suing unrelated and competing defendants for their own independent acts of patent infringement."); *Golden Scorpio v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009)  ("[A]llegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)."); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); *New Jersey Machine, Inc. v. Alford Indus., Inc.*, No. 89-1879 (JCL), 1991 U.S. Dist. LEXIS 20376, 1991 WL 340196 at *1 (D.N.J. Oct. 7, 1991), *aff'd*, 983 F.2d 1087 (Fed. Cir. 1992) ("Infringement of the same patent by

different machines and parties does not constitute the same transaction or occurrence to justify joinder ….").[2]

The only authority SoftView provides for its view that joinder is appropriate is the unpublished opinion in *SRI International, Inc. v. Internet Security Systems, Inc.*, C.A. No. 04-1199-SLR, 2005 WL 851126 (D. Del. April 13, 2005).  But that opinion did not hold that joinder of unrelated products was *per se* appropriate; it only denied a motion to sever already-joined defendants "at this [early] stage of the proceedings."  *Id.*  Moreover, the *SRI* opinion did not discuss or even acknowledge this District's earlier holdings in *Philips* or *Paine Webber*, or the similar holdings of other district courts, that joinder in these circumstances is *not* appropriate. As shown above, the authorities do not weigh in SoftView's favor.

**B.     Joinder Would Unfairly Prejudice All Defendants at Trial**

Joinder would cause unfair prejudice to the Defendants at trial, at least by confusing the jury.  The Android software, putatively accused by SoftView, has been developed separately from Apple's software, by separate actors.  The implementation of the respective systems—*i.e.*, the facts truly at issue here—may differ in important respects vis-à-vis SoftView's patent claims. Thus, for example, Apple and ATTM may rely on non-infringement arguments regarding Safari that the Android entities do not share, and vice versa.  If SoftView's claims go to trial, each set of defendants will deserve the opportunity to explain their non-infringement positions to a jury

---

[2]  The exception to this broad consensus is a decision in the Eastern District of Texas, which held unrelated defendants properly joined on the theory that "there is a nucleus of operative facts *or law* in the claims against all the defendants."  *Mymail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 457 (E.D. Tex. 2004) (emphasis added).  The *Mymail* decision was misguided, however, because it improperly conflated Rule 20(a)(2)(A) with Rule 20(a)(2)(B)—*i.e.*, as another court has recently explained, the *Mymail* rationale "eviscerates the same transaction or occurrence requirement and makes it indistinguishable from the requirement that there be a common question of law or fact."  *Rudd*, 2011 U.S. Dist. LEXIS 4804, at *8.

without the confusion that would be inherent in a single trial for all defendants.  Denying joinder, by contrast, would not prejudice SoftView.  SoftView's claims against the Android entities are based on different alleged infringing acts, and thus will require different offers of proof regardless of whether there is a single trial or two trials.

## C.      The Court May Achieve Judicial Economy despite Denial of Joinder.

SoftView argues that its motion to amend promotes judicial economy, for example, by ensuring that parties do not "re-argue issues concerning claim construction and validity."  (D.I. 62 at 6).  However, efficiency may be promoted without violating Rule 20 by joining different accused products in a single suit.  If SoftView files a separate suit against the Android entities in this District, the Court may and should exercise its broad discretion to manage its docket to coordinate that suit with this one for certain pre-trial purposes.  *See, e.g.*, *Amado v. Microsoft Corp.*, 517 F. 3d 1353, 1358 (Fed. Cir. 2008) (district courts "are afforded broad discretion to control and manage their dockets").  For example, Apple and ATTM believe it would be appropriate in the cases to set a coordinated discovery schedule and would be willing to consider a coordinated *Markman* proceeding.

## <u>CONCLUSION</u>

For the foregoing reasons, Apple and ATTM respectfully ask the Court to deny SoftView's motion to amend.

Respectfully submitted,

OF COUNSEL:                            POTTER ANDERSON & CORROON LLP

Josh A. Krevitt
GIBSON DUNN & CRUTCHER LLP            By:  /s/ David E. Moore
200 Park Avenue                           Richard L. Horwitz (#2246)
New York, NY  10166-0193                  David E. Moore (#3983)
Tel:  (212) 351-2490                      Hercules Plaza 6th Floor
                                          1313 N. Market Street
Brian Ankenbrandt                         Wilmington, DE  19899
GIBSON DUNN & CRUTCHER LLP                Tel:  (302) 984-6000
1801 California Street                    rhorwitz@potteranderson.com
Denver, CO  80202-2642                    dmoore@potteranderson.com
Tel:  (303) 298-5923

                                      *Attorneys for Defendants Apple Inc. and*
Dated:  May 11, 2011                  *AT&T Mobility LLC*
1012573 / 35692

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 11, 2011, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on May 11, 2011, the attached document was electronically mailed to

the following person(s)

Steven L. Caponi
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE  19801
caponi@blankrome.com

Morgan Chu
Samuel K. Lu
Amir Naini
Craig Johnson
Dorian S. Berger
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
mchu@irell.com
slu@irell.com
anaini@irell.com
cjohnson@irell.com
dberger@irell.com

By:  */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

973077 / 35692