**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SOFTVIEW LLC,<br><br>       Plaintiff and Counterdefendant,<br><br>       vs.<br><br>APPLE INC. and AT&T MOBILITY LLC,<br><br>       Defendants and Counterclaimants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 10-389-LPS |

**PLAINTIFF SOFTVIEW LLC'S REPLY BRIEF IN SUPPORT OF**
**ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT**
**TO ASSERT CLAIMS AGAINST ADDITIONAL INFRINGERS**

                                        Steven L. Caponi (#3484)
                                        BLANK ROME LLP
                                        1201 Market Street, Suite 800
                                        Wilmington, DE  19801
                                        (302) 425-6400
                                        caponi@blankrome.com

                                        Attorneys for Plaintiff
                                        SoftView LLC

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Dorian Berger
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010
mchu@irell.com; slu@irell.com;
anaini@irell.com; dberger@irell.com;
cjohnson@irell.com

May 23, 2011

2429848

TABLE OF CONTENTS

Page

I. INTRODUCTION ..........................................................................................................1

II. IT IS UNDISPUTED THAT COORDINATED PROCEEDINGS FOR ALL ACCUSED INFRINGERS WOULD BE BENEFICIAL .................................1

III. JOINING THE ADDITIONAL INFRINGERS IS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 20(A)..................................................2

    A. SOFTVIEW'S READING OF RULE 20(A) HAS STRONG SUPPORT IN RECENT CASELAW............................................................3

    B. DEFENDANTS' CASES ARE INAPPOSITE HERE.................................5

IV. DEFENDANTS' CONCERN ABOUT UNFAIR PREJUDICE AT TRIAL HAS NO FACTUAL SUPPORT................................................................................7

V. CONCLUSION.............................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alford Safety Servs., Inc. v. Hot-Hed, Inc.*,
    No. 10-1319; 2010 U.S. Dist. LEXIS 98152 (E.D. La. 2010) ................................. 3, 5

*Dougherty v. Mieczkowski*,
    661 F. Supp. 267 (D. Del. 1987) ............................................................................... 1

*DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. All Gen. Lines Ins., LLC*,
    No. 10-02126-JAR-JPO, 2010 U.S. Dist. LEXIS 119873
    (D. Kan. Nov. 10, 2010) ............................................................................................ 5

*Hopewell Culture & Design, LLC v. Adobe Systems Inc.*,
    No. 2:10-cv-00586-DF-CE (E.D. Tex. filed Dec. 22, 2010) ...................................... 2

*Hybrid Audio LLC v. High Tech Computer Corp. a/k/a HTC Corp.*,
    No. 6:11-cv-00195-LED (E.D. Tex. filed April 19, 2011) ......................................... 2

*In re: Elrod Holdings Corp.*,
    385 B.R. 806 (Bankr. D. Del. 2008) .......................................................................... 4

*Multimedia Patent Trust v. Apple Inc.*,
    No. 3:10-cv-02618-H-CAB (S.D. Cal. filed Dec. 20 2010) ...................................... 2

*Mymail, Ltd. v. Am. Online, Inc.*,
    223 F.R.D. 455 (E.D. Tex. 2004) ................................................................. 4, 5, 7, 8

*N.J. Mach., Inc. v. Alford Indus. Inc.*,
    No. 89-1879 (JCL), 1991 U.S. Dist. LEXIS 20376 (D.N.J. 1991) ...................... 3, 5, 6

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce,*
    *Fenner & Smith, Inc.*,
    564 F. Supp. 1358 (D. Del. 1983) ...................................................................... 3, 5, 6

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
    220 F.R.D. 415 (D. Del. 2004) .......................................................................... passim

*SRI Int'l, Inc. v. Internet Security Sys., Inc.*,
    No. Civ. 04-1199-SLR, 2005 WL 851126 (D. Del. April 13, 2005) ............... 1, 3, 4, 5

*St. Clair Intellectual Property Consultants Inc. v. Apple Inc.*,
    No. 1:10-cv-00982-LPS (D. Del. filed Nov. 16, 2010) ............................................. 2

