

Phone:      (302) 425-6408
Fax:        (302) 425-6464
Email:      Caponi@blankrome.com

June 24, 2011

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark
United States District Court
844 North King Street
Wilmington, Delaware 19801

   Re: <u>SoftView LLC v. Apple Inc. et al., Civil Action No. 10-cv-389-LPS</u>

Dear Judge Stark:

  We write on behalf of Plaintiff SoftView LLC regarding Defendants' renewed request for a reexamination bar. On April 28, 2011, Defendants asked the Court to order a reexamination bar as part of the otherwise agreed Protective Order. (D.I. 64.) SoftView opposed. (D.I. 65.) On May 4, 2011, the Court deferred ruling on Defendants' request for a reexamination bar until a time when reexamination proceedings were initiated and more facts became available. Transcript of Telephone Conference at 16-17, *SoftView v. Apple*, No 10-389-cv-LPS (May 4, 2011). The parties submitted a stipulated Protective Order without a reexamination bar on May 10, 2011, which the Court entered on May 11. (D.I. 67.) Nine days later, on May 20, 2011, Defendant Apple Inc. petitioned the PTO for *inter partes* reexaminations of the two SoftView patents-in-suit. Exs. 1, 2.

  As discussed in SoftView's previous letter to the Court, Defendants "carr[y] the burden of showing good cause" for their requested reexamination bar because they seek to bar activities that would be permitted absent a protective order provision. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010); *see* Fed. R. Civ. P. 26(C). SoftView is not seeking an exemption from an existing prosecution bar for its litigation counsel to participate in reexamination proceedings; rather, Defendants are requesting an expansion of the Protective Order's prosecution bar to include reexamination proceedings. Consequently, Defendants must demonstrate particular factual circumstances that create an unacceptable risk of inadvertent use in the reexamination proceedings, and the Court must balance this risk against the potential harm to SoftView from restrictions on its right to have its counsel of choice. *Deutsche Bank*, 605 F.3d at 1379-80.

  Defendants once again fail to meet their burden of establishing good cause.[1] As discussed in more detail below, Defendants seek to deprive SoftView of the benefit of its litigation counsel's assistance and coordination in defending its patents, despite the fact that the *inter partes* reexaminations are part and parcel of this litigation. Apple has advanced the same prior art and invalidity arguments in reexamination as it has in this litigation, and Apple will be actively involved

---

[1] Defendants have implicitly acknowledged that they bear the burden by filing the opening letter on this issue both times it was brought to the Court's attention. (D.I. 64, 79.)

California • Delaware • Florida • New Jersey • New York • Ohio • Pennsylvania • Texas • Washington, DC • Hong Kong



BLANK ROME llp
COUNSELORS AT LAW

The Honorable Leonard P. Stark
June 24, 2011
Page 2

in the *inter partes* reexaminations over the course of those proceedings. Moreover, there is no real risk of SoftView's litigation counsel strategically narrowing SoftView's patent claims in the reexaminations to read specifically on Apple products, because SoftView has also accused a wide variety of Android devices from numerous manufacturers, which constitute a substantial and growing portion of the total infringement of SoftView's patents.

A key aspect of the factual inquiry is whether the reexamination at issue is "part and parcel of the instant case." *Kenexa Brassring Inc. v. Taleo Corp.*, No. 07-521-SLR, 2009 WL 393782, at *2 (D. Del. Feb. 18, 2009). The clearest example of a reexamination being intimately intertwined with a district court litigation is when, as here, a defendant in the litigation files for *inter partes* reexamination of the plaintiff's patents-in-suit. *Id.* ("[B]ecause defendant filed the request for an *inter partes* reexamination of one of plaintiff's patents-in-suit, the reexamination is 'part and parcel of the instant case.'"). The court in *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 180, 185 (D. Del. 2010), applied the Federal Circuit's *Deutsche Bank* decision to facts that resonate here:

> Plaintiff also has a legitimate interest in formulating a coherent and consistent litigation strategy. While a parallel reexamination proceeding may not formally be part of this litigation, choices made before the PTO nonetheless have consequences in this court. The validity of reexamined and amended claims, for example, will ultimately have to be explained and defended before a jury in this litigation. Trial counsel are better suited to assess claim language to this end than reexamination counsel, who practice before the PTO and do not try cases to a jury. Additionally, because reexamination (especially *inter partes* reexamination) is an increasingly important venue for challenging a patent's validity, preventing trial counsel exposed to defendants' confidential information from fully participating in reexamination proceedings would force plaintiff to split its resources between two fronts of the same war.

