# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTVIEW LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 10-389-LPS |
| | ) |
| v. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| APPLE INC., and AT&T MOBILITY LLC | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |

## LETTER TO THE HONORABLE LEONARD P. STARK
## FROM RICHARD L. HORWITZ

Enclosure
cc: Clerk of the Court (via hand delivery)
    Counsel of Record (via electronic mail)

Dated: September 1, 2011
Public Version Dated: September 9, 2011
1026951 / 35692

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Apple Inc. and
AT&T Mobility LLC*



Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

September 1, 2011; Public Version Dated: September 9, 2011

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE 19801

**PUBLIC VERSION**

Re: <u>SoftView LLC v. Apple Inc., et al.</u>, (C.A. No. 10-389-LPS)

Dear Judge Stark:

    Pursuant to the Court's Procedures for Discovery Matters, Defendant Apple Inc. opposes Plaintiff SoftView LLC's motion to compel Apple to produce documents from seven additional Apple employees. As explained below, these employees are highly unlikely to have relevant documents or documents likely to lead to the discovery of admissible evidence, and SoftView's arguments in favor of its request clearly indicate that SoftView's interest in these custodians is outside the scope of this litigation. As such, there is no reason to require Apple to incur the considerable effort and expense of collecting, reviewing and producing documents from seven employees in addition to the seventeen employees and five servers from which it has either already produced or will be producing documents, and the source code it has made available in this litigation.

    As SoftView's own pleadings and infringement contentions make clear, this case is about one and only one of the myriad features of the iPhone, iPad, and iPod touch (the "Accused Devices")—namely, the way in which the web browser on these devices allows users to zoom and pan HTML (Web) content.[1] The claims asserted by SoftView—from patents both entitled "Scalable Display of Internet Content on Mobile Devices"—recite a specific process for translating web content into a different format that can be easily zoomed and panned. Thus the question of infringement in this case boils down to whether Apple's "Mobile Safari" web browser uses this process. *See, e.g.*, Ex. 1 (SoftView's Response to Interrogatory No. 1, Exhibit A at pp. 6, 31, 53, 68, 89, 94, 108, 126, 141 ("The browser interface on all models of the iPhone is Mobile Safari.")). Apple has produced the relevant technical documents bearing on this question, ████████████████████████████████████████████████████ Apple has also produced documents relevant to webpage rendering, even if not specifically about the panning or zooming features in dispute.

---

[1]     Apple disagrees with many of the characterizations made in SoftView's Letter to the Court regarding the purported invention of the asserted patents and Mobile Safari, but to the extent they are not relevant to the disposition of this motion, Apple will not dispute them here.

The Honorable Leonard P. Stark
September 1, 2011; Public Version Dated: September 9, 2011
Page 2

SoftView's arguments incorrectly imply that Apple's investigation of its own employees was solely in response to SoftView's demands. To the contrary, Apple conducted a thorough investigation of the sources – both employees and shared resources – most likely to have information relevant to this litigation, beginning well in advance of receiving SoftView's First Set of RFPs. Apple interviewed many employees, including each of the employees identified by SoftView in its RFP No. 8, but certainly not only those employees. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[2] To date, Apple has produced nearly 10,000 documents and has made available for inspection relevant source code for over two months.

SoftView's requests for documents and document custodians, however, are far broader than the actual technology at issue in this case. For example, SoftView seeks documents relating to how applications *other than the accused Mobile Safari web browser* implement panning or zooming on the Accused Devices, even though the patent claims asserted by SoftView are all limited to the context of a web browser. Similarly, SoftView seeks documents relating to features of the Mobile Safari browser that have nothing to do with the accused technology, as well as documents related to the Safari browser (which runs on desktop computers, not on the Accused Devices). These requests are plainly beyond the scope of this litigation.

The overbreadth of SoftView's requests is apparent from the face of its RFP No. 8, which requests "[a]ll DOCUMENTS created or revised by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Each of the software components identified in this request has many features and functions in addition to, and separate from, the accused technology—to the extent they are involved in the accused technology at all. For example, WebKit is an open source rendering engine used by many web browsers on many platforms, and iOS is the entire operating system for the iPhone, iPad and iPod touch. Similarly, employees who work on these components may spend their time developing features or functions, or writing code, that provide no information relating to rendering, display, panning or zooming web pages. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The Honorable Leonard P. Stark
September 1, 2011; Public Version Dated: September 9, 2011
Page 3

███████████████████████████████████████████████████████

Because these employees work on other, unrelated projects now, and because they transitioned their responsibilities to other individuals whose documents Apple produced, they were not identified by Apple as most likely to have relevant documents. Nevertheless, Apple was willing to accommodate SoftView's request with respect to these three employees because it seemed at least somewhat likely that they would have relevant documents.

In contrast, the seven employees identified by SoftView are highly *unlikely* to have relevant documents. ███████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████ SoftView never explained how or why it identified these individuals in RFP No. 8, and instead pointed to one or two documents produced by Apple that mention the employee or include the employee in correspondence, none of which indicate that the employee is likely to have relevant documents, as Apple has explained to SoftView. *See id.*

Furthermore, SoftView has failed to identify any information missing from Apple's production that would warrant the collection of documents from *any* additional sources, much less the seven demanded by SoftView. SoftView criticizes Apple's methodology instead of identifying what relevant information it expects these employees to have that is missing from Apple's production. ███████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████. In all, SoftView has yet to provide a reasonable basis to justify the collection, review and production of documents from seven additional employees who do not work directly on the accused feature of the Mobile Safari web browser on the Accused Devices.

Respectfully,

/s/ Richard L. Horwitz

Richard L. Horwitz

RLH/nmt/1026951 / 35692

Enclosure
cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)