# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SOFTVIEW LLC,                          :
                                       :
                    Plaintiff,         :
                                       :
         v.                            :         Civil Action No. 10-389-LPS
                                       :
APPLE INC., and AT&T MOBILITY LLC,     :
                                       :
                    Defendants.        :

## <u>MEMORANDUM ORDER</u>

At Wilmington this **30th** day of **September 2011**:

**IT IS HEREBY ORDERED** that:

1.      Pending before the Court is Plaintiff Softview LLC's ("Softview") Motion

for Leave to Amend its Complaint to Assert Claims Against Additional Infringers.  (D.I. 61)

("Motion to Amend")  By its Motion to Amend, Softview seeks to add to this case allegations of

infringement of the same patents-in-suit against additional defendants.  Having reviewed the

parties' filings, the Motion to Amend is **GRANTED**.  Softview's Motion to Amend is timely

under the Scheduling Order (D.I. 57 ¶ 2), the requirements for permissive joinder are satisfied,

*see* Fed. R. Civ. Proc. 20 & 21, and the proposed addition of additional defendants will promote

judicial economy.  Defendants' opposition largely consists of concern about jury confusion as

between Defendants' products (i.e., Apple devices using Apple's proprietary Safari web browser)

and the products of the additional defendants which Softview is adding to the case (i.e., devices

using the open-source Android platform developed by Google).  Under the circumstances, it

would be premature for the Court to decide the issue of separate trials at this time.  *See* Fed. R.

Civ. Proc. 20(b), 42(b).  Any party is free to present a request for separate trials at any time up to

the date of the final pre-trial conference.  The concerns raised by Defendants do not present

sufficient reason to deny Softview leave to amend its complaint as requested.

        2.      Also pending before the Court is Softview's Motion to Dismiss and Strike

Defendant Apple Inc.'s and Defendant AT&T Mobility LLC's Inequitable Conduct Defenses.

(D.I. 37) ("Motion to Strike")  Defendants oppose the Motion to Strike and request that it be

denied; in the alternative, Defendants request leave to amend their pleadings, contending that

their proposed amendment eliminates any purported deficiency identified by Softview.  (D.I. 45

at 1-2, 11-13 & Ex. A)  Having reviewed the parties' filings, the Motion to Strike is **GRANTED**.

Defendants' original and proposed amended pleadings fail to adequately allege scienter.  *See*

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009) (stating

inequitable conduct pleading must allege facts "giv[ing] rise to a reasonable inference of scienter,

including both (1) knowledge of the withheld material information or of the falsity of the

material misrepresentation, and (2) specific intent to deceive the PTO").  Defendants' theory is

based on a mere disagreement with Softview's prosecution counsel as to whether certain

amendments impermissibly added "new matter" as well as the relative timing of those

amendments and Defendants' introduction of the accused Apple iPhone.  (D.I. 45 at 1, 4-6)  This

disagreement does not give rise to a reasonable inference that prosecution counsel *knew* he was

amending to add new matter and *intended to deceive* the PTO of this fact.  *See generally*

*Astrazeneca Pharm. LP v. Teva Pharm. USA, Inc.*, 583 F.3d 766, 770 (Fed. Cir. 2009) ("Intent to

deceive cannot be inferred from a high degree of materiality alone, but must be separately proved

to establish unenforceability due to inequitable conduct.").  Accordingly, the proposed

amendment is futile, as it fails to state an affirmative defense for invalidity of the patents-in-suit due to inequitable conduct on which relief could be granted.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

_____
UNITED STATES DISTRICT JUDGE