# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTVIEW LLC, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>APPLE INC., and AT&T MOBILITY LLC )<br>)<br>  Defendants. ) | C.A. No. 10-389-LPS<br><br>**DEMAND FOR JURY TRIAL** |

### DEFENDANTS APPLE INC.'S AND AT&T MOBILITY LLC'S
### MOTION FOR RECONSIDERATION
### REGARDING PLAINTIFF SOFTVIEW'S
### "MOTION FOR LEAVE TO AMEND ITS COMPLAINT TO ASSERT
### CLAIMS AGAINST ADDITIONAL INFRINGERS"

Pursuant to Local Rule 7.1.5(a) and Fed. R. Civ. P. 59(e) and 60(b)(6), Defendants Apple Inc. ("Apple") and AT&T Mobility LLC ("AT&T") hereby respectfully request reconsideration of the Court's September 30, 2011 Order granting Plaintiff SoftView LLC's motion to amend its complaint to add parties and accused devices utilizing Android software. (D.I. 106 at 1, granting motion made at D.I. 61).[1]

This motion for reconsideration is based upon new authorities regarding the requirements for permissive joinder under Fed. R. Civ. P. 20(a)(2)(A)—including authority that abrogates the very cases on which SoftView's motion rested. Defendants respectfully ask the Court to consider these new authorities, to reconsider its Order of September 30, 2011, and to deny SoftView's motion on the ground that SoftView has not met the requirement for permissive joinder set forth in Rule 20(a)(2)(A).

---

[1] Counsel conferred regarding this Motion; Softview will oppose.

## LEGAL STANDARDS

A motion for reconsideration under Local Rule 7.1.5 is the functional equivalent of a motion to alter or amend under Fed. R. Civ. P 59(e), and the decision to grant reconsideration is within the discretion of the Court. *New Castle Cnty. v. Hartford Accident & Indem. Co.*, 933 F.2d 1162, 1176-77 (3d Cir. 1991), *abrogated on other grounds by Northern Ins. Co. of NY. v. Aardvark Assocs., Inc.*, 942 F.2d 189 (3d Cir. 1991); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). There are three possible grounds for a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Here, this motion is based on intervening authorities regarding joinder under Rule 20(a)(2)(A), including Congressional action abrogating the very opinions relied on by SoftView, and on the need to correct a clear error of law regarding joinder.

## ARGUMENT

**A.     SoftView's Motion to Amend Hinges on Rule 20(a)(2)(A) Regarding Joinder**

As discussed in the parties' original briefing, the central issue in dispute regarding SoftView's motion is whether SoftView may satisfy the requirement for joinder set out in Fed. R. Civ. P. 20(a)(2)(A)—namely, that "any right to relief is asserted against [Apple, AT&T, and the putative additional parties] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"—by alleging that SoftView seeks "to assert the same two patents against [the putative additional parties] that SoftView has asserted against Apple and AT&T." *See* SoftView's brief (D.I. 62) at 5.

Defendants, in their brief opposing the motion, explained that the answer is no. The "transactions or occurrences" giving rise to SoftView's putative claims against Android devices are not the same as those giving rise to SoftView's existing claims against Apple's iOS devices, and the allegation that different parties infringe the same patents does not satisfy Rule 20(a)(2)(A). *See* Defendants' brief (D.I. 68) at 4.

Defendants supported their position with citations to decisions on point by district courts across the country, including C.A. No. 09-cv-6957, *Rudd v. Lux Products Corp.*, 2011 WL 148052, at *3 (N.D. Ill. January 12, 2011) (collecting cases for the majority view that "a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent"); *see also Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction.").

SoftView, in its reply brief, relied on cases adopting the minority view that joinder is proper in these circumstances, including *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004), and *Alford Safety Services, Inc. v. Hot-Hed, Inc.*, C.A. No. 10-1319, 2010 WL 3418233 (E.D. La. August 24, 2010). *See, e.g.*, SoftView's reply brief (D.I. 69) at 4-5 (arguing that "numerous courts have quoted and followed *Mymail*").

