

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302 658-1192  Fax

October 19, 2011

<u>**VIA ELECTRONIC FILING**</u>
The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE  19801

  Re: *SoftView LLC v. Apple Inc., et al.,* **(C.A. No. 10-389-LPS)**

Dear Judge Stark:

  Pursuant to the Court's oral order of September 30, 2011 (D.I. 107) and the one-week extension to respond that the Court granted on October 12, 2011, parties SoftView, LLC ("SoftView"), Apple Inc. ("Apple") and AT&T Mobility LLC ("AT&T") hereby submit their proposals regarding the case schedule.

  <u>SoftView's proposal</u>:  SoftView respectfully submits that its revised proposed scheduling order (attached as Exhibit A) would allow this case to proceed without unnecessary delay and would provide appropriate periods of time for the additional parties to respond to the complaint, participate in claim construction proceedings, and engage in discovery.

  SoftView conferred with Defendants Apple Inc. and AT&T Mobility LLC regarding a revised proposed scheduling order, but Apple and AT&T have taken the position that no scheduling order should be entered until the Court rules upon their recently-filed motion for reconsideration of the Court's Order granting SoftView's motion for leave to amend.  SoftView submits that Apple and AT&T's motion fails to set forth any grounds meriting reconsideration, and SoftView intends to file an opposition.  Apple and AT&T also proposed that, if a scheduling order is entered now, that the order not include actual calendar dates but rather set forth offsets from a to-be-determined date "after all defendants have responded to the Second Amended Complaint."

  SoftView also provided its scheduling proposal to counsel for Defendant Dell Inc. at Dell's request.  Dell did not engage in any discussion of specific scheduling order provisions, but did request that no revised schedule be submitted until an unspecified time in the future, when all defendants have retained counsel, conferred with each other, and contacted SoftView.

  SoftView respectfully requests that the scheduling order attached as Exhibit A be entered and the case not proceed rudderless, as Apple, AT&T and Dell propose, until entry of a revised scheduling order at some indefinite future time..

  <u>Apple and AT&T's proposal</u>:  Apple and AT&T respectfully ask the Court not to adopt SoftView's proposed schedule order at this time, as an appropriate schedule for this case will

The Honorable Leonard P. Stark
October 19, 2011
Page 2

depend on whether the Court grants Apple and AT&T's motion for reconsideration (D.I. 114) of the Court's order allowing SoftView to file its Second Amended Complaint adding the Android entities, and thus whether the Android entities are required to enter appearances and file responsive pleadings in this case. If the Court grants the motion for reconsideration, then Apple and AT&T suggest that the parties make only a brief adjustment in the existing schedule to allow for the time required to consider and rule on the motion for reconsideration. However, if the Court denies the motion for reconsideration, Apple and AT&T respectfully submit that the newly added Android entities should be given an opportunity to make submissions regarding the case schedule. Apple and AT&T conferred with SoftView and requested that SoftView agree to defer scheduling discussions so that they could include the Android entities if necessary, but SoftView refused to do so. SoftView has also refused Dell's request to seek an extension that would allow the Android entities to participate in scheduling discussions. Instead, SoftView has decided to propose a schedule without the input of all parties to the litigation (despite SoftView's insistence on adding 18 new parties to the case), in an apparent effort to gain an advantage over the newly-added defendants by forcing a schedule now, before they have an opportunity to be heard.

Thus, Apple and AT&T respectfully ask the Court to extend the time for the parties to submit a proposed scheduling order until two weeks after either (a) the Court grants Apple and AT&T's motion for reconsideration (leaving only SoftView, Apple, and AT&T as parties to this case), or (2) the Court denies the motion for reconsideration and all defendants named in the Second Amended Complaint have filed responsive pleadings.

Should the Court instead decide to enter a scheduling order now, then Apple and AT&T respectfully ask the Court to adopt the proposed scheduling order filed herewith as Exhibit B, with the dates and terms proposed therein by Apple and AT&T. The dates proposed by Apple and AT&T parallel the dates set by the Court's previous scheduling order of March 17, 2011 (D.I. 57), in that these dates are framed to be approximately the same distance from the pleadings to be filed in response to the Second Amended Complaint as were the Court's previously-set dates from the pleadings filed in response to the First Amended Complaint. Given that the Second Amended Complaint is the first pleading to name the Android entities, Apple and AT&T submit that Exhibit B reflects a more reasonable schedule to start with for all parties than does SoftView's Exhibit A.

Finally, for the Court's convenience in comparing these alternative schedules, a proposed scheduling order containing both SoftView's and Apple/AT&T's alternative proposed dates and terms is filed herewith as Exhibit C.

                Respectfully,

                */s/ David E. Moore*

                David E. Moore

DEM/msb/1010873/35692

cc: Clerk of the Court (via hand delivery)
   Counsel of Record (via electronic mail)