# EXHIBIT A

## **SCHEDULING ORDER**

This ____ day of _____, 2011, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on February 8, 2011, the Court having ordered on September 30, 2011 that the parties confer and submit a revised scheduling order, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

For purposes of this Scheduling Order, "Defendant Groups" are defined as follows:

(1) "Apple/AT&T" means Apple Inc. and AT&T Mobility LLC;

(2) "Dell" means Dell Inc.;

(3) "HTC" means HTC Corp., HTC America, Inc., and Exedea, Inc.;

(4) "Huawai" means Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., and Huawei Device USA Inc.;

(5) "Kyocera" means Kyocera Corp. and Kyocera Wireless Corp.;

(6) "LG" means LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics MobileComm USA, Inc.;

(7) "Motorola" means Motorola Mobility Inc.

(8) "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC;

(9) "Sony Ericsson" means Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc.

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order,

2384016

except no defendant shall be required to make its initial disclosures less than ten (10) days after it responds to the Second Amended Complaint. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before January 20, 2012.

3. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Discovery Cut Off</u>.

All fact discovery shall be initiated so that it will be completed on or before September 14, 2012, and all expert discovery shall be initiated so that it will be completed on or before December 21, 2012.

    b. <u>Document Production</u>. Document production by all parties other than SoftView LLC, Apple Inc. and AT&T Mobility LLC shall be substantially complete by February 10, 2012. Document production by SoftView LLC, Apple Inc. and AT&T Mobility LLC was to be substantially complete by July 20, 2011 under a prior Scheduling Order.

    c. <u>Requests for Admission</u>. Plaintiff may serve a maximum of 300 requests for admission on each Defendant Group, and each Defendant Group may serve a maximum of 300 requests for admission on Plaintiff; provided, however, that Defendants reserve the right to seek additional requests for admission if Plaintiff has not limited the number of asserted claims to a reasonable number, necessitating additional requests for

admission. A reasonable number of additional RFAs are permitted solely to authenticate documents.

        d.    <u>Interrogatories</u>.

            i.    Plaintiff may serve on each Defendant Group a maximum of 25 interrogatories, including contention interrogatories. Each Defendant Group may serve on Plaintiff up to 25 interrogatories, including contention interrogatories.

            ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

        e.    <u>Depositions</u>.

            i.    <u>Limitation on Hours for Deposition Discovery</u>. Plaintiff shall be limited to a total of 300 hours of taking testimony by deposition upon oral examination, provided that Plaintiff shall be limited to a total of 50 hours of deposition (limited to at most 10 depositions) of employees of any single Defendant Group. Defendants collectively shall be limited to a total of 100 hours of taking testimony by deposition upon oral examination of party witnesses (limited to at most 10 depositions of any given party's witnesses). Plaintiff may take up to an additional 100 hours of testimony by deposition of third-party witnesses. Defendants collectively may take up to an additional 100 hours of testimony by deposition of third-party witnesses. The limits on deposition duration provided by Federal Rule of Civil Procedure 30(d)(1) shall apply, except that any named inventor may be deposed for up to a total of fourteen hours by Defendants collectively. Any deponent who testifies in a

language other than English will be considered for purposes of the hours limitation as giving 0.5 hours of testimony for every one hour of examination.

        ii.        <u>Location of Depositions</u>.  The following agreement among the parties shall govern the location of depositions of parties having filed an action in this Court and their representatives: Defendant Apple Inc. or any of its representatives (officer, director, or managing agent) shall be deposed at a place designated within the Northern District of California; Defendant AT&T Mobility LLC or any of its representatives (officer, director, or managing agent) shall be deposed at a place designated within the Western District of Washington or the District of Georgia; and Plaintiff SoftView LLC or any of its representatives (officer, director, or managing agent) shall be deposed at a place designated within the Western District of Washington or the Central District of California.  To the extent any additional party is joined and files a civil action in this district court, the parties agree to confer in good faith to identify one or more district(s) convenient for such party or its representatives to be deposed.  Only if a party or any of its representative witnesses is not available to be deposed within the district(s) designated pursuant to this paragraph, the parties agree that such witness shall submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    f.    <u>Disclosure of Expert Testimony</u>.

        i.        Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before October 5, 2012.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 2,

2012. Reply expert reports from the party with the initial burden of proof are due on or before November 16, 2012. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6.  <u>Courtesy Copies</u>.  The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

7.  <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8.  <u>Interim Status Report</u>.  On July 20, 2012, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

9.  <u>Tutorial Describing the Technology and Matters in Issue</u>.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial.  Any such comment shall be filed no later than the date on which the answering claim construction briefs are due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10.  <u>Claim Construction Issue Identification</u>.  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on April 11, 2012, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need

construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on April 27, 2012. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on May 18, 2012. The parties' answering/responsive briefs shall be contemporaneously submitted on June 15, 2012. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12. <u>Hearing on Claim Construction</u>. Beginning at _____ on July 12, 2012, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before January 11, 2013. Briefing will be presented pursuant to the Court's Local Rules. No case

- 9 -

dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

   14.  <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

                    _____
                    UNITED STATES DISTRICT JUDGE