# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTVIEW LLC, | ) |
| | ) |
| Plaintiff, | )  C.A. No. 10-389-LPS |
| | ) |
| v. | ) |
| | ) |
| APPLE INC.; AT&T MOBILITY LLC; DELL INC.; HTC CORP.; HTC AMERICA, INC.; EXEDEA, INC.; HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI TECHNOLOGIES USA INC.; HUAWEI DEVICE USA INC.; KYOCERA CORP.; KYOCERA WIRELESS CORP.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS MOBILECOMM U.S.A, INC.; MOTOROLA MOBILITY INC.; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.; SONY ERICSSON MOBILE COMMUNICATIONS AB; and SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF SOFTVIEW LLC'S OPPOSITION TO DEFENDANTS APPLE INC. AND AT&T MOBILITY LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING SOFTVIEW'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Defendants Apple Inc. ("Apple") and AT&T Mobility LLC ("AT&T") fail to offer any valid grounds for reconsideration of the Court's September 30, 2011 Order ("Order") granting SoftView's motion for leave to amend its complaint. Apple and AT&T do not point to a clear error in the Order or to an intervening change in controlling law and do not claim that pertinent new evidence is now available. Instead, they express their dissatisfaction with the Court's ruling and ask for reconsideration based on enactment of a new joinder statute that

does not apply to this action and additional district court citations that are cumulative to citations that Apple and AT&T included in its briefing of the original motion for leave.

It is well-settled that "[m]ere dissatisfaction with the Court's ruling is not the basis for . . . reconsideration." *3039 B St. Assocs. v. Lexington Ins. Co.*, No. 09-1079, 2010 U.S. Dist. LEXIS 89533, at *6 (E.D. Pa. Aug. 27, 2010) (quoting *Rock v. Voshell*, No. 05-1468, 2005 U.S. Dist. LEXIS 36942, at *1 (E.D. Pa. Dec. 29, 2005)). The Court should deny the motion for reconsideration.

## I.  LEGAL STANDARD

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010). "Though '[m]otions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants . . . to raise their arguments [again], piece by piece.'" *Dupree*, 617 F.3d at 732-33 (quoting *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)).

In the Third Circuit, a motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis*, 591 F.3d at 669; *see Estate of Godwin v. Smith*, No. 10-531-LPS, 2010 U.S. Dist. LEXIS 136214, at *10 (D. Del. Dec. 23, 2010) (citing *Lazaridis*). Motions under the District of Delaware's Local Rule 7.1.5 "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court.'" *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999) (quoting *Oglesby v. Penn Mutual Life Ins. Co.*, 877 F. Supp. 872 892 (D. Del. 1995)).

This Court has instructed that "motions for reconsideration or reargument are to be granted only sparingly" and "only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Flash Seats, LLC v. Paciolan, Inc.*, No. 07-575-LPS, 2011 U.S. Dist. LEXIS 110476, at *5 (D. Del. Sept. 28, 2011). Indeed, "the legal standards for reconsideration impose a difficult burden on the moving party." *Id.* at *10. Apple and AT&T have not, and cannot, meet that burden here.

## ARGUMENT

### II. APPLE AND AT&T HAVE NOT OFFERED ANY VALID GROUNDS FOR RECONSIDERATION OF THE COURT'S ORDER

Apple and AT&T recite the correct legal standard under *Lazaridis*, but then fail to provide evidence or argument that could satisfy that standard. They claim that their "motion is based on intervening authorities regarding joinder," D.I. 114 at 2, referring to the legislative history of the recently-enacted America Invents Act and two additional district court decisions. But neither the new patent statute nor cumulative district court case law is an intervening change in controlling law, so their "intervening authorities" do not amount to grounds for reconsideration.

Apple and AT&T also refer to a purported "need to correct a clear error of law regarding joinder." *Id.* But instead of showing clear error by the Court, Apple and AT&T proceed to re-argue their position that joinder of unrelated infringers in a patent case is never proper even though, in the cases SoftView cited in its briefing, other courts have granted leave to join additional defendants under similar circumstances. Nowhere in their brief do Apple and AT&T actually assert that the new patent joinder statute constitutes the *retroactive* change in controlling law that they would require to move for reconsideration—and for good reason,

because (as Apple and AT&T admit) the new joinder statute only "applies to civil actions 'commenced on or after the date of the enactment of th[e] Act.'" *Id*. at 4.

