IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOFTVIEW LLC,

          PLAINTIFF,

VS.

APPLE INC. ET AL.,

          DEFENDANTS.

C.A. No. 10-389-LPS

## KYOCERA CORP. AND KYOCERA WIRELESS CORP.'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER 35 U.S.C. § 299 and F. R. Civ. P. 21

John C. Phillips, Jr. (No. 110)
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
Tel. (302) 655-4200
Fax (302) 655-4210
jcp@pgslaw.com

Attorneys for Defendants Kyocera Corp. and
Kyocera Wireless Corp.

OF COUNSEL:

Eric C. Cohen
Michael A. Dorfman
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, Illinois 60661
(312) 902-5200
eric.cohen@kattenlaw.com
michael.dorfman@kattenlaw.com

Dated:  November 22, 2011

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................1

II.    NATURE AND STAGE OF THE PROCEEDINGS ..............................................2

III.   SUMMARY OF ARGUMENT ..............................................................................3

IV.   ARGUMENT ...........................................................................................................4

      A.  Section 299 Precludes Joinder.........................................................................4

               1.    The Action Was Commenced Against Kyocera After The Enactment of the America Invents Act .............................4

               2.    The Third Circuit Would Conclude That the Filing of an Amended Complaint Naming a New Defendant "Commences" a New Civil Action..........................................6

      B.   Under F. R. Civ. P. 21, Kyocera Should Be Dismissed From This Action. .............................................................................................................8

V.    CONCLUSION......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*ADC Technology, Inc. v. LG Electronics Mobilecomm USA, Inc.*,
  Slip op. 10-cv-1456 (N.D. Ill. 2010) (copy attached as Ex. 1) ...................................................9

*Asher v. Unarco Material Handling, Inc.*,
  596 F.3d 313 (6th Cir. 2010) ...........................................................................................5

*Braud v. Transp. Serv. Co. of Ill.*,
  445 F.3d 801 (5th Cir. 2006) ...........................................................................................4

*Bravado Intern. Group Merchandising Services v. Cha*,
  2010 WL 2650432 (C.D. Cal. 2010)...............................................................................10

*Coalition for a Sustainable Delta v. U.S. Fish & Wildlife Serv.*,
  2009 WL 3857417, *8 (E.D. Cal. 2009).............................................................................8

*Coughlin v. Rogers*,
  130 F.3d 1348 (9th Cir. 1997) .........................................................................................8

*Dicam, Inc. v. United States Cellular Corp.*,
  Slip op. (N.D. Ill. 2007) ( copy attached as Ex. 2)...........................................................10

*DirecTV, Inc. v. Blahuta*,
  2003 WL 22225585 (N.D. Ill. 2003) .............................................................................10

*DIRECTV, Inc. v. Leto*,
  467 F.3d 842 (3d Cir.2006)..............................................................................................9

*EIT Holdings LLC v. YelpA, Inc.*,
  2011 WL 2102820 (N.D. Cal. 2011) ..............................................................................10

*Estate of Grier ex rel. Grier v. Univ. of Pennsylvania Health Sys.*,
  No. 07-4224, 2009 WL 1652168 (E.D. Pa. June 11, 2009).................................................6

*Farina v. Nokia Inc.*,
  625 F.3d 97 (3d Cir. 2010).........................................................................................6-8

*Giovanelli v. D. Simmons Gen. Contracting*,
  No. 09-1082 (NLH)(AMD), 2010 WL 988544 (D.N.J. Mar. 15, 2010)..................................5

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Nelson v. County of Allegheny,*
  60 F.3d 1010 (3d Cir. 1995)..................................................................5

*Netherlands Ins. Co. v. MD Plumbing & Heating, LLC,*
  No. 3:09-cv-1881 (MRK), 2011 WL 832555 (D.Conn. Mar. 3, 2011) ....................6

*Optimum Power Solutions LLC v. Apple, Inc.,*
  2011 WL 4387905 (N.D. Cal. 2011) ...................................................10

*Prime Care of Ne. Kan., LLC v. Humana Ins. Co.,*
  447 F.3d 1284 (10th Cir. 2006) ........................................................7

*Sams v. Beech Aircraft Corp.,*
  625 F.2d 273 (9th Cir.1980) ............................................................8

*Slep-Tone Ent. Corp. v. Mainville,*
  2011 WL 4713230 (W.D.N.C. 2011) .................................................10

*WiAV Networks, LLC. v. 3Com Corp.,*
  2010 WL 3895047 (N.D. Cal. 2010) ...................................................9

