# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTVIEW LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 10-389-LPS |
| | ) |
| APPLE INC.; AT&T MOBILITY, LLC; DELL | )  **DEMAND FOR JURY TRIAL** |
| INC.; HTC CORP.; HTC AMERICA, INC.; | ) |
| EXEDEA, INC.; HUAWEI TECHNOLOGIES CO., | ) |
| LTD.; HUAWEI TECHNOLOGIES USA; | ) |
| HUAWEI DEVICE USA INC.; KYOCERA CORP.; | ) |
| KYOCERA WIRELESS CORP.; LG | ) |
| ELECTRONICS, INC.; LG ELECTRONICS USA, | ) |
| INC.; LG ELECTRONICS MOBILECOMM U.S.A., | ) |
| INC.; MOTOROLA MOBILITY INC.; SAMSUNG | ) |
| ELECTRONICS AMERICA, INC.; | ) |
| TELECOMMUNICATIONS AMERICA LLC; | ) |
| SONY ERICSSON MOBILE COMMUNICATIONS | ) |
| AB; and SONY ERICSSON MOBILE | ) |
| COMMUNICATIONS (USA) INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS APPLE INC.'S AND AT&T MOBILITY LLC'S
## OPENING BRIEF IN SUPPORT OF MOTION TO STAY LITIGATION
## PENDING REEXAMINATION OF BOTH PATENTS-IN-SUIT

OF COUNSEL:

Josh A. Krevitt
H. Mark Lyon
Stuart M. Rosenberg
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel:  (212) 351-2490

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Apple Inc. and
AT&T Mobility LLC*

Dated:  November 23, 2011
1036815 / 35692

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.   STATEMENT OF RELEVANT FACTS ......................................................................... 2

     A.    SoftView's Amended Complaints ......................................................... 2

     B.    The Reexaminations at the USPTO ....................................................... 3

     C.    Current Procedural Posture ................................................................... 5

     D.    Motions by the Android Entities to Dismiss, Sever, and Stay .............................. 6

III.  ARGUMENT ................................................................................................................. 6

     A.    Legal Standards ................................................................................... 6

     B.    A Stay Here Will Simplify The Issues .................................................. 7

     C.    The Procedural Posture of This Case Favors a Stay ........................................... 10

     D.    A Stay Will Not Unduly Prejudice SoftView .................................................. 11

IV.   CONCLUSION ............................................................................................................ 13

## TABLE OF AUTHORITIES

CASES

**Pages**

*Allied Erecting and Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*,
No. 08-589, 2010 U.S. Dist. LEXIS 92851, 2010 WL 3239001 (N.D. Ohio Aug. 16, 2010) ................................................................................................................12

*Alltech, Inc. v. Agra-Partners, Ltd.*,
No. 06-337-R, 2007 U.S. Dist. LEXIS 78977, 2007 WL 3120085 (W.D. Ky. Oct. 23, 2007) ......................................................................................................................12

*Am. Piledriving Equip. v. Geoquip, Inc.*,
637 Fed. Cir. 1324, 1336 (Fed. Cir. 2011)........................................................9

*ASCII Corp. v. STD Entertainment USA, Inc.*,
844 F. Supp. 1378 (N.D. Cal. 1994) ................................................................7

*Bloom Eng'g Co., Inc. v. North Am. Mfg. Co.*,
129 F.3d 1247 (Fed. Cir. 1997)........................................................................8

*CIMA Labs Inc. v. Mylan Pharma., Inc.*,
C.A. No. 10-625-LPS, 2011 U.S. Dist. LEXIS 4584 (D. Del. Apr. 18, 2011)........11

*Cooper Notification, Inc. v. Twitter, Inc.*,
C.A. No. 09-865-LPS, 2010 U.S. Dist. LEXIS 131385 (D. Del. Dec. 13, 2010)....................8

*Enhanced Sec. Research LLC v. Juniper Networks Inc.*,
C.A. No. 10-605-LPS, 2010 U.S. Dist. LEXIS 136503 (D. Del. Dec. 27, 2010)....................11

*Ethicon, Inc.* v. *Quigg*,
849 F.2d 1422 (Fed. Cir. 1988)........................................................................6, 9

*Gould v. Control Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983)........................................................................7, 8

