## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SOFTVIEW LLC.,                  :
                                   :
         Plaintiff,              :
                                     :
v.                              :      C.A. No. 10-389-LPS
                                     :
APPLE INC. and AT&T MOBILITY LLC,   :
                                     :
         Defendants.        :

## MEMORANDUM ORDER

Pending before the Court is Defendants Apple Inc.'s and AT&T Mobility LLC's Motion

for Reconsideration Regarding Plaintiff Softview's "Motion for Leave to Amend its Complaint

to Assert Claims against Additional Infringers." (D.I. 114) ("Motion") By its Motion, Apple and

AT&T ("Defendants") ask that the Court reconsider its September 30, 2011 Order permitting

Plaintiff SoftView LLC ("Plaintiff") to amend its complaint to add parties and accused devices

utilizing Android software. (D.I. 106) For the reasons stated below, Defendants' Motion is

DENIED.

## I.    LEGAL STANDARDS

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only

"sparingly." The decision to grant such a motion lies squarely within the discretion of the district

court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.,* 42 F. Supp. 2d 385, 419 (D. Del. 1999);

*Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions

are granted only if the court has patently misunderstood a party, made a decision outside the

adversarial issues presented by the parties, or made an error not of reasoning but of apprehension.

1

*See Shering Corp. v. Amgen, Inc.,* 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles,* 735 F.

Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court

rethink a decision already made." *Smith v. Meyers,* 2009 WL 51195928, at *1 (D. Del. Dec.30,

2009); *see also Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa.

1993). It is not an opportunity to "accomplish repetition of arguments that were or should have

been presented to the court previously." *Karr v. Castle,* 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of

the following: (i) there has been an intervening change in controlling law; (ii) the availability of

new evidence not available when the court made its decision; or (iii) there is a need to correct a

clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc.

v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration

be granted if it would not result in amendment of an order. *See Schering Corp.,* 25 F. Supp. 2d at

295.

## II. DISCUSSION

Defendants present two grounds for reconsideration. Neither is persuasive.

First, Defendants contend that "new authorities regarding the requirements for permissive

joinder under Fed. R. Civ. P. 20(a)(2)(A) . . . abrogate[] the very cases on which SoftView's"

motion to amend relied. (D.I. 114 at 1) Specifically, Defendants rely on a provision of the

America Invents Act ("AIA"), which became law on September 16, 2011. *See* LEAHY-SMITH

AMERICA INVENTS ACT, H.R. 1249, 112th Cong. (2011). Section 299 provides that

"accused infringers may not be joined in one action as defendants or counterclaim defendants, or

have their actions consolidated for trial, based solely on allegations that they each have infringed

2

the patent or patents in suit." However, as Defendants concede, "this new section 299 applies to civil actions 'commenced on or after the date of the enactment of this Act.'" (D.I. 114 at 4) (quoting AIA § 299). Accordingly, even crediting Defendants' argument that the new statutory provision "clarifies" the application of Rule 20(a)(2)(A) in circumstances such as those presented here, the new provision is not "an intervening change in controlling law." Likewise, Defendants' reference to district court decisions that were issued subsequent to briefing on SoftView's motion to amend (although prior to the Court's issuance of its September 30, 2011 Order) do not constitute "an intervening change in controlling law."

Second, Defendants contend there is a "need to correct a clear error of law regarding joinder" in the Court's September 30, 2011 Order. (D.I. 114 at 2) However, the Court agrees with Plaintiff that "instead of showing clear error by the Court, Apple and AT&T proceed to re-argue their position." (D.I. 126 at 3) Such is not a proper basis for reconsideration.

Accordingly, Defendants' motion is DENIED.

UNITED STATES DISTRICT JUDGE

3