## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTVIEW LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC.; AT&T MOBILITY LLC; | ) |
| DELL INC.; HTC CORP.; HTC | ) Civil Action No. 10-389-LPS |
| AMERICA, INC.; EXEDEA, INC.; | ) |
| HUAWEI TECHNOLOGIES CO., LTD.; | ) |
| FUTUREWEI TECHNOLOGIES, INC.; | ) |
| KYOCERA CORP.; KYOCERA | ) |
| WIRELESS CORP.; LG ELECTRONICS, | ) |
| INC.; LG ELECTRONICS | ) |
| MOBILECOMM USA., INC.; | ) |
| MOTOROLA MOBILITY INC.; | ) |
| SAMSUNG ELECTRONICS CO., LTD.; | ) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC.; SAMSUNG | ) |
| TELECOMMUNICATIONS AMERICA, | ) |
| LLC; SONY ERICSSON MOBILE | ) |
| COMMUNICATIONS AB; and SONY | ) |
| ERICSSON MOBILE | ) |
| COMMUNICATIONS (USA) INC., | ) |
| | |
| Defendants. | |

### PLAINTIFF SOFTVIEW LLC'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS APPLE INC. AND AT&T MOBILITY LLC'S MOTION TO STAY PENDING REEXAMINATION

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Dorian S. Berger
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Steven L. Caponi (#3484)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(301) 425-6400
caponi@blankrome.com
Attorneys for Plaintiff SoftView LLC

Dated: December 12, 2011

In response to Apple Inc. and AT&T Mobility LLC's motion to dismiss, SoftView LLC incorporates herein the facts and arguments set forth in SoftView's opposition to Dell Inc.'s motion to stay pending reexamination, including all supporting documentation. D.I. 174; D.I. 175. All of SoftView's arguments made with respect to Dell apply with equal or greater force to Apple and AT&T, with the exception of SoftView's arguments relating to *inter partes* reexamination estoppel, D.I. 174 at 6-7, which is addressed in relation to Apple and AT&T herein. Indeed, many of the arguments made with respect to Dell are even stronger with respect to Apple, because Apple was the third party requester that initiated the reexaminations in an attempt to avoid litigating the dispute in SoftView's chosen forum. This opposition provides supplemental reasons, specific to Apple and AT&T, for denying the motions to stay.

## I.   A STAY WOULD UNDULY PREJUDICE SOFTVIEW, PARTICULARLY BY ALLOWING APPLE TO VETO SOFTVIEW'S CHOICE OF FORUM.

Granting a stay in favor of the *inter partes* reexamination would be prejudicial to SoftView because it would allow Apple, a defendant in the litigation, to avoid SoftView's chosen forum and litigate validity in the PTO instead. SoftView "chose litigation, in this District, to resolve its allegation of patent infringement, which includes any potential validity challenge" to the '353 and '926 patents. *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351, *3 (D. Del. Dec. 13, 2010). Apple filed its reexamination requests more than a year after SoftView initiated this action. Staying this litigation in favor of the PTO proceedings would deprive SoftView of its right, as plaintiff and "master of the complaint," to its chosen forum. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002). If a defendant does not like how a litigation is progressing in the District of Delaware, it is undisputed that it cannot simply file a parallel

suit in another district.  *See e.g.*, *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931 (Fed. Cir. 1993); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005). Likewise, to allow Apple to put the litigation on hold while it challenges validity before the PTO would effectively permit Apple to veto SoftView's chosen forum.  *Cooper Notification*, 2010 WL 5149351, at *3 ("Staying this litigation in favor of the PTO proceeding would grant Defendants their choice of forum . . .for no good reason.").

It is unusual for a court to stay litigation pending an *inter partes* reexamination.[1] Indeed, in their stay motion, Apple and AT&T cite only two cases in which a stay was granted in favor of an *inter partes* reexamination:  *Enhanced Sec. Res. LLC v. Juniper Networks Inc.*, No. 10-605-LPS, 2010 U.S. Dist. LEXIS 136503 (D. Del. Dec. 27, 2010) and *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, No. 4:08CV589, 2010 U.S. Dist. LEXIS 92851 (N.D. Ohio Aug. 16, 2010).[2]  *Enhanced Security Research*, a

---

[1] Although courts are also hesitant to grant a stay requested by a defendant that initiated an *ex parte* reexamination, forum shopping is less of a concern there because, while the defendant sets the *ex parte* reexamination in motion, it is not an active participant in the proceedings.  In contrast, a real party in interest to an *inter partes* reexamination participates for the duration of the proceedings, similar to a litigation.  *See, e.g.,* 35 U.S.C. § 314.