*Streetspace, Inc. v. Google, Inc.*,
    No. 3:10-cv-01757-LAB-MDD (S.D. Cal. filed Aug. 23, 2010) ............................... 2

**<u>Rules</u>**

Fed. R. Civ. P. 21 ............................................................................................................. 8

Fed. R. Civ. P. 20(a) ................................................................................................. passim

## I. INTRODUCTION

In their opposition to SoftView's motion for leave to amend its complaint to assert claims against additional infringers, Apple Inc. and AT&T Mobility LLC (collectively, "Defendants") seek to gain the benefits of litigating with a number of other defendants against SoftView while also obtaining a ruling on what amounts to a premature motion for separate trials. Defendants do not dispute the value of the judicial efficiencies flowing from the litigation of SoftView's interrelated claims against multiple defendants in a single forum. Instead, Defendants argue that the Additional Infringers should not be joined to this case because it would somehow "violate" Federal Rule of Civil Procedure 20(a) and because joinder could potentially prejudice Defendants at trial. As SoftView explains below, caselaw from numerous districts, including this one, supports joinder of the Additional Infringers because Rule 20(a)'s "same transaction or occurrence" prong is satisfied. Further, Defendants' assertion that joinder would cause "unfair prejudice to the Defendants at trial" is merely a theoretical concern with no foundation in the facts of the case at this stage. Defendants therefore present no reason why SoftView's motion should not be granted.

## II.  IT IS UNDISPUTED THAT COORDINATED PROCEEDINGS FOR ALL ACCUSED INFRINGERS WOULD BE BENEFICIAL

Joining the Additional Infringers to his action would advance the primary purpose of permissive joinder by "promot[ing] trial convenience and expedit[ing] the final determination of disputes, thereby preventing multiple lawsuits." *Dougherty v. Mieczkowski*, 661 F. Supp. 267, 277 (D. Del. 1987); *see also SRI Int'l, Inc. v. Internet Security Sys., Inc.*, No. Civ. 04-1199-SLR, 2005 WL 851126, at *4 (D. Del. April 13, 2005) ("It would be an inefficient use of judicial resources for this court to perform all of these tasks twice."). In this case, there would be substantial overlap of both factual and legal issues in SoftView's litigation against Defendants and against the Additional Infringers, so it

does not make sense to focus – as Defendants do – on the comparatively small amount of differences.

Defendants do not dispute the value of the efficiencies to be gained. Indeed, Defendants urge that the Court "may and **should**" exercise its "broad discretion" to "coordinate [a suit against the Additional Infringers] with this [action]." D.I. 68 at 7 (emphasis added). But Defendants seek to institute a convoluted procedure (to the extent it is described in their brief) in which all defendants would litigate the majority of this action together but then branch off at some point after claim construction, or perhaps at some later stage, for separate trials. Defendants have not established why such a convoluted procedure is necessary in this case.[1] The Court should grant SoftView's motion pursuant to the permissive joinder rules and join the Additional Infringers as defendants in this case.

### III. JOINING THE ADDITIONAL INFRINGERS IS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 20(A)

Defendants argue that the Additional Infringers cannot be joined under Rule 20(a) because SoftView's claims against them do not arise out of "the same transaction, occurrence, or series of transactions or occurrences," as described in Rule 20(a)(2)(A). D.I. 68 at 3. This is incorrect. Under recent case law, claims against separate defendants making substantially similar products, for infringement of the same patents, arise out of the same

---

[1] Apple has been named as a defendant alongside some of the Additional Infringers in numerous other patent infringement cases, including the *St. Clair* case now before this Court in which Apple, Exedea, and HTC, among others, were sued for infringement, but Apple has not moved to sever in any of these cases. *St. Clair Intellectual Property Consultants Inc. v. Apple Inc.*, No. 1:10-cv-00982-LPS (D. Del. filed Nov. 16, 2010) (Apple, Exedea, HTC); *see also Streetspace, Inc. v. Google, Inc.*, No. 3:10-cv-01757-LAB-MDD (S.D. Cal. filed Aug. 23, 2010) (Apple, Nokia); *Multimedia Patent Trust v. Apple Inc.*, No. 3:10-cv-02618-H-CAB (S.D. Cal. filed Dec. 20 2010) (Apple, LG); *Hopewell Culture & Design, LLC v. Adobe Systems Inc.*, No. 2:10-cv-00586-DF-CE (E.D. Tex. filed Dec. 22, 2010) (Apple, HTC, LG, Motorola, Nokia, Samsung); *Hybrid Audio LLC v. High Tech Computer Corp. a/k/a HTC Corp.*, No. 6:11-cv-00195-LED (E.D. Tex. filed April 19, 2011) (Apple, Dell, Exedea, HTC, Motorola, Nokia, Samsung).