The record makes clear that Apple's *inter partes* reexaminations (if the petitions are granted) will be "part and parcel" of this litigation. Apple's petitions focus on the same prior art as its invalidity contentions in this litigation. *Compare* Ex. 3 at 8-18 (Apple's Responses to Interrogatories 1 and 2), *with* Exs. 1-2. Forcing separate, isolated counsel for SoftView to duplicate efforts in responding to Apple's parallel attacks (which appear to be coordinated) would not only impose an unfair and unnecessary burden on a small company like SoftView, but would also deprive SoftView of meaningful coordination of its patent strategy by litigation counsel. As the *Xerox* court observed, it is litigation counsel who is better suited to assess how changes to claim language will play out in a future jury trial. The bar that Defendants seek here would hobble SoftView in its defense of its patents and preparation of the case for trial. No doubt, that is one of Defendants' motivations in seeking the bar.

Apple expresses concern that SoftView will strategically "narrow[ ]" its patent claims to cover Apple devices if SoftView's litigation counsel is allowed to participate in reexamination. *See* D.I. 64 at 3; Transcript of Telephone Conference at 3-4, *SoftView v. Apple*, No 10-389-cv-LPS (May 4, 2011). First, to be clear, this would not happen because the standing Protective Order allows the use of the other parties' confidential information solely for this case and not for any other purpose whatsoever.



**BLANK ROME** LLP
COUNSELORS AT LAW

The Honorable Leonard P. Stark
June 24, 2011
Page 3

Second, SoftView respectfully submits that this is not an instance where litigation counsel would (if such things can be done subconsciously) advise the narrowing of patent claims to target "one particular very large defendant with an awful lot of infringing activity" and only forgo infringement claims in "a number of other smaller infringement cases." Transcript of Telephone Conference at 18, *SoftView v. Apple*, No 389-cv-LPS (May 4, 2011). Rather, it is in SoftView's interest to maintain the scope in its patent claims because they read on technologies found in both Apple and Android-based devices.

SoftView has sought leave to amend its complaint in this action to join 18 new Defendants (all makers and distributors of Android-based mobile devices) and named, without limitation, 63 new Android-based mobile devices as accused products. (D.I. 61.) The new Defendants and products are:

| **HTC** | **Huawei** | **Motorola** | **Samsung** |
|---|---|---|---|
| ●Aria | ●Ascend | ●il | ●Acclaim |
| ●Desire | ●IDEOS | ●Atrix | ●Behold |
| ●Dream | ●M860 | ●Backflip | ●Captivate |
| ●Eris | ●Comet | ●Bionic | ●Continuum |
| ●EVO | | ●Bravo | ●Epic |
| ●Hero | **Kyocera** | ●Charm | ●Fascinate |
| ●Incredible | ●Echo | ●Citrus | ●Galaxy |
| ●Inspire | ●Zio | ●CLIQ | ●Gem |
| ●G1 | | ●Defy | ●i5500 |
| ●G2 | **LG** | ●Devour | ●Intercept |
| ●Legend | ●Ally | ●Droid | ●Mesmerize |
| ●Magic | ●Apex | ●FlipOut | ●Moment |
| ●MyTouch | ●Axis | ●FlipSide | ●Nexus |
| ●Nexus | ●Eve | ●Zoom | ●Spica |
| ●Tatoo | ●GW620 | | ●Teos |
| ●Thunderbolt | ●Optimus | **Dell** | |
| ●Shift | ●Vortex | ● Streak | **Sony Ericsson** |
| ●Wildfire | | ● Venue | ●Xperia |

The Android-based segment of the mobile phone market is substantial and growing. Apple admits that "[t]he mobile communications and media device industries are highly competitive and include several large, well-funded and experienced participants" and that many of Apple's competitors have "significantly greater . . . product breadth" than Apple. Ex. 4 at 7, 12 (Apple's 2010 10-K filing). SoftView would be ill-advised to target Apple devices by narrowing claims when a substantial portion of infringing activity is due to a wide variety of Android devices.

Defendants have failed to show the requisite good cause for their requested reexamination bar. The *inter partes* reexamination requests filed by Apple, if granted, will be "part and parcel" of this litigation, so SoftView should not be deprived of the insight, experience and coordination of its litigation counsel before the PTO. SoftView is prohibited by the standing Protective Order from using Defendants' confidential information during reexamination proceedings, and it has no incentive that would pose a risk of inadvertent use in strategic narrowing of patent claims so that they are tailored to Apple's products. The Court should therefore decline to bar the participation of SoftView's litigation counsel in the defense of SoftView's patents in reexamination.



BLANK ROME llp
COUNSELORS AT LAW

Sincerely,

*/s/ Steven Caponi*

Steven Caponi
(DE No. 3484)

cc: All Counsel of Record