This Court, in its September 30, 2011 Order granting SoftView's motion to amend, concluded in relevant part that "the requirements for permissive joinder are satisfied, *see* Fed. R. Civ. Proc. 20 & 21." (D.I. 106 at 1). However, in light of the countervailing authorities discussed below, Defendants respectfully request that the Court reconsider this conclusion, rule

instead that the requirements for permissive joinder are *not* satisfied, and deny SoftView's motion accordingly.

**B.     New Authorities Confirm That Rule 20(a)(2)(A) is Not Satisfied Here**

Since the parties completed their briefing on SoftView's motion, new authorities have arisen regarding the very question at issue here—*i.e.*, whether Rule 20(a)(2)(A)'s requirement of a common transaction or occurrence is satisfied where unrelated defendants, based on different acts, are alleged to have infringed the same patent. These authorities support Defendants' argument that joinder is not proper here, and weigh in favor of Defendants' motion for reconsideration.

**1.     Congress Has Clarified its Intent Regarding the Existing Rule 20(a)(2)(A)**

First and foremost, on September 16, 2011, the America Invents Act was signed into law. *See* LEAHY-SMITH AMERICA INVENTS ACT, H.R. 1249, 112th Cong. (2011). This Act amends Chapter 29 of the Patent Act by creating a new Section 299 that addresses joinder for patent cases under Federal Rule of Civil Procedure 20(a), providing in relevant part that "accused infringers may *not* be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 19(d)(1) (emphasis added). While this new section 299 applies to civil actions "commenced on or after the date of the enactment of this Act," the legislative history of the Act makes clear that Congress' intent in enacting section 299 was to clarify the correct application of the existing, unchanged Rule 20(a)(2)(A). Thus the Act supports Defendants' position that joinder is not proper in this case.

Specifically, the House of Representatives explained that new section 299 "*clarifies* that joinder will not be available if based solely on allegations that a defendant has infringed the

4

patent(s) in question." Ex. A (H.R. REP. NO. 112-98, at 54-55 (2011) (emphasis added)). The House further explained that section 299 "legislatively abrogates the construction of Rule 20(a) adopted in *MyMail, Ltd.*, 223 F.R.D. 455 (E.D. Tex. 2004)… [and] *Alford Safety Services, Inc.*, C.A. No. 10-1319, 2010 WL 3418233 (E.D. La. August 24, 2010)…," and "effectively conform[s] these courts' jurisprudence to that followed by a majority of jurisdictions." *Id.* n.61 (citing generally *Rudd*, C.A. No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. January 12, 2011)).

Here, SoftView has relied on exactly these incorrect decisions now abrogated by the America Invents Act, including *MyMail* and *Alford*. *See, e.g.*, SoftView's reply brief (D.I. 69). Defendants, by contrast, have relied on the correct decisions of "the majority of jurisdictions," including the *Rudd* case cited by Congress. *See, e.g.*, Defendants' brief (D.I. 68) at 4-5. Given Congress' express disapproval of the authorities relied on by SoftView, and clarification that the existing, unchanged Rule 20(a) was intended to apply here as Defendants have argued, Defendants respectfully submit that the Court ought to reconsider its September 30, 2011 order, and ought to deny SoftView's motion to amend.

**2.   District Courts Have Continued to Deny Joinder in These Circumstances**

In addition to the legislative history of the America Invents Act, two recent orders of district courts—faced with circumstances remarkably similar to those here—support Defendants' view, consistent with *Philips*, *Rudd*, and the other authorities cited in Defendants' brief, that Rule 20 does not permit joinder here.