To meet their high burden, Apple and AT&T need to support their motion for reconsideration with an actual intervening change in controlling law (not a change in prospective law) or a clear error by the Court (not mere dissatisfaction with the Court's Order). *Lazaridis*, 591 F.3d at 669. AT&T and Apple fail to do so, and the Court should deny the motion.

### A. The America Invents Act's New Joinder Provision and Legislative History do Not Apply Here

In their brief, Apple and AT&T discuss the America Invents Act, with the implication that the new law impacts the joinder of the additional parties in this action. It does not. Indeed, even Apple and AT&T acknowledge that the joinder provision of the Act does not apply here, and instead argue that criticism in the legislative history of district court decisions granting leave to amend should cause this Court to reconsider its determination that permissive joinder is appropriate in this case. *See* D. I. 114 at 4-5.

The Court should reject Apple and AT&T's invitation to convert a new statute that applies only to civil actions commenced on or after the enactment of the Act into an intervening change in controlling law that supports reconsideration of the Order. Indeed, the fact that Congress added a new joinder provision to the statute underscores that, before the new regime under section 299 of the America Invents Act, joinder in patent cases allowed for multi-defendant patent cases under circumstances similar to those in this action. A new joinder provision would be unnecessary if it made no changes to the law.

Far from committing clear error, this Court followed a substantial line of reasoning in its Order. Congress's decision to change the joinder law on a going-forward basis cannot support (and in fact undercuts) Apple's and AT&T's motion for reconsideration.

### B. Citations to District Court Decisions That Supplement Prior Arguments and Citations Do Not Support Reconsideration

Apple and AT&T's citations to additional district court decisions are similarly unavailing. Apple and AT&T admit that these additional cases merely "support Defendants' view, consistent with … authorities cited in Defendants' [original opposition] brief, that Rule 20 does not permit joinder here." D.I. 114 at 5. But a motion for reconsideration is not a mechanism for giving litigants a "second bite at the proverbial apple." *Cohen v. F.D.I.C.*, No. Civ. A. 91-CV-3944, 2003 WL 21419155, at *1 (E.D. Pa. June 19, 2003) (quoting *Bachir v. Transoceanic Cable Ship Co.*, Civ. A. No. 98-4625, 2002 WL 31357699, at *2 (S.D.N.Y. Oct. 17, 2002)).[1] When a motion for reconsideration merely "advance[s] the same arguments" as the underlying briefing, it should be denied.[2] *Lazaridis*, 591. F.3d at 669. The additional citations in Apple's and AT&T's motion for reconsideration offer no new substance and fall far short of demonstrating that this Court committed a clear error of law.

---

[1] If a motion for reconsideration were an opportunity to submit cumulative citations, the Court would also consider recent district court decisions (ignored by Apple and AT&T) *granting* leave to join additional defendants in patent infringement actions. *See*, *e.g.*, *Oasis Research, LLC v. Adrive, LLC*, No. 4:10-CV-435, 2011 U.S. Dist. LEXIS 80623, at *9-10 (E.D. Tex. May 23, 2011) (citing *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 457 (E.D. Tex. 2004)).

[2] Indeed, even if the Apple and AT&T had set forth new arguments in their motion for reconsideration—which they did not—this would not be enough to support their motion. *See, e.g.*, *Dupree*, 617 F.3d at 732 ("Such motions 'are granted for compelling reasons . . . not for addressing arguments that a party should have raised earlier.'") (quoting *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)); *3039 B St. Assocs.*, 2010 U.S. Dist. LEXIS 89533 at *6 ("[N]or can such a motion be used as a means to put forth additional arguments which could have been made but which the party neglected to make.") (quoting *Rock v. Voshell*, No. 05-1468, 2005 U.S. Dist. LEXIS 36942, at *1 (E.D. Pa. Dec. 29, 2005)).

- 6 -

## CONCLUSION

Apple and AT&T's "argument is more accurately characterized as one of disagreement, rather than 'misapprehension.'" *Flash Seats*, 2011 U.S. Dist. LEXIS 110476, at *13. But disagreement with the Court's Order, no matter how ardent, is not a sufficient basis for reconsideration. Apple and AT&T merely offer additional support for arguments they already made and fail to show that the Court committed clear error when it ruled in SoftView's favor. SoftView respectfully requests that this Court deny the motion for reconsideration.

    */s/ Steven L. Caponi*
Steven L. Caponi (I.D. No. 3484)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
caponi@blankrome.com
*Attorneys for SoftView LLC*

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Dorian Berger
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010
mchu@irell.com; slu@irell.com;
anaini@irell.com; dberger@irell.com;
cjohnson@irell.com

Dated: October 26, 2011