**FEDERAL STATUTES**

125 Stat. § 19(d)..............................................................................1, 3

28 U.S.C. § 1332............................................................................7

35 U.S.C. § 299(b)..........................................................................1, 3

Pub. L. No. 109–2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, and 1711-1715) ...........6

Pub.L. No. 109–2, § 9, 119 Stat. 4, 14 (2005) ..............................................7

Pub. L. No. 112-29, 125 Stat. 284 ........................................................2

Pub. L. No. 112-29, 125 Stat. 284 § 19(e) ..................................................7

Pub. L. No. 112-29 § 19(e), 125 Stat. 284, 333 ..........................................3-4

Public Law 112–29, 125 Stat. 333 ..........................................................1

section, 35 U.S.C. § 299 ...........................................................Passim

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**STATE STATUTES**

CAFA ..................................................................................................................... 6-7

Class Action Fairness Act of 2005 ("CAFA") .................................................................. 6

**RULES**

**F. R. Civ. P. 21** .................................................................................................... **8**

Federal Rule of Civil Procedure 15 ................................................................................ 5

Federal Rule of Civil Procedure 15(c)(1)(C) .................................................................. 5

Federal Rule of Civil Procedure Rule 21 ......................................................................... 8

Rule 3 of the Federal Rules Of Civil Procedure ............................................................. 4

Rule 15(c)(1) ..................................................................................................... 5-6

Rule 15(c)(1)(A) ................................................................................................... 5

Rule 15(c)(1)(B) .................................................................................................. 5-6

**TREATISES**

4 Moore's Federal Practice, § 21.02[4] (3d ed.2009) ..................................................... 8

**OTHER AUTHORITIES**

E.D. Cal. 2009 .......................................................................................................... 8

H.R. REP. NO. 112-98, pt. 1 ...................................................................................... 8

U.S. Patent No. 7,461,353 ......................................................................................... 2

U.S. Patent No. 7,831,926 ......................................................................................... 2

## I.    INTRODUCTION

On September 16, 2011, the America Invents Act was signed into law. Public Law 112–29, 125 Stat. 333. The Act includes a new section, 35 U.S.C. § 299, which applies to "to any civil action commenced on or after the date of the enactment of this Act." *Id.*, §19(e).

Section 299 prohibits joining multiple defendants in the same case under the circumstances presented here:

> (b) accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."

35 U.S.C. § 299(b); 125 Stat. § 19(d).  Multiple defendants may be joined in the same action only if the right to relief against all defendants arises out of the "same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process" and "(2) questions of fact common to all defendants  . . .will arise in the action."

The Second Amended Complaint was filed against Kyocera Corp. and Kyocera Wireless Corp. ("the Kyocera Defendants") on September 30, 2011.  (D.I. 108).  The Second Amended Complaint names as defendants Apple, Inc. and ATT Mobility LLC, who were the original defendants in this case, along with a number of other defendants.

Section 299 prohibits joinder of the Kyocera Defendants to the other defendants in this case.  The Second Amended Complaint does not allege that the products sold by the Kyocera Defendants are the same as products sold by the other defendants.  Prior to the enactment of Section 299, many courts *sua sponte* dismissed claims against improperly joined defendants.  *See* cases cited *infra*. The claims against the Kyocera Defendants should be dismissed.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

On May 10, 2010, plaintiff Softview LLC filed a complaint in this Court in which it asserted infringement of U.S. Patent No. 7,461,353 (the "'353 Patent") against Apple Inc. ("Apple") and AT&T Mobility LLC ("AT&T") based on their making, using, selling, and offering to sell the iPhone and iPod Touch products. (D.I. 1).  On December 3, 2010, plaintiff filed a First Amended Complaint adding claims for alleged infringement of a second patent, U.S. Patent No. 7,831,926 (the "'926 Patent") by these same products. (D.I. 27).  The First Amended Complaint also added claims against the same two defendants for alleged infringement of both the '353 and '926 patents directed at Apple's iPad product. (D.I. 27).

On April 22, 2011, plaintiff filed a motion requesting leave to file a Second Amended Complaint in order to sue 18 new defendants, including the Kyocera Defendants, for alleged infringement of the '353 and '926 Patents. (D.I. 61 & 61-1).  On September 30, 2011, this Court granted plaintiff's motion for leave to file its Second Amended Complaint. (D.I. 106).  Plaintiff filed its Second Amended Complaint later that same day. (D.I. 108).  The Kyocera Defendants waived service of the Second Amended Complaint on October 26, 2011 (D.I. 126).  The Kyocera Defendants have until January 10, 2012 to respond to plaintiff's Second Amended Complaint. (Id.)