*Gryphon Networks Corp. v. Contact Ctr. Compliance Corp.*,
No. 10-10258-MBB, 2011 U.S. Dist. LEXIS 63178 (D. Mass. June 13, 2011)....................11

*Marine Polymer Tech., Inc. v. Hemcon, Inc.*,
Appeal No. 2010-1548, 2011 U.S. App. LEXIS 19602 (Fed. Cir. Sept. 26, 2011)...................9

*Microlinc, LLC v. Intel Corp.*,
07-488 TJW, 2010 U.S. Dist. LEXIS 99255 (E.D. Tex. Sept. 20, 2010)................8

*Microsoft Corp. v. TiVo Inc.*,
No. 10-00240-LHK, 2011 U.S. Dist. LEXIS 52619 (N.D. Cal. May 6, 2011) ......................13

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
   549 F. 3d 842 (Fed. Cir. 2008).................................................................................6

*Slip Track Systems, Inc. v. Metal Lite, Inc.*,
   159 F. 3d 1337 (Fed. Cir. 1998)............................................................................7

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
   C.A. No.10-6523L, 2011 U.S. Dist. LEXIS 95660 (W.D.N.Y. Aug. 26, 2011) ....................11

*St. Clair Intellectual Property v. Sony Corp.*,
   01–557JJF, 2003 WL 25283239 (D. Del. Jan. 30, 2003) ........................................7

*Wyeth v. Abbott Labs.*,
   No. 09-4850, 2011 U.S. Dist. LEXIS 9824 (D.N.J. Jan. 31, 2011)........................................12

## STATUTES & RULES

35 U.S.C. § 315(c) ...........................................................................................................9

35 U.S.C. § 316(b) ...........................................................................................................8

Fed. R. Civ. P. 20...............................................................................................................3

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants Apple Inc. ("Apple") and AT&T Mobility LLC ("ATTM") submit this opening brief in support of their motion to stay this case pending reexamination of the patents-in-suit.[1] As described below, all claims of both of patents asserted here by Plaintiff SoftView LLC ("SoftView") are currently involved in *inter partes* reexamination proceedings in the United States Patent and Trademark Office ("USPTO"), and this case ought to be stayed pending completion of those reexamination proceedings. A stay is appropriate here for three reasons:

First, a stay will simplify the issues in this case. Most of SoftView's claims have already been rejected in the reexaminations, and thus are likely to be canceled or amended by the time the reexaminations conclude. It would be a waste of resources for this Court and the parties to litigate over claims that will not exist—or will be superseded by substantially different claims— by the time that SoftView could hope to obtain any relief from the Court. Moreover, if any claims survive the reexaminations intact, a stay *still* will simplify the issues in this case, at least because the reexamination will yield further prosecution history giving insight into the scope of those claims.

Second, the procedural posture of this case weighs strongly in favor of a stay. The Court has not set a trial date or any other milestone dates, and discovery is far from complete. Indeed, most of the parties have not even filed pleadings or entered appearances yet, let alone conducted any discovery. Even the few parties that have filed pleadings and exchanged written

---

[1] This motion is respectfully submitted in the alternative to Apple and AT&T's motion for reconsideration of the Court's order granting SoftView's motion to amend its complaint— *i.e.*, if the Court grants that motion for reconsideration, Apple and AT&T will withdraw this motion, as this motion is premised in part of the procedural posture occasioned by SoftView's Second Amended Complaint naming 18 new defendants.

discovery—SoftView, Apple, and AT&T—have not conducted any depositions or begun the *Markman* process yet. In short, a stay would not interfere with any pending activity in this case, and would instead save the Court and all parties substantial time and effort.

Third, a stay will not unduly prejudice non-moving party SoftView. It has been SoftView's own choice to make this litigation dependent on the reexaminations, by asserting claims against Apple and AT&T that SoftView knew were already subject to reexamination. And it has also been SoftView's own choice to reset the procedural posture of this case, by adding 18 new defendants and over 50 newly accused devices in the just-filed Second Amended Complaint. Given SoftView's demonstrated willingness to postpone final resolution of this litigation, and given that SoftView would benefit from the reexaminations if any claims were to survive intact, SoftView cannot credibly claim to suffer any prejudice from a stay here. Thus Apple and AT&T respectfully submit that the Court ought to enter a stay pending reexamination.