[2] Only two other cases in the opening brief even involved *inter partes* (as opposed to *ex parte*) reexaminations.  *Wyeth v. Abbot Labs.*, No. 09-4850 (JAP), 2011 U.S. Dist. LEXIS 9824, at *10 (D.N.J. Feb. 1, 2011), was a case with circumstances similar to those here, in which the court declined to stay the case pending *inter partes* reexamination of the two patents-in-suit, noting that "[t]his litigation has been pending for over a year, discovery is underway and claim construction proceedings will take place in the coming months."  In *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842 (Fed. Cir. 2008), the Federal Circuit did not grant a stay, but merely clarified that it was technically within a district court's general discretion to grant a defendant's motion to stay pending *inter partes* reexamination even though there was no statutory authority explicitly authorizing such a stay.  *Id.* at 848-49; *cf.* 35 U.S.C. § 318 (giving *patent owner* the ability to obtain a stay when its patent is subject to *inter partes* reexamination).  Indeed, while authorizing a stay in theory, the Federal Circuit cautioned that "a stay should ordinarily not be granted unless there is a substantial patentability issue raised in the inter partes reexamination proceeding." *Proctor & Gamble*, 549 F.3d at 849.  Here, the PTO has confirmed 90 of SoftView's claims patentable before even receiving a response from SoftView regarding Apple's allegations.

decision from this Court, demonstrates circumstances that favor a stay pending *inter partes* reexamination.  The defendant in that case had petitioned for *inter partes* reexamination of one of the patents-in-suit more than a year *before* the litigation commenced, so there was no concern about the defendant improperly shopping for a new forum in the PTO.  *Id.* at *2.  In addition, the other patent-in-suit in *Enhanced Security Research* was the subject of an *ex parte* reexamination.  *Id.* at *2-*3.  Both reexamination proceedings had progressed to late stages:  the PTO had already issued an Action Closing Prosecution rejecting all claims of the patent in *inter partes* reexamination and a Final Office Action rejecting all claims of the patent in e*x parte* reexamination.  *Id.* at *2-*3.  In addition, a related action involving the same patents had already been stayed pending reexamination, so proceeding with only one of the two actions would have created considerable judicial inefficiencies.  *4-*5.  Thus, *Enhanced Security Research* is not instructive here because it involved markedly different circumstances.

The stay briefs filed by Apple's co-defendants highlight the deficiencies of Apple's stay request.  Dell emphasized that it is "a stranger to the reexaminations" in order to explain that "this is not a situation where Dell is shopping for a different forum in the PTO."  D.I. 151 at 8.  Similarly, the Huawei defendants[3] explain that they "did not request the reexaminations, nor are the Huawei Defendants parties to the reexaminations," and "[t]his being so, this is not a case in which the Huawei Defendants are shopping for a different forum."  D.I. 154 at 13.  The implication is that when a defendant that *is* a party to the reexaminations requests a stay of the litigation, that defendant is likely shopping for a more

---

The circumstances here do not warrant such an extreme action as a stay pending a *inter partes* reexamination where the real party in interest is a defendant in this litigation.

[3] Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc.

favorable forum.  Indeed, Dell and Huawei cite several decisions from this Court that emphasize the skepticism with which stay requests are met when they are from defendants who initiate reexamination proceedings.  *See CIMA Labs Inc. v. Mylan Pharm., Inc.*, No. 10-625-LPS, 2011 WL 1479062, at *4 (D. Del. Apr. 18, 2011) ("It is noteworthy that . . . the party seeking a stay here did not initiate the reexaminations (and, therefore, did not initiate a reexamination to obtain a tactical advantage)."); *Mission Abstract Data L.L.C. v. Beasley Broadcast Grp., Inc.*, No. 11-176-LPS, 2011 WL 5523315, at *3 (D. Del. Nov. 14, 2011) ("[T]he fact is that none of the Defendants requested reexaminations, and none are parties to the reexaminations.").  As the real party in interest to the *inter partes* reexaminations, Apple is precisely the type of forum-shopping defendant from which its co-defendants attempt to differentiate themselves.[4]