series of transactions or occurrences. Further, the cases Defendants cite in support of their narrow reading of Rule 20(a) are distinguishable for the reasons set forth below.

### A.  SoftView's Reading of Rule 20(a) has Strong Support in Recent Caselaw

Defendants suggest that the joinder of the Additional Infringers would somehow be "violating Rule 20." D.I. 68 at 7. But Rule 20 has not been interpreted woodenly to require the complete overlap of legal and factual issues that Defendants insist upon. Courts have relied on this Rule to identify certain criteria, such as the similarity of the accused products and the stage of the proceedings, for the determination of whether new defendants should be joined to a patent infringement case. *See, e.g.*, *N.J. Mach., Inc. v. Alford Indus. Inc.*, No. 89-1879 (JCL), 1991 U.S. Dist. LEXIS 20376, at *5 (D.N.J. 1991) ("[J]oinder of these new and unrelated parties would be inappropriate **at this late stage of the litigation**.") (emphasis added).

Reading the "transaction or occurrence" prong of Rule 20(a) to permit joinder of defendants who make similar products that infringe the same patents is well-supported by the caselaw. *See, e.g.*, *Alford Safety Servs., Inc. v. Hot-Hed, Inc.*, No. 10-1319; 2010 U.S. Dist. LEXIS 98152, at *27 (E.D. La. 2010) ("[T]he majority [of courts] hold the view that joinder is proper in patent infringement suits.").[2]

---

[2] The Delaware authority interpreting Rule 20(a) that SoftView cited in its opening brief is more recent that any Delaware authority cited in Defendants' opposition. *Compare SRI*, 2005 WL 851126 (2005), *with Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415 (D. Del. 2004), *and Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358 (D. Del. 1983).

*SRI* is directly on point, analyzing whether the defendants, which the court described as "competitor[s]," could be joined together under Rule 20(a) in a patent infringement case. 2005 WL 851126, at *2. The court explicitly found that "there [we]re common transactions or occurrences" that made joinder proper. *Id.* at *4. Defendants state that *SRI* "did not discuss or even acknowledge" *Philips*, D.I. 68 at 6, but given the factual dissimilarity between those cases, it is unsurprising that the *SRI* court did not consider *Philips* to be relevant precedent. *See infra* § 3(b).

As discussed in SoftView's opening brief, a court in this District has found Rule 20(a)'s "transaction or occurrence" prong to be satisfied in circumstances similar to this case. *SRI*, 2005 WL 851126, at *4; *see* D.I. 62 at 4-5.  The logic behind *SRI's* reading of Rule 20(a) is articulated in more detail in *Mymail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004).  In *Mymail*, certain defendants argued that they were improperly joined "because the claims against them d[id] not arise out of the same transaction or occurrence or series of occurrences as the other defendants" because the defendants were separate entities that made different products.  *Id.* at 456.  The court carefully considered the "handful of district court cases that purportedly hold acts of infringement by separate defendants do not satisfy the same transaction requirement" and dismissed those cases as having a "hypertechnical" interpretation of Rule 20 that "perhaps fails to recognize the realities of complex, and particularly patent, litigation." *Id.* at 456-57.  The court described the test for Rule 20(a)'s transaction or occurrence requirement to be whether there is "some connection or logical relationship between the various transactions or occurrences," *i.e.*, "some nucleus of operative facts or law."  *Id.* at 456.  The court also warned that the "prospect of inconsistent claim construction favors resolving related patent cases in the same forum when possible." *Id.* at 458.