First, in *Tierravision*, a case that like this case concerns software applications for mobile devices, the district court recently granted defendants' motion to sever for improper joinder under Rule 20(a)(2)(A). *See* Ex. B (*Tierravision, Inc. v. Research in Motion Ltd.*, No. 11-cv-0639 DMS (BGS), (S.D. Cal. Sept. 16, 2011, Order) (Sabraw, J.)). The plaintiff had filed a

5

single complaint against Research in Motion ("RIM"), Google, and Microsoft, alleging that RIM's BlackBerry Maps application, Google's Map Mobile Application, and Microsoft's Bing Mobile application all infringed the same patent.  In granting the defendants' motion to sever, the court held that Rule 20(a)(2)(A) is *not* satisfied by plaintiff's allegations that "[e]ach Defendant has a mapping software application that uses Tierravision's patented data compression format," "[e]ach Defendant's mapping application infringes, at least, the same two claims of the RE'983 patent," "[e]ach Defendant operates its infringing mapping application via smartphones," and "[e]ach Defendant, upon information and belief, obtains the same mapping data from the same geocoding source." *Id.*

Second, in *Optimum Power Solutions*, the district court denied the plaintiff's motion to file an amended complaint seeking to add five new defendants who allegedly infringed the same patents already asserted in the case—the exact type of motion brought here by SoftView.  *See* Ex C (*Optimum Power Solutions LLC v. Apple Inc.*, No. 11-1509 SI (N.D. Cal. Sept. 20, 2011, Order) (Illston, J.) (stating that the issue was "whether the defendants' acts of infringement of the same patent, albeit in an allegedly similar manner, are sufficient to permit plaintiff to pursue its claims against all ten defendants in a single suit").  In denying the motion, the court explained that "[a]lthough plaintiff asserts that the infringement analysis will not vary from defendant to defendant," joinder is nevertheless improper because "Rule (20)(a) requires both a 'question of law or fact common to all defendants' *and* 'the same transaction, occurrence, or series of transactions or occurrences,'" and "Plaintiff has not, and cannot, made an[y] such claim." *Id.* (emphasis in original).

Here, SoftView's motion suffers from the same flaw as did the patentee's motion in *Optimum Power Solutions* and the patentee's complaint in *Tierravision*, as it is premised on the

6

incorrect view that allegations of infringement necessarily regard "the same transaction, occurrence, or series of transactions or occurrences" if they regard the same asserted patent. *See* SoftView's brief (D.I. 62) at 2 (alleging that "[t]he claims against the Defendants and the Additional Infringers arise out of the same series of occurrences—namely the infringement of SoftView's '353 and '926 patents"). This is exactly the view that has been abrogated by Congress and rejected by the district courts faced most recently with these circumstances, including *Optimum Power Solutions* and *Tierravision*. Indeed, the *Optimum Power Solutions* and *Tierravision* decisions show that joinder is not proper even if the putative defendants are alleged to infringe via similar products that process the same underlying data, or are otherwise alleged to infringe "in an allegedly similar manner." Thus, SoftView ought not be allowed to join the Android entities and devices to this action merely on the ground that they allegedly infringe the same patent, or even that they allegedly infringe in a similar manner or operate on the same or similar Web content.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider the new authorities discussed above, reconsider its September 30, 2011 Order, and deny SoftView's motion to amend.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

| | |
|---|---|
| OF COUNSEL: | By: */s/ David E. Moore* |
| | Richard L. Horwitz (#2246) |
| Josh A. Krevitt | David E. Moore (#3983) |
| Stuart M. Rosenberg | Hercules Plaza 6th Floor |
| GIBSON DUNN & CRUTCHER LLP | 1313 N. Market Street |
| 200 Park Avenue | Wilmington, DE 19899 |
| New York, NY 10166-0193 | Tel: (302) 984-6000 |
| Tel: (212) 351-4000 | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| Dated: October 12, 2011 | *Attorneys for Defendants Apple Inc. and* |
| 1030820 / 35692 | *AT&T Mobility LLC* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

# **CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 12, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on October 12, 2011, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Steven L. Caponi<br>BLANK ROME LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>caponi@blankrome.com | Morgan Chu<br>Samuel K. Lu<br>Amir Naini<br>Craig Johnson<br>Dorian S. Berger<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>mchu@irell.com<br>slu@irell.com<br>anaini@irell.com<br>cjohnson@irell.com<br>dberger@irell.com |

By: */s/ David E. Moore*
  Richard L. Horwitz
  David E. Moore
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, Delaware 19899-0951
  (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com

973077 / 35692