On September 16, 2011, prior to the Court's Order granting plaintiff's motion for leave to amend in this case, but after briefing on plaintiff's motion for leave to amend its complaint was complete, President Obama signed the America Invents Act ("AIA"). Pub. L. No. 112-29, 125 Stat. 284. Thus, the impact of new section 299 was not considered by this Court when it allowed plaintiff to file its Second Amended Complaint, joining the Kyocera Defendants and several other parties to the lawsuit against Apple and AT&T.

III.   **SUMMARY OF ARGUMENT**

Section 299 of the Act provides, *inter alia*, that multiple defendants may not be joined together in a single patent infringement action or have separate actions against them consolidated for trial unless the claims of infringement against each of them arise "...out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale or selling **of the same accused product or process.**" Pub. L. No. 112-29 § 19(d), 125 Stat. 284, 333 (emphasis added).  Further, under Section 299(b), "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." *Id.*

Section 19 of the AIA provides that Section 299 "...shall apply to any civil action commenced on or after the date of the enactment of this Act." Pub. L. No. 112-29 § 19(e), 125 Stat. 284, 333. Section 299 applies to this case because Plaintiff did not commence a civil action against the Kyocera Defendants for alleged patent infringement until it filed the Second Amended Complaint on September 30, 2011, *after* the enactment of the AIA on September 16, 2011.

The patent infringement claims that plaintiff has asserted against the Kyocera Defendants in the Second Amended Complaint are directed at Kyocera's Echo and Zio products. (D.I. 108-3 ¶¶ 20, 42), which are different from the products made or sold by the other defendants (*e.g.*, plaintiff's claims for infringement against defendant Apple are directed at Apple's iPhone, iPod Touch and iPad products; its claims against Dell are directed at Dell's Streak tablet device and Venue smart phone; and its claims against the other defendants are directed at different devices).

## IV.   ARGUMENT

### A.   Section 299 Precludes Joinder

Section 19 of the AIA provides that Section 299 "…shall apply to any civil action commenced on or after the date of the enactment of this Act." Pub. L. No. 112-29 § 19(e), 125 Stat. 284, 333.  Rule 3 of the Federal Rules Of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court."  Here, plaintiff did not "commence" a civil action against Kyocera for alleged patent infringement until it filed the Second Amended Complaint on September 30, 2011, *after* the enactment of the AIA.

### 1.   The Action Was Commenced Against Kyocera After The Enactment of the America Invents Act

The Second Amended Complaint was filed on September 30, 2011, <u>after</u> the enactment of Section 299.  With respect to Kyocera, the Second Amended Complaint does not relate back to the earlier-filed complaint.

It has long been the law in federal court that as to a new defendant who is added through an amended complaint, the action is not "commenced" against them until the filing of the new pleading.  As the Fifth Circuit observed in *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 804 (5th Cir. 2006),

> The caselaw holds that generally "a party brought into court by an amendment, and who has for the first time an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court." *United States v. Martinez,* 195 U.S. 469, 473 (1904) (citing *Miller v. McIntyre*, 31 U.S. 61, 64 (1832). As the *Miller* Court explained, this is because "it would be a novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice."

Federal Rule of Civil Procedure 15, which addresses amendments to pleadings, is in accord. Rule 15(c)(1) provides that an amendment to a pleading "relates back to the date of the original pleading" where:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Federal Rule of Civil Procedure 15(c)(1)(C), which governs the addition of new parties through amendment, does not apply because the amendment did not change the party or the naming of the party against whom the claim was asserted. Kyocera is an entirely new party. Nor are subsections (A) or (B) or Federal Rule of Civil Procedure 15(c)(1) applicable here. There is no applicable statute of limitations that allows relation back, so Rule 15(c)(1)(A) does not apply. And Rule 15(c)(1)(B) is not applicable because plaintiff is not asserting a new claim against an *existing* party, but rather is asserting entirely new claims for patent infringement against Kyocera, a *new* party. *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*.") (emphasis in original); *Giovanelli v. D.*

- 5 -

*Simmons Gen. Contracting*, No. 09-1082 (NLH)(AMD), 2010 WL 988544, at *3 n.5 (D.N.J. Mar. 15, 2010) ("Rule 15(c)(1)(B) is inapplicable here because it only applies to amendments related to a current party, and not to a newly-added party."); *Estate of Grier ex rel. Grier v. Univ. of Pennsylvania Health Sys.*, No. 07-4224, 2009 WL 1652168, at *3 (E.D. Pa. June 11, 2009); *Netherlands Ins. Co. v. MD Plumbing & Heating, LLC*, No. 3:09-cv-1881 (MRK), 2011 WL 832555, at *3 (D.Conn. Mar. 3, 2011).