## II.     STATEMENT OF RELEVANT FACTS

### A.     SoftView's Amended Complaints

SoftView filed the original Complaint in this case on May 10, 2010 (D.I. 1), accusing Apple and ATTM of infringing U.S. Patent No. 7,461,353 ("the '353 patent"). The products accused by SoftView were the Apple iPhone and iPod touch, and more specifically the Safari Web browser run on the iPhone and iPod touch. (D.I. 1 at 2-3). On November 10, 2010, SoftView moved to amend its Complaint to add claims for infringement of U.S. Patent No. 7,831,926 ("the '926 patent"), which is related to the '353 patent, and to add the Apple iPad to the list of accused products. (D.I. 19-22). The Court granted SoftView's motion, and SoftView filed its First Amended Complaint on December 3, 2010. (D.I. 27). On March 17, 2011, the Court entered a scheduling order for the case, setting dates through the deadline for dispositive motions, but not including a trial date or pre-trial conference. (D.I. 57).

On April 22, 2011, almost a year into the case, SoftView moved to amend its Complaint again, seeking to add eighteen new defendants and more than fifty newly accused devices that allegedly use the Android operating system.  (D.I. 61-62).  Apple and AT&T opposed SoftView's motion to amend, arguing it did not satisfy the joinder requirements of Rule 20.  (D.I. 68).  The Court granted SoftView's motion to amend on September 30, 2011, and SoftView filed its Second Amended Complaint ("SAC") on the same day.  (D.I. 108).  On October 12, 2011, Apple and AT&T moved for reconsideration of the Court's order.  (D.I. 114).  That motion for reconsideration is now pending.  On October 17, 2011, Apple and AT&T answered the SAC.  (D.I. 115-116).  The other defendants named in the SAC have yet to file responsive pleadings.

**B.     The Reexaminations at the USPTO**

On May 20 and 23, 2011, while SoftView's motion to amend was pending, requests for *inter partes* reexamination of the '353 and '926 patents were filed at the USPTO, with Apple as the real party in interest.  *See* Declaration of Stuart M. Rosenberg filed herewith ("Rosenberg Decl."), Exs. A-B.  The requests asked the USPTO to find that substantial new questions of patentability, in light of certain printed publications, justified reexamination of all claims of both patents.  *See id.*

The USPTO ruled on the requests on August 8, 2011, initiating reexamination of most claims of the patents; specifically, '353 patent claims 1-4, 6-22, 28-32, 34-42, 44-57, 62-83, 85-121, 123-136, 142-146, 148-155, 157-173, 178-182, 184-219, 221-237, 243-247, 249-258, 260-273, 278-282, and 284-319, and '926 patent claims 52-58, 60-68, 70-71, and 73-88.  *See* Rosenberg Decl., Ex. C at 24, 29; Ex. D at 14.  For example, the USPTO explained that it was initiating reexamination of the above-listed claims of the '353 patent in part because certain references related to Pad++ (a prior art system) "provide new technical teachings (features related to zooming and panning of web content, fitting Web content to display screens at various

resolutions, not limited to vector embodiments)," and that these teachings were "not present during the original examination" and "would have been important to a reasonable examiner in considering the patentability of the claims."  Rosenberg Decl., Ex. C at 22.

The USPTO initially decided not to reexamine some of the claims within each patent; specifically, the claims that recite explicit "vector" limitations, which are '353 patent claims 5, 23-27, 33, 43, 58-61, 84, 122, 137-141, 147, 156, 174-77, 183, 220, 238-242, 248, 259, 274-277, and 283, and '926 patent claims 1-51, 59, 69 and 72.  *See* Rosenberg Decl., Ex. C at 22; Ex. D at 13.  On September 8, 2011, the third-party requester filed petitions for review of the USPTO's decisions not to reexamine these "vector"-limited claims.  *See* Rosenberg Decl., Exs. E-F.