Apple and AT&T suggest that SoftView is contributing to a delay in the litigation by "choosing to assert claims against Apple and AT&T that SoftView already knew were subject to reexamination and were in line for rejection."  D.I. 160 at 12-13.  But SoftView is not required to choose between a stay and yielding to Apple's reexamination petitions in this litigation, particularly when the PTO has issued only initial Non-Final Office Actions and SoftView has not yet had an opportunity to explain why the claims are patentable over the prior art cited by Apple.  Moreover, *14 of the 20 claims* SoftView asserts against Apple and AT&T have already been confirmed patentable.  D.I. 161, Exhs. H, I; D.I. 175, Ex. A. Moreover, SoftView expects to narrow its asserted claims as appropriate as this litigation progresses.

---

[4] Tellingly even Apple makes a weak attempt to distance itself from its participation in the reexaminations, referring to itself as "Apple" in its role as defendant in this litigation but as "the third-party requester" in its role in the reexaminations.  *See generally*, D.I. 160.  Let there be no mistake:  "Apple" and "the third-party requester" are one and the same.

## II.     A STAY IS UNLIKELY TO SIMPLIFY THE ISSUES AND TRIAL OF THIS CASE.

Apple and AT&T claim that "a stay would benefit the Court and SoftView by allowing the *inter partes* estoppel provisions of the Patent Act to come into play," thereby eliminating some issues from this case.  D.I. 160 at 9.  But the benefits of *inter partes* reexamination estoppel are minimal here.  To be sure, Apple will undoubtedly be estopped from asserting an invalidity defense against any claim of the patents-in-suit on any ground Apple raised or could have raised during the reexamination proceedings, once that claim is determined to be valid and patentable.  35 U.S.C. § 315(c).[5]  But none of the 16 other defendants in this action are parties to the reexamination proceedings, and none have agreed to be bound by the PTO's findings of validity.  Therefore, a large number of defendants are likely to argue that they are *not* estopped from raising any invalidity defense in this action.  This is not a simplification of the issues.  *See, e.g.*, *Texas MP3 Techs., Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:07-CV-52, 2007 WL 3219372, at *2 (E.D. Tex. Oct. 30, 2007) ("Because all of the defendants would not be estopped from rearguing the invalidity positions taken by Apple in the reexamination, it is unlikely that the issues of this case would be simplified by a stay.").

Apple and AT&T seek support in a PTO statistic that "89% of all completed *inter partes* reexaminations have resulted in either cancellation of all claims or changes to the claims."  D.I. 160 at 7.  But Apple's figure is misleading because that 89% includes any reexamination where even just a single claim was altered (and all remaining claims confirmed patentable without modification).  D.I. 161, Ex. J.  This statistic certainly does

---

[5] *Inter partes* reexamination estoppel will likely apply to AT&T as Apple's privy.  From its discussion of estoppel in its opening brief, AT&T apparently acknowledges that it will be estopped.

not support Apple and AT&T's brash speculation that "[m]ost of SoftView's patent claims" are "highly likely to be canceled or amended in the near future." D.I. 160 at 7. Indeed, the PTO has already *confirmed 90 claims* in the patents-in-suit in the first Non-Final Office Actions (before SoftView even had a chance to respond to Apple's allegations), demonstrating the exceptional strength of SoftView's patents. *See Network Appliance Inc. v. Sun Microsystems Inc.*, 2008 WL 4821318, at *2 (N.D. Cal. Nov. 3, 2008) ("[T]he PTO almost always grants initial rejections in *inter partes* reexaminations against *all* claims. . . .") (emphasis added). It stands to reason that the number of confirmed claims will only increase once the PTO hears from SoftView in the reexamination proceedings.