Defendants dismiss *Mymail* as "misguided" and cite a single opinion from the Northern District of Illinois that criticizes its test.  (D.I. 68 at 6 n.2.)  Defendants fail to mention that numerous courts have quoted and followed *Mymail*. *See, e.g.*, *In re: Elrod Holdings Corp.*, 385 B.R. 806, 812 (Bankr. D. Del. 2008) ("Generally, 'transactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or

occurrences.'"); *Alford Safety*, 2010 U.S. Dist. LEXIS 98152, at *26 ("Even if the designs of each [device] may differ, the underlying issue is the same – patent infringement for the same patents. Thus the reasoning of . . . *Mymail* . . . – namely that patent infringement meets the permissive qualities of the joinder rule – can be applied here."); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. All Gen. Lines Ins., LLC*, No. 10-02126-JAR-JPO, 2010 U.S. Dist. LEXIS 119873, at *21 (D. Kan. Nov. 10, 2010) ("[S]everance would require 'duplic[ative] use of scarce judicial resources,' would risk inconsistency by requiring different courts to review similar contracts and defenses, and would potentially impede judicial efficiency by requiring duplicate pretrial motions practice."). While Defendants seem to view the *SRI*/*Mymail* standard as flatly incompatible with certain other cases, the reality is more nuanced. As described below, Rule 20(a)'s "transaction or occurrence" prong elicits a narrower reading where the proceedings are in an advanced stage, for example, and the prong is less likely to be satisfied where the infringing devices are more dissimilar. *Cf. Mymail*, 223 F.R.D. at 457 (A "hypertechnical" narrow reading of Rule 20(a)'s transaction or occurrence requirement "fails to recognize the realities of complex, and particularly patent, litigation."). As *SRI* and *Mymail* demonstrate, where, as here, an action is in its early stages, permissive joinder of separate defendants who make or sell substantially similar accused devices is appropriate.

**B.     Defendants' Cases are Inapposite Here**

Defendants cite several cases providing dicta that, on its face, seems to support Defendants' narrow reading of Rule 20(a), but the cases are factually dissimilar and not instructive here. *See* D.I. 68 at 4-6.[3] For example, in *Philips Elecs. N. Am. Corp. v. Contec*

---

[3] The court in *Mymail* distinguishes three of the cases Defendants rely upon – *Philips*; *Paine, Webber*; and *New Jersey Machine* – to show that their reasoning does not

*Corp.*, 220 F.R.D. 415, 416-418 (D. Del. 2004), the action was only one month from trial when the judge granted a motion to sever and for separate trials because of concerns that one defendant would be prejudiced from the other defendant's failure to mount a defense.**⁴** Likewise, many of the other cases cited by Defendants in support of their reading of Rule 20(a) were decisions issued at a much later stage in the proceedings than the instant action. *See Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1361 (D. Del. 1983) (joinder decision considered in conjunction with motion for summary judgment); *N.J. Mach.*, 1991 U.S. Dist. LEXIS 20376, at *5 ("[J]oinder of these new and unrelated parties would be inappropriate **at this late stage of the litigation**.").

    The court in *New Jersey Machine* also stated that the "significant[]" reason why the transaction or occurrence prong was not satisfied was that "the plaintiff fails to . . . support any connection or **substantial similarity** between the machines of the proposed defendants and those of the [current] defendants." 1991 U.S. Dist. LEXIS 20376, at *5 (emphasis added). This implies that defendants with similar accused devices may be joined under Rule 20(a). Like the Apple iPhone, iPad and iPod touch, the Android devices made and sold by the Additional Infringers are mobile devices that include Web browsers that display Web pages scaled to fit their screens and allow the user to zoom and pan across the Web pages, all without distorting the layout. This substantial, material similarity makes joinder proper under Rule 20(a).

---

apply to a patent case that is still in the early stages of discovery and involves defendants with substantially similar products. 223 F.R.D. at 457.