Because the amendment adding claims against Kyocera for patent infringement in the Second Amended Complaint does not relate back to the original complaint or First Amended Complaint as provided for Fed. R. Civ. P. 15(c)(1), a civil action was not "commenced" against the Kyocera Defendants until the Second Amended Complaint was filed on September 30, 2011.

### 2. The Third Circuit Would Conclude That the Filing of an Amended Complaint Naming a New Defendant "Commences" a New Civil Action.

The Third Circuit has recently considered a very similar situation as presented here when it had to construe language in another federal statute that is identical to the language at issue in Section 19 of the AIA. In *Farina v. Nokia Inc. et al.*, 625 F.3d 97, 107-113 (3d. Cir. 2010), the Third Circuit held that a new civil action does not "commence" until the amended complaint naming an unrelated defendant as a party is filed.

The circumstances of *Farina* were remarkably similar to those presented here. There, as here, the original complaint had been filed *before* enactment of the federal statute at issue, which in the *Farina* case was the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109–2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, and 1711-1715).[1] 625 F.3d 97 at 110-111. There, as here, the Second Amended Complaint, which named new defendants, was not filed

---

[1] CAFA is a federal statute that authorizes the removal of qualifying class actions to federal court. *Farina*, 625 F.3d at 110.

until *after* enactment of CAFA. *Id.* There, as here, the federal statute at issue provided that it shall apply to civil actions "commenced on or after the date of enactment." *Id.* at 110; *also compare* Pub.L. No. 109–2, § 9, 119 Stat. 4, 14 (2005) (codified as Note to 28 U.S.C. § 1332) *with* Pub. L. No. 112-29, 125 Stat. 284 § 19(e).  There, as here, the statute at issue did not explicitly define "commencement." *Farina*, 625 F.3d 110.  And there, as here, the issue the Third Circuit had to decide was "whether the amendment of the original complaint in the Second Amended Complaint . . . commenced a new case." *Id.*

The Third Circuit answered this question in the affirmative. *Farina*, 625 F.3d at 112-13. Applying Pennsylvania law on the basis that the case initially had been brought in Pennsylvania state court, the Third Circuit concluded that the Second Amended Complaint commenced a new action because it named as defendants "new and distinct" parties. *Id.* at 110, 112-13.

While *Farina* was decided under state law, the Third Circuit's analysis and holding are instructive.  In holding that the action did not "commence" as to a defendant added by amendment to the complaint until the filing of the amended pleading such that the new defendant was entitled to the procedural benefits of the CAFA legislation that was enacted between the filing of the original pleading and Second Amended Complaint, the Third Circuit recognized:

> "'Generally 'a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court.'"" *Id.* at 111 (quoting *Braud,* 445 F.3d at 805).

In further explanation of its rationale, the Third Circuit quoted the following statement by the Tenth Circuit in *Prime Care of Ne. Kan., LLC v. Humana Ins. Co.,* 447 F.3d 1284, 1288 n. 4 (10th Cir. 2006):

> [T]he unqualified disregard of any post-CAFA pleading amendments . . . entails the practically un-tenable result that once a pre-CAFA case is filed, the plaintiff can tack on new causes of

> action so substantively independent of the original case that they
> would be properly treated as filed after CAFA's effective date for all
> legal purposes ... *except for CAFA*.

*Farina*, 625 F.3d at 111 (emphasis in original).

The same rationale applies in the present case.  If Section 299 were not applied, and plaintiff were permitted to pursue a cause of action against the Kyocera Defendants, plaintiff would be allowed to "tack on" additional defendants to the present case and thereby avoid abiding by the provisions of Section 299, simply by relying on the formalistic argument that it filed its "original" complaint before the AIA was enacted.  This was not Congress' intent in passing the AIA.  Indeed, the House Report explained that the AIA "addresses the problems occasioned by the joinder of defendants (sometimes numbering in the dozens) who have tenuous connections to the underlying disputes in patent infringement suits."  H.R. REP. No. 112-98, pt. 1, at 54.

**B.      Under F. R. Civ. P. 21, Kyocera Should Be Dismissed From This Action.**

Under Section 299, the Second Amended Complaint against Kyocera should be dismissed without prejudice.