On September 21, 2011, knowing which claims the USPTO had decided to reexamine, SoftView selected 6 of these claims in its list of 20 claims to be asserted against Apple and AT&T going forward in this litigation.  Rosenberg Decl., Ex. G.  Shortly thereafter, on September 30, 2011—the same day that SoftView filed its SAC—the USPTO issued its first office action in the reexamination of the '353 patent.  The examiner rejected all claims that were already subject to reexamination per the USPTO's earlier order, finding them anticipated by or obvious in view of the submitted references, just as the requests for reexamination had argued. *See* Rosenberg Decl., Ex. H.  The examiner also added to the reexamination all of the claims on which reexamination had previously been denied, finding that the submitted references did indeed raise substantial new questions of patentability regarding those claims, but also confirming those claims over the submitted references.  *See id.*  One day later, on October 1, 2011, the examiner in the reexamination of the '926 patent issued a parallel order, rejecting all claims that were already in the reexamination, and finding substantial new questions of

patentability regarding the rest of the claims but also confirming them over the submitted references. *See* Rosenberg Decl., Ex. I.

On October 31, 2011, SoftView filed petitions with the USPTO seeking to extend the deadlines to respond to the September 30 and October 1, 2011 office actions by one and a half months. (D.I. 152 at Exs. H-I). On November 2, 2011, the USPTO issued decisions on SoftView's October 31, 2011 petitions, granting them in part, and extending the deadlines for SoftView's responses to these office actions by one month each. (D.I. 152 at Exs. J-K). Looking ahead, SoftView's responses to these office actions will be due at the end of December, 2011 and beginning of January, 2012, after which the third-party requester will have one month to submit comments on SoftView's responses.

## C.    Current Procedural Posture

On September 30, 2011, having granted SoftView's motion to file its SAC, the Court ordered submission of revised scheduling proposals by October 12, 2011, presumably to supersede the scheduling order entered on March 17, 2011. (D.I. 57). SoftView, Apple, and AT&T requested a short extension and then submitted a joint letter on October 19, 2011 outlining their competing proposals for the case schedule. (D.I. 118). SoftView asked the Court to enter a scheduling order now, while Apple and AT&T submitted that an appropriate schedule will depend on whether the Court grants Apple and AT&T's motion for reconsideration of the decision allowing SoftView's SAC, and on input by the newly added defendants if the SAC stands. *Id.*

Also on October 19, 2011, newly added defendants Dell and Motorola Mobility filed letters asking the Court to postpone entry of a scheduling order so as to give the new parties time to participate in scheduling discussions. (D.I. 120-121). Newly added defendants Samsung,

Huawei, and LG each filed similar letter on October 27, 2011, October 28, 2011, and November 22, 2011 respectively.  (D.I. 130, 132, 147).

As of the date of this brief, the Court has not yet entered a new scheduling order, and none of the 18 new defendants named in SoftView's SAC have filed responsive pleadings. SoftView has agreed to give several defendants extensions to respond to the SAC, such that several responsive pleadings will not be due until January 10, 2012.  (D.I. 123, 125, 128, 133). Thus, the newly added parties are not likely to begin discovery until January 2012 or later.

**D.      Motions by the Android Entities to Dismiss, Sever, and Stay**

On November 22, 2011, several of the newly added defendants filed motions in this case. Dell filed a motion to stay the case pending reexamination, arguing that a stay will simplify the issues, that the relatively early procedural posture of the case supports a stay, and that a stay will not unduly prejudice SoftView or present SoftView with a clear tactical disadvantage.  (D.I. 150-152).  Dell also filed a separate motion for dismissal or severance based on improper joinder. (D.I. 148-149).  Kyocera filed a motion for dismissal based on improper joinder.  (D.I. 143-144). Huawei and Futurewei filed a motion for severance and for a stay pending reexamination.  (D.I. 153-155).  And Samsung joined the motions filed by Dell, Huawei and Futurewei.  (D.I. 156).

## III.    ARGUMENT

**A.      Legal Standards**

District courts have discretion to stay litigation pending reexamination of patents-in-suit. *See Ethicon, Inc.* v. *Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F. 3d 842, 849 (Fed. Cir. 2008) (holding that "when an order granting inter partes reexamination issues," an accused infringer may "seek a stay under the district court's inherent power").  Courts typically consider several factors when deciding whether to exercise this discretion, including (1) whether a stay will simplify the issues and trial

of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See St. Clair Intellectual Property* v. *Sony Corp.*, C.A. No. 01–557JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003).