Apple and AT&T warn of wasted resources if the Court elects to "forg[e] ahead with litigation in parallel with the reexaminations," D.I. 160 at 10, but such inefficiencies are not likely to materialize. Apple and AT&T complain that "the Court should not be made to construe claim terms that are likely to change or disappear, nor should the parties be made to respond to discovery that is likely to become moot by the time the reexaminations are complete." D.I. 160 at 10. Apple and AT&T ignore the fact that the claims in the patents-in-suit share many terms, so the 14 claims SoftView asserts against Apple and AT&T that have already been confirmed patentable contain many of the claim terms that may be disputed during future interpretation of claims that are currently rejected in the reexaminations. Therefore, it is unlikely that construing claims before the reexaminations are completed will be wasted effort, even if a some claims are modified or canceled, because the construed terms will likely be in at least one of the confirmed claims. And it is difficult to conceive of how discovery would change in any meaningful way based on whether the remaining six asserted claims are confirmed, amended, or rejected. Apple and AT&T provide only the example of changes or cancelations affecting "infringement and invalidity

contention interrogatories," D.I. 160 at 10, *but SoftView, Apple, and AT&T have already exchanged infringement and invalidity contentions* (indeed, initial contentions were served months before the reexamination petitions were filed).

Apple and AT&T also argue that a stay will simplify the issues in this case even if SoftView's claims are confirmed patentable in the reexamination. D.I. 160 at 9. Apple and AT&T first argue that the Court should stay the litigation to await additional PTO analysis and prosecution history. *Id.* But, even assuming that such additional analysis and prosecution history will be helpful, much of this supplemental material is either already available in the reexamination records (*e.g.*, Apple's petitions and the PTO's Office Actions) or will be available before claim construction in this case (*e.g.*, SoftView's responses to the Office Actions). Apple and AT&T also raise the specter of "intervening rights" impacting the enforceability of the patents-in-suit against Apple, AT&T, and the other defendants "*even for claims that are not amended*." D.I. 160 at 9 (emphasis in original). Apple and AT&T have provided no indication why the improbable circumstances necessary for such a limitation to be imposed on SoftView are likely to occur in this case. Such a speculative warning should not impact the more realistic factors in play in the stay analysis.

## III. THE RELATIVE STATUS OF THE REEXAMINATION PROCEEDINGS AND THIS LITIGATION DISFAVORS A STAY.

The timing and pacing of the reexamination relative to the litigation also weighs against a stay. Apple waited for more than a year after SoftView filed its complaint before submitting its reexamination petitions for the patents-in-suit. D.I. 161, Exhs. A, B. Apple's delay demonstrates that the reexamination was a tactic to interrupt the litigation and challenge patent novelty and non-obviousness elsewhere; if Apple genuinely doubted the validity of the patents-in-suit, it could have petitioned for reexamination much sooner.

Apple and AT&T cite *Enhanced Security Research* and *CIMA Labs* for the proposition that "stays are appropriate at this stage of the litigation." D.I. 160 at 10-11. But neither of those cases was nearly as far along as the instant litigation. The defendant in *Enhanced Security Research* filed a motion to stay *one month* after that litigation was filed. 2010 U.S. Dist. LEXIS 136503, at *2. In contrast, Apple filed its reexamination petitions more than a year into this action began and its motion to stay more than *eighteen months* after the case began. D.I. 161, Exhs. A, B; D.I. 159. The Court in *Enhanced Security Research* was also balancing the infancy of that litigation against reexamination proceedings that were much farther along than the reexaminations of SoftView's patents: the PTO had issued an Action Closing Prosecution rejecting all claims of one patent and a Final Office Action rejecting all claims of the other patent. 2010 U.S. Dist. LEXIS 136503, at *2-*3. Likewise, the plaintiff in *CIMA Labs* filed its motion to stay less than six months after that case began, and the patents-in-suit had been in reexamination for four and a half years, including appeals to the Board of Patent Appeals and Interferences, which had rejected every claim asserted in that litigation. 2011 WL 1479062, at *1-*4.

## CONCLUSION

For the foregoing reasons, SoftView respectfully requests that the Court deny Apple and AT&T's motion to stay.

BLANK ROME LLP


*/s/ Steven L. Caponi*

By: _____

Steven L. Caponi (#3484)
1201 Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6400
caponi@blankrome.com

Attorneys for SoftView LLC

OF COUNSEL:

Morgan Chu
Samuel K. Lu
Amir Naini
Dorian S. Berger
Craig Johnson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010
mchu@irell.com; slu@irell.com;
anaini@irell.com; dberger@irell.com;
cjohnson@irell.com

December 12, 2011