    **⁴** As discussed below, *Philips* also fails to support Defendants' all-or-nothing position because the court in that case **granted** the plaintiff's motion for leave to amend its complaint to join additional defendants. 220 F.R.D. at 416. The decision that Defendants cite then granted a motion for separate trials a month before trial was set to begin. *Id.*

### IV. DEFENDANTS' CONCERN ABOUT UNFAIR PREJUDICE AT TRIAL HAS NO FACTUAL SUPPORT

Defendants embed what amounts to a motion for separate trials into their opposition to SoftView's motion to join additional defendants.[5] Defendants base their request for separate trials on a claim that a single trial would cause unfair prejudice by confusing the jury with different non-infringement arguments. D.I. 68 at 6. Even if it is correct that the various defendants will put forth different non-infringement arguments, Defendants do not explain the reasons they believe that "confusion … would be inherent in a single trial" under those circumstances. *Id.* at 7. In fact, Defendants highlight the conjectural nature of their prejudice claim when they state that they "**may** rely on non-infringement arguments … that [the Additional Infringers] do not share, and vice versa." *Id.* at 6 (emphasis added). Discovery is required to determine whether these systems **do differ** in any respects that might necessitate separate trials. *See Mymail*, 223 F.R.D. at 457 ("Here, the parties have not completed fact discovery, and the Court is not in a position to determine whether [certain defendants'] products or methods are substantially similar or dissimilar to the other defendants'"). Because Defendants cannot point to any actual risk of prejudice, Defendants' concern about unfair prejudice at trial rings hollow.

The *Philips* decision is instructive on the issue of prejudice. In *Philips*, the court granted the plaintiff leave to amend its complaint to join additional defendants, including CMT and Hango among others, less than a year after the complaint was filed. 220 F.R.D. at 416. One month before trial, when CMT and Hango were the only remaining defendants, the court granted CMT's motion to sever and for separate trials. *Id.* The court identified

---

[5] Indeed, Defendants indicate that they would consent to SoftView's motion if they were promised a separate trial. D.I. 68 at 2 ("SoftView should not join the unrelated Android entities and accused devices into the same case with Apple and AT&T unless the parties will be severed for separate trials.")

specific reasons why "CMT may be prejudiced if it is required to defend itself in the same trial as Hango." *Id.* at 418. Hango had "chosen to rely solely upon CMT's defenses rather than mount its own defense" and the court expressed concern about the "substantial risk of prejudice to CMT were the jury to believe that CMT is somehow linked to Hango" because Hango "will stand defenseless at trial" allowing for the possibility that "the jury will assume that CMT is liable for patent infringement by association with Hango." *Id.* The court therefore severed the trials against the defendants it had previously joined in the case.

Like the court in *Philips*, this Court should join the Additional Infringers at this stage of the case when substantial efficiencies can be gained by addressing SoftView's claims in a single proceeding. If facts materialize indicating a substantial risk of prejudice at trial, Defendants (or any of the Additional Infringers) are free to make a proper motion at that time. *See Mymail*, 223 F.R.D. at 457 ("When discovery is complete, the Court, upon motion of a party, will determine whether the state of the evidence compels severance of some type under Rule 21.").

To be sure, a substantial risk of prejudice is unlikely to materialize here. First, there is no indication that any of the Additional Infringers would decline to mount their own defenses. Second, there is minimal risk of the juror confusion that troubled the court in *Philips*. The Defendants and Additional Infringers are not obscure corporate entities, but rather mainstream telecommunications companies with brands familiar to the average consumer. Therefore, it is highly unlikely that a jury would mistakenly believe, for example, that any of the Android phone makers are associated with Apple, so Apple would not suffer prejudice from a jury's exposure to the Additional Infringers' infringement.

## V. CONCLUSION

SoftView respectfully requests that the Court grant leave to SoftView to file the Proposed Second Amended Complaint joining the Additional Infringers to this action and adding claims of patent infringement against the Additional Infringers.

/s/ Steven L. Caponi
Steven L. Caponi (I.D. No. 3484)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
caponi@blankrome.com


ATTORNEYS FOR SOFTVIEW LLC

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Dorian Berger
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010
mchu@irell.com; slu@irell.com;
anaini@irell.com; dberger@irell.com;
cjohnson@irell.com


May 23, 2011