Federal Rule of Civil Procedure Rule 21 governs the misjoinder of parties and permits the court "[o]n motion or on its own ... at any time, on just terms, [to] add or drop a party[, or] also sever any claim against a party." Fed.R.Civ.P. 21. The Court has considerable discretion in choosing among these options. *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980); *see also*, 4 Moore's Federal Practice, § 21.02[4] (3d ed.2009). An accepted practice under Rule 21 is to dismiss all defendants except for the first defendant named in the complaint, *see Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *see also, Coalition for a Sustainable Delta v. U.S. Fish & Wildlife Serv.*, 2009 WL 3857417, *8 (E.D. Cal. 2009).

- 8 -

Dropping a defendant for improper joinder operates as a dismissal without prejudice. *DIRECTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir.2006).

*ADC Technology, Inc. v. LG Electronics Mobilecomm USA, Inc.*, Slip op. 10-cv-1456 (N.D. Ill. 2010) (copy attached as Ex. 1) is on point.  In *ADC*, the plaintiff sued eleven companies for patent infringement. Some of the companies were related to one another (e.g. LG Electronics MobileComm U.S.A. and its parent, LG Electronics, Inc.). The court found that the remaining defendants were unrelated companies who sold different mobile communications devices. Thus, the court found that the remaining defendants were improperly joined with the LG defendants, and dismissed the remaining defendants from the case without prejudice. The Court found that the plaintiff would not be unduly harmed by the dismissal because the relevant patents were issued within six years of the filing of the complaint:

> Because the relevant patents were issued in 2006 and 2009, ADC will not be unduly harmed if required to file new complaints. *See* 35 U.S.C. § 286 (limiting the period of recovery of damages in patent infringement suits to six years prior to filing of complaint).  Accordingly, LG Electronics MobileComm U.S.A., inc. and LG Electronics, Inc. will remain as defendants in this case. All other defendants are dismissed without prejudice.

*ADC*, Slip op. at 2.

The same considerations apply here. The two patents-in-suit were issued on December 2, 2008 and November 9, 2010, respectively, even more recently than the patents asserted in the *ADC* case. Thus, plaintiffs would suffer no harm if the Kyocera Defendants were dismissed without prejudice for the reasons explained in the *ADC* decision.

Consistent with the *ADC* decision, other courts have dismissed improperly joined defendants without prejudice under the circumstances presented here.  See, e.g., *WiAV Networks, LLC. v. 3Com Corp.*, 2010 WL 3895047 (N.D. Cal. 2010) ("the accused defendants-who will

surely have competing interests and strategies-are also entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction"); *Optimum Power Solutions LLC v. Apple, Inc.*, 2011 WL 4387905 (N.D. Cal. 2011); *EIT Holdings LLC v. YelpA, Inc.*, 2011 WL 2102820 (N.D. Cal. 2011); *Bravado Intern. Group Merchandising Services v. Cha*, 2010 WL 2650432 (C.D. Cal. 2010) (copyright infringement) *Dicam, Inc. v. United States Cellular Corp.*, Slip op., 07-c-5472 (N.D. Ill. 2007) (patent infringement) ( copy attached as Ex. 2).

There is also a strong public policy in favor of dismissal. Courts have observed that the practice of filing one lawsuit against multiple unrelated defendants enables the plaintiff to avoid paying filing fees that would have been payable if each defendant had been named in a separate lawsuit. This practice saddled judges with complex cases without just compensation to the government. *See, e.g., DirecTV, Inc. v. Blahuta*, 2003 WL 22225585 (N.D. Ill. 2003)("DirecTV has 'managed to avoid paying approximately $61,500 in filing fees'"); *Slep-Tone Ent. Corp. v. Mainville*, 2011 WL 4713230 (W.D.N.C. 2011) ("[i]t appears that these cases are really separate lawsuits combined together for no apparent reason except to avoid paying filing fees). Dismissing this case against Kyocera and all of the new defendants would require the plaintiff to pay a separate filing fee for the lawsuit against each defendant, a rational quid pro quo for bringing each lawsuit.

## V.   CONCLUSION

For the foregoing reasons, Kyocera respectfully requests that the Court enter an order dismissing plaintiff's claims against it.

Respectfully submitted,

Dated: November 22, 2011

/s/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington , DE 19806
(302) 655-4200
Email: jcp@pgslaw.com
      mch@pgslaw.com

OF COUNSEL:

Eric C. Cohen
Michael A. Dorfman
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, Illinois 60661
(312) 902-5200
eric.cohen@kattenlaw.com
michael.dorfman@kattenlaw.com