For example, the Federal Circuit has explained that a stay was appropriate where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Slip Track Systems, Inc. v. Metal Lite, Inc.*, 159 F. 3d 1337, 1341 (Fed. Cir. 1998) (approving of stay entered in *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378 (N.D. Cal. 1994)). Likewise, the Federal Circuit has explained that "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (dismissing appeal of stay), *cert. denied*, 464 U.S. 935 (1983).

**B.     A Stay Here Will Simplify The Issues**

Apple and AT&T submit that this case ought to be stayed because reexamination of the patents-in-suit will substantially simplify the issues in dispute. Most of SoftView's patent claims have already been rejected by the reexamination examiners, and thus are highly likely to be canceled or amended in the near future. Indeed, cancellation and amendment became likely as soon as the USPTO initiated the reexaminations. *See* Rosenberg Decl., Ex. J (USPTO's most recent published statistics, showing that 89% of all completed *inter partes* reexaminations have resulted in either cancellation of all claims or changes to the claims). And now that the examiner has already issued rejections for most of SoftView's claims, the likelihood of cancellation or amendment can only have increased.

7

For claims that are cancelled, the benefit of a stay is clear:  the Court will not need to adjudicate infringement, validity, or any other issue pertaining to those claims, as they will be entirely void. *See Gould*, 705 F. 2d at 1342.  For claims that are amended, a stay provides almost as much benefit, as it will allow the Court to avoid wasting significant time and effort on *Markman* proceedings and determinations of infringement and validity that would almost certainly need to be relitigated once the reexamination are concluded.  *See, e.g.*, *Mission Abstract Data LLC v. Beasley Broadcast Group, Inc.*, D. Del. C.A. No. 11-0176-LPS (Nov. 14, 2011) (granting stay) at 4 ("the possibility of such modifications raises the prospect of the parties and the Court investing substantial resources litigating – including especially through the claim construction process – patent claims that will look quite different after the reexaminations"); *see also Microlinc, LLC v. Intel Corp.*, 07-488 TJW, 2010 U.S. Dist. LEXIS 99255 (E.D. Tex. Sept. 20, 2010) (granting stay) ("If any of the twenty-five new claims or amended claims survive reexamination, then the Court's effort in construing the old claims may be futile."); *see also* 35 U.S.C. § 316(b) (providing that amendments during *inter partes* reexamination give rise to intervening rights that protect accused infringers); *Bloom Eng'g Co., Inc. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1251 (Fed. Cir. 1997) (determining that claims had changed scope during reexamination, and thus affirming that defendant was not liable for infringement before issuance of *ex parte* reexamination certificate).[2]

---

[2] SoftView has *not* offered to refrain from amending its claims in the reexaminations, and thus SoftView cannot discount the likelihood that the Court would waste judicial resources absent a stay.  *Cf. Cooper Notification, Inc. v. Twitter, Inc.*, C.A. No. 09-865-LPS,  2010 U.S. Dist. LEXIS 131385 (D. Del. Dec. 13, 2010) (denying motion to stay where patentee "had expressly represented that it will not amend its claims in the reexamination").

Further, even if any claims survive the reexaminations without amendment, a stay will *still* simplify the issues. *Ethicon*, 849 F.2d at 1428 ("even if the reexamination [does] not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court"). First, a stay will allow the Court to construe the claims in the full context of the additional prosecution history generated by the reexaminations, which is likely to be substantial and important given the closeness of the art under consideration at the USPTO. *See, e.g.*, *Am. Piledriving Equip. v. Geoquip, Inc.*, 637 Fed. Cir. 1324, 1336 (Fed. Cir. 2011) (relying heavily on statements made by patentee during reexamination to construe disputed claim term). Second, because the reexaminations can give rise to intervening rights *even for claims that are not amended*, a stay will prevent the Court and the parties from wasting resources on infringement litigation that may well be mooted by SoftView's statements during reexamination. *See Marine Polymer Tech., Inc. v. Hemcon, Inc.*, Appeal No. 2010-1548, 2011 U.S. App. LEXIS 19602 (Fed. Cir. Sept. 26, 2011) (holding that intervening rights defenses apply "if the scope of the claims actually and substantively change[] because of [the patentee's] arguments to the PTO," even if the patentee "d[oes] not amend the language of its claims on reexamination").

Finally, for any claims that the USPTO confirms, a stay would benefit the Court and SoftView by allowing the *inter partes* estoppel provisions of the Patent Act to come into play. Section 315(c) of the Patent Act provides that "[a] third-party requester whose request for an inter partes reexamination results in an order under section 313 [initiating reexamination] is estopped from asserting at a later time, in any civil action arising in whole or in part under section 1338 of title 28, the invalidity of any claim finally determined to be valid and patentable on any ground which the third-party requester raised or could have raised during the inter partes reexamination proceedings." 35 U.S.C. § 315(c). Thus, if the Court stays this case and any

claims survive final disposition of the pending reexaminations, the case may be streamlined to the degree consistent with this provision.

**C.     The Procedural Posture of This Case Favors a Stay**

A stay is appropriate here not only because it will simplify the issues in dispute, but also because this case is at an early stage that is fully compatible with a stay.  The Court has not set a trial date or entertained dispositive motions, and no party has even yet proposed a trial date. There has been no *Markman* hearing, and the parties have not yet filed *Markman* briefs or even exchanged proposed claim constructions.   No party to this case has taken any depositions or made any other foray into discovery beyond written requests and document productions.  And only 3 of the 21 parties named in SoftView's SAC have even reached the discovery phase at all. The remaining 18 parties (the "Android entities") were named for the first time in the SAC, and have not yet filed responsive pleadings, let alone served or responded to any written discovery or produced any documents.

Given this procedural posture—and particularly the fact that the overwhelming majority of the parties to this case are just now starting at square one—there is no benefit to forging ahead with litigation in parallel with the reexaminations, and every benefit to staying the case until the reexaminations are complete.  For example, the Court should not be made to construe claim terms that are likely to change or disappear, nor should the parties be made to respond to discovery that is likely to become moot by the time the reexaminations are complete (such as infringement and invalidity contention interrogatories regarding claims that have already been rejected).  By staying this case, the Court can conserve its resources for disputes that truly require litigation, and can ensure that the parties do the same.

 Indeed, courts in the District of Delaware and elsewhere have consistently found that stays are appropriate at this stage of litigation, or even later, as long as trial has not yet been

scheduled and discovery is not yet complete.  For example, in *CIMA Labs*, this Court found that the procedural posture weighed in favor of a stay where "the lawsuit [was] in its infancy"—as it is here with respect to the Android entities.  *CIMA Labs Inc. v. Mylan Pharma., Inc.*, C.A. No. 10-625-LPS, 2011 U.S. Dist. LEXIS 4584 (D. Del. Apr. 18, 2011).  Likewise, this Court found in *Enhanced Security Research* that a stay was supported because the case was "merely getting underway, and few of this Court's resources have yet been expended on it," as is true here. *Enhanced Sec. Research LLC v. Juniper Networks Inc.*, C.A. No. 10-605-LPS, 2010 U.S. Dist. LEXIS 136503 (D. Del. Dec. 27, 2010). *See also Spread Spectrum Screening LLC v. Eastman Kodak Co.*, No.10-6523L, 2011 U.S. Dist. LEXIS 95660 (W.D.N.Y. Aug. 26, 2011) (granting stay where "document discovery has been undertaken" but "no other fact discovery has occurred," no *Markman* hearing had yet taken place, and no trial date was set); *Gryphon Networks Corp. v. Contact Ctr. Compliance Corp.*, No. 10-10258-MBB, 2011 U.S. Dist. LEXIS 63178, 11-12 (D. Mass. June 13, 2011) (granting stay and finding that procedural posture weighed in favor of stay where parties had engaged in "substantial written discovery" but were just beginning depositions, Court had conducted *Markman* hearing but had not yet issued ruling, parties had not yet begun expert discovery or filed dispositive motions, and no trial date had been set).

### D.    A Stay Will Not Unduly Prejudice SoftView

Finally, a stay is appropriate here because it will not unduly prejudice SoftView.  For claims that are canceled or amended in the reexaminations, SoftView does not even have a cognizable theory of prejudice, as by definition those claims should not have been issued or at least should not be enforceable as they stand.  For any claims that survive without amendment, SoftView's still cannot establish undue prejudice from a stay.

There is no appreciable risk of evidentiary prejudice, as the evidence most probative of SoftView's infringement allegations is source code and technical documentation, which is relatively easy to preserve for future litigation.  To the extent that any witness testimony is also probative, there is no reason to believe that SoftView will not be able to depose the necessary witnesses after reexamination.  *See, e.g.*, *Alltech, Inc. v. Agra-Partners, Ltd.*, No. 06-337-R, 2007 U.S. Dist. LEXIS 78977, 2007 WL 3120085, at *2 (W.D. Ky. Oct. 23, 2007) (finding "[t]he mere possibility that memories could fade [insufficient] to outweigh the benefits" of granting a stay); *Allied Erecting and Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, No. 08-589, 2010 U.S. Dist. LEXIS 92851, 2010 WL 3239001, at *2 (N.D. Ohio Aug. 16,  2010) (rejecting the assertion that "if a stay were granted, evidence may be lost, witnesses may die or relocate, or their memories may fade" as not "particularly likely").

Nor can SoftView show that a stay will cause it any prejudice in the marketplace, as SoftView does not compete with any of the defendants and does not sell any products or services.  *Compare, e.g., Wyeth v. Abbott Labs.*, No. 09-4850, 2011 U.S. Dist. LEXIS 9824, at *5 (D.N.J. Jan. 31, 2011) (denying stay where parties "are direct competitors and Defendants' Xience/Promus stents, which Cordis alleges infringe the patents-in-suit, compete directly with Cordis's Cypher stent").  To the extent that SoftView's infringement claims survive the reexaminations, SoftView will be just as able to pursue adequate compensation from defendants then as now.

Most importantly, SoftView cannot establish any prejudice based on delay, as it has been SoftView's own choice to delay resolution of this case—first by adding the Android entities to the case after many months, rather than filing a new, separate action against them as Apple and AT&T urged, and second by choosing to assert claims against Apple and AT&T that SoftView

already knew were subject to reexamination and were in line for rejection. Rosenberg Decl., Exs. E-G. Having chosen to tie its claims against Apple and AT&T to the reexaminations, and having chosen to reset the clock on this litigation by joining the Android entities, SoftView should not be heard to complain about any delay occasioned by a stay pending reexamination. Moreover, any such prejudice to SoftView would be far outweighed by the benefits of a stay to the Court and to the 20 defendants in this case. *See Microsoft Corp. v. TiVo Inc.*, No. 10-00240-LHK, 2011 U.S. Dist. LEXIS 52619 (N.D. Cal. May 6, 2011) ("Even though Microsoft  is correct that PTO reexamination can take several years, this potential delay is outweighed by the significant likelihood that the PTO will modify or cancel some of the 49 claims at issue in this litigation.")

## IV.    CONCLUSION

For the foregoing reasons, Apple and ATTM respectfully ask the Court to stay this case pending final disposition of the pending reexaminations of the two patents-in-suit.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Josh A. Krevitt
H. Mark Lyon
Stuart M. Rosenberg
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel:  (212) 351-2490


Dated:  November 23, 2011
1036815 / 35692

By:  */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza 6th Floor
     1313 N. Market Street
     Wilmington, DE  19899
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendants Apple Inc. and AT&T Mobility LLC*

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

<u>**CERTIFICATE OF SERVICE**</u>

I, David E. Moore, hereby certify that on November 23, 2011, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on November 23, 2011, the attached document was electronically

mailed to the following person(s)

Steven L. Caponi
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE  19801
caponi@blankrome.com

Morgan Chu
Samuel K. Lu
Amir Naini
Dorian S. Berger
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
mchu@irell.com
slu@irell.com
anaini@irell.com
cjohnson@irell.com
dberger@irell.com

By:  */s/ David E. Moore* _____
　　　Richard L. Horwitz
　　　David E. Moore
　　　Hercules Plaza, 6th Floor
　　　1313 N. Market Street
　　　Wilmington, Delaware 19899-0951
　　　(302) 984-6000
　　　rhorwitz@potteranderson.com
　　　dmoore@potteranderson.com

973077 / 35692