# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTVIEW LLC, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | ) C.A. No. 10-389-LPS |
| | ) |
| APPLE INC., et al. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
|       Defendants. | ) |

### DEFENDANTS APPLE INC.'S AND AT&T MOBILITY LLC'S
### REPLY BRIEF IN SUPPORT OF MOTION TO STAY LITIGATION
### <u>PENDING REEXAMINATION OF BOTH PATENTS-IN-SUIT</u>

| | |
|---|---|
| | Richard L. Horwitz (#2246) |
| | David E. Moore (#3983) |
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | Hercules Plaza 6th Floor |
| | 1313 N. Market Street |
| Josh A. Krevitt | Wilmington, DE  19899 |
| H. Mark Lyon | Tel:  (302) 984-6000 |
| Stuart M. Rosenberg | rhorwitz@potteranderson.com |
| GIBSON DUNN & CRUTCHER LLP | dmoore@potteranderson.com |
| 200 Park Avenue | |
| New York, NY  10166-0193 | *Attorneys for Defendants Apple Inc. and* |
| Tel:  (212) 351-2490 | *AT&T Mobility LLC* |

Dated:  December 22, 2011
1040307 / 35692

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................... 1

    A. District Courts Often Stay Litigation Pending *Inter Partes* Reexamination ......... 1

    B. SoftView has Failed to Demonstrate any Prejudice from a Stay .......................... 2

    C. The Procedural Posture of This Case, Dictated by SoftView's Choice to Join Additional Defendants to This Action, Supports a Stay ........................................ 4

    D. A Stay Would Simplify the Issues ........................................................................ 6

III. CONCLUSION............................................................................................................. 8

**TABLE OF AUTHORITIES**

**CASES**

**Pages**

*Allied Erecting and Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*,
No. 08-589, 2010 WL 3239001 (N.D. Ohio Aug. 16, 2010) ...................................................... 2

*Enhanced Sec. Research LLC v. Juniper Networks Inc.*,
C.A. No. 10-605-LPS, 2010 U.S. Dist. LEXIS 136503 (D. Del. Dec. 27, 2010) ..................... 5

*In re Swanson*,
540 F.3d 1368 (2008) ................................................................................................................ 4

*Microsoft Corp. v. TiVo Inc.*,
No. 10-00240-LHK, 2011 U.S. Dist. LEXIS 52619 (N.D. Cal. May 6, 2011) ........................ 6

*Mission Abstract Data LLC v. Beasley Broadcast Group, Inc.*,
C.A. No. 11-176-LPS, 2011 U.S. Dist. LEXIS 130934 (D. Del. Nov. 14, 2011) ..................... 7

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
549 F.3d 842, 849 (Fed. Cir. 2008) ........................................................................................... 2

*St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holding Corp.*,
C.A. No. 08-373-JJF-LPS, 2009 WL 192457 (D. Del. Jan. 27, 2009) ..................................... 3

*TransLogic Tech., Inv. v. Hitachi, Ltd. et al.*,
250 Fed. Appx. 988 (Fed. Cir. 2007) ........................................................................................ 5

**STATUTES**

35 U.S.C. § 314(c) ......................................................................................................................... 5

35 U.S.C. § 315(c) ......................................................................................................................... 6

## I. INTRODUCTION

A stay pending reexamination is warranted here, and SoftView's opposition brief does not establish otherwise. SoftView contends that the Court ought not stay this case pending *inter partes* reexamination because such stays are "unusual," but this is hardly a reasoned argument. Nor is SoftView's premise correct, as stays pending *inter partes* reexamination are in fact quite common. SoftView next claims that it would be prejudiced by a stay, but does not offer any support for that claim, nor does SoftView contest the facts highlighted by Apple and ATTM, which preclude a finding of prejudice (including the fact that SoftView does not compete with the Defendants in the market and so would not suffer any economic prejudice from a stay).

SoftView also argues that it is too late in the case for a stay, but ignores that the case has barely begun by any practical measure, due to SoftView's own choice to add 18 new parties. Finally, SoftView argues that infringement is not at issue in the PTO and thus a stay would not simplify the issues here. But infringement, like validity, depends crucially on the *scope* of SoftView's claims, which is exactly the issue now before the PTO in the advancing reexaminations. A stay will allow the Court to better understand the scope of any surviving claims, and to avoid wasting effort on infringement or validity determinations for claims that are cancelled (likely including the 300 or so claims that now stand rejected). Thus a stay will undoubtedly simplify the issues.

## II. ARGUMENT

**A.   District Courts Often Stay Litigation Pending *Inter Partes* Reexamination**

In arguing against a stay, SoftView asserts that "[i]t is unusual for a court to stay litigation pending an *inter partes* reexamination." (D.I. 183 at 2). SoftView does not provide any support for this assertion, and it is not true. In fact, district courts regularly stay litigation where, as here, *inter partes* reexamination is underway regarding the patent(s)-in-suit and the relevant

factors favor a stay. Just in the past year, more than 13 patent cases have been stayed pending *inter partes* reexamination, in districts across the country. *See* Ex. A (listing examples of recent stay orders).

Moreover, SoftView admits that the Federal Circuit has held that a stay is warranted where "there is a substantial patentability issue raised in the *inter partes* reexamination proceeding." *See* D.I. 183 at 2 n.1 (quoting *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008)). That is exactly the case here, where the PTO has rejected more than 250 claims of the patent-in-suit as anticipated by (or obvious over) prior art, including a substantial number of the claims that SoftView elected to continue asserting against Apple and ATTM even after the PTO initiated the reexaminations.

**B.     SoftView has Failed to Demonstrate any Prejudice from a Stay**

In opposing this motion and Dell's independent motion, SoftView states repeatedly that it would be prejudiced by a stay, but fails to offer any concrete support for this speculative claim. (D.I. 174 at 2, 8-10; D.I. 183 at 2-4). For example, SoftView writes that "a stay could compromise [its] ability to prosecute its case" due to "a risk of evidentiary spoilage that would disproportionately affect SoftView" (D.I. 174 at 10), but SoftView fails to identify a single iota of relevant evidence that is at risk. To the contrary, as Apple and ATTM explained in the opening brief—and as SoftView does not contest in its opposition brief—SoftView's infringement claims turn primarily on the software source code and the technical operation of devices that can easily be preserved pending the reexaminations. Thus there is no appreciable risk of evidentiary prejudice to SoftView, especially since Apple and ATTM's document productions are already substantially complete. *See Allied Erecting and Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, No. 08-589, 2010 WL 3239001, at *2 (N.D. Ohio Aug. 16, 2010)

(rejecting the assertion that "if a stay were granted, evidence may be lost, witnesses may die or relocate, or their memories may fade" as not "particularly likely").

SoftView also writes that it would be prejudiced by a stay because it is "a small technology company" that has sued "the numerous large technology firms in this case" (D.I. 174 at 10). But SoftView does not explain (let alone prove) how its relative size would give rise to cognizable prejudice here. For example, SoftView does *not* claim that it is likely to become insolvent during the course of the reexaminations, or that it competes with Defendants in the market and is losing sales of patented products. To the contrary, SoftView must admit that it does *not* compete with Defendants, and that if any of SoftView's patent claims are confirmed in reexamination, SoftView will be able to pursue its primary litigation goal (*i.e.*, extracting money from Defendants in the form of damages or a settlement) after the reexaminations have concluded. To the extent that SoftView's claims are cancelled or amended, moreover—as more than 300 of them are highly likely to be—SoftView cannot claim to suffer any unfair prejudice from a stay, as those claims should not have been allowed in the first place. Instead, it would unduly prejudice Apple and ATTM to continue litigating against any such claims, and this inequity weighs in *favor* of a stay. *See St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holding Corp.*, C.A. No. 08-373-JJF-LPS, 2009 WL 192457, at *2 (D. Del. Jan. 27, 2009) (stay more likely where movant shows "hardship or inequity in being required to go forward").

Beyond these speculative and unsupported arguments of evidentiary and economic prejudice, SoftView also argues that a stay would cause prejudice "because it would allow Apple, a defendant in the litigation, to avoid SoftView's chosen forum and litigate validity in the PTO instead." (D.I. 183 at 1). This argument fails, however, as a stay will not deprive SoftView of its chosen litigation forum—for example, it will not transfer this case to another district

3

court—but instead will conserve the resources of this forum, and of the entire court system, by focusing this litigation on the patent claims that truly require court attention. *See generally In re Swanson*, 540 F.3d 1368, 1378 (2008) (explaining that "PTO examination procedures [including reexamination] have distinctly different standards, parties, purposes, and outcomes compared to civil litigation."). Thus a stay would not unfairly prejudice SoftView.

Moreover, even crediting *arguendo* SoftView's complaints about Apple's initiation of reexamination proceedings, Dell and other defendants who are in no way involved or privy to the existing reexaminations of the patents-in-suit have filed separate motions to stay. These Defendants cannot be said to have taken any action to deprive SoftView of a chosen forum, even on SoftView's own incorrect theory regarding Apple's actions. SoftView cannot claim prejudice with regard to these other movants, and thus the Court ought to stay the case in response to their motions as well.

**C.      The Procedural Posture of This Case, Dictated by SoftView's Choice to Join Additional Defendants to This Action, Supports a Stay**

SoftView argues that the Court ought to deny a stay "[b]ecause this case is well underway, while the reexaminations are in their infancy." (D.I. 174 at 7). But the truth is that this case is hardly "well underway." There is no schedule in place yet, and thus no dates set for trial, motions, discovery, or any other milestone. Of the approximately 20 entities who are party to the case, the vast majority have yet to file pleadings, let alone serve initial disclosures or exchange discovery. No party has taken depositions or begun the claim construction process. Thus the case cannot be said to have progressed substantially. To be sure, this case *could have* progressed further had SoftView not insisted on joining the Android entities named in the Second Amended Complaint, and had SoftView instead filed a separate action against those entities. But SoftView chose to pursue joinder, and having succeeded in that effort and having

4

recently filed its Second Amended Complaint adding 18 new parties, cannot now be heard to argue that this case is "well underway."

Likewise, the reexaminations are hardly "in their infancy." The PTO issued office actions almost three months ago rejecting the majority of SoftView's claims, and SoftView's responses to those office actions will be due within two weeks of the date of this brief (even taking account of extensions to these deadlines sought by SoftView). Apple will then have one month to submit comments, and therafter the PTO will move the reexaminations forward "promptly" and "with special dispatch." *See* 35 U.S.C. § 314(c); MPEP § 2671 ("The case should be acted on promptly…"). It is likely that the reexamination examiners will issue actions closing prosecution well before the parties in this case are anywhere near ready to file dispositive motions. Thus the procedural posture of the reexaminations relative to this case strongly supports a stay. *See Enhanced Sec. Research LLC v. Juniper Networks Inc.*, C.A. No. 10-605-LPS, 2010 U.S. Dist. LEXIS 136503 (D. Del. Dec. 27, 2010) (stay supported because case was "merely getting underway, and few of this Court's resources have yet been expended on it").

SoftView makes much of a statistic showing that it can take years for all appeals to be exhausted after a given *inter partes* reexamination proceeding. (D.I. 174 at 8). But SoftView has not offered any reason to believe that the reexaminations at issue here will take so long, and has not explained why this statistic should be considered dispositive here when it is common to the many cases in which stays have been granted.

Moreover, as the Court is surely aware, infringement litigation can take just as long if not longer than the reexamination and appeal process. It would thus be an enormous waste of the Court's and the parties' resources to continue infringement litigation for claims that will end up cancelled or amended after all appeals from reexamination. *See, e.g.*, *TransLogic Tech., Inv. v.*

5

*Hitachi, Ltd. et al.*, 250 Fed. Appx. 988 (Fed. Cir. 2007) (vacating district court judgment of infringement, vacating injunction, and remanding for dismissal, on ground that asserted claims were cancelled in reexamination). The risk of this enormous waste of resources outweighs SoftView's only legitimate concern about a stay—that it would delay (but would not deny) SoftView's monetary recovery from Defendants for claims that are finally determined to be valid and infringed (if any). *See Microsoft Corp. v. TiVo Inc.*, No. 10-00240-LHK, 2011 U.S. Dist. LEXIS 52619 (N.D. Cal. May 6, 2011) ("Even though Microsoft is correct that PTO reexamination can take several years, this potential delay is outweighed by the significant likelihood that the PTO will modify or cancel some of the 49 claims at issue in this litigation.")

**D.    A Stay Would Simplify the Issues**

SoftView argues that a stay would not simplify the issues in this case, because the reexaminations will not include adjudication of infringement issues and will only operate to estop Apple, not other Defendants, from raising certain invalidity arguments here.[1]  With respect to the estoppel provision of 35 U.S.C. § 315(c), while Apple cannot speak for the other Defendants regarding their view of this provision or their willingness to stipulate to be bound by it here, it is nevertheless clear that this provision will operate to streamline the case in at least some respect, and thus weighs in favor of a stay.

With respect to infringement, SoftView misses the point. The reexaminations do not concern infringement per se, but they concern the scope of SoftView's claims, which is a predicate issue underlying both validity and infringement. Any changes in claim scope made

---

[1] Contrary to SoftView's mischaracterization of the opening brief (*see* D.I. 183 at 5 n.5), neither Apple nor ATTM have suggested that ATTM would be estopped under 35 U.S.C. § 315(c).

during the reexaminations—either by cancellation, explicit amendment, or arguments distinguishing prior art—will deeply affect the infringement and validity analyses this Court must undertake, including first and foremost during *Markman* proceedings, and also potentially by creating intervening rights defenses.  As this Court recently explained, "the possibility of such modifications raises the prospect of the parties and the Court investing substantial resources litigating – including especially through the claim construction process – patent claims that will look quite different after the reexaminations." *Mission Abstract Data LLC v. Beasley Broadcast Group, Inc.*, C.A. No. 11-176-LPS, 2011 U.S. Dist. LEXIS 130934 (D. Del. Nov. 14, 2011) (granting stay).  A stay will simplify the issues by focusing the parties on the claims and arguments that matter, and allowing the parties and the Court to ignore the claims and arguments that have fallen by the wayside through the reexaminations.

SoftView also argues that the reexaminations will not affect claim construction because the claims that currently stand rejected in reexamination "share many terms" with the claims that currently stand confirmed.  (D.I. 183 at 6).  But this overlap actually weighs *in favor* of a stay, because common terms are typically construed consistently across the claims, and thus the prosecution history now being generated with respect to the rejected claims will need to be considered when construing the confirmed claims as well (even if they issue without any amendments).

Finally, a stay is particularly appropriate here because the interdependence of the litigation and the reexaminations is due in part to SoftView's own choices about how to proceed in this litigation.  When ordered to select 20 claims on which to proceed against Apple and ATTM in September, SoftView could easily have chosen only claims that had not been put into reexamination, but instead chose to include claims that were already in the reexaminations and in

7

line for rejection. Likewise, when faced with this motion to stay, SoftView could have narrowed its asserted claims to drop the claims that have been rejected in reexamination, but has refused to do so, and instead has offered only the toothless submission that SoftView "expects to narrow its asserted claims as appropriate as this litigation progresses" (D.I. 183 at 4). Likewise, SoftView could have minimized the impact of the reexaminations on future *Markman* proceedings by promising not to amend its claims in the reexaminations. Yet SoftView has chosen not to take this position, and instead seeks to continue litigating over claims that are highly likely to change before the reexaminations conclude.

### III. CONCLUSION

For the foregoing reasons, Apple and ATTM respectfully ask the Court to stay this case pending final disposition of the pending reexaminations of the two patents-in-suit.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Josh A. Krevitt
H. Mark Lyon
Stuart M. Rosenberg
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-2490

Dated: December 22, 2011
1040307 / 35692

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Apple Inc. and AT&T Mobility LLC*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 22, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on December 22, 2011, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Steven L. Caponi<br>BLANK ROME LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>caponi@blankrome.com<br>*Attorneys for Plaintiff* | Morgan Chu<br>Samuel K. Lu<br>Amir Naini<br>Dorian S. Berger<br>Craig Johnson<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>mchu@irell.com<br>slu@irell.com<br>anaini@irell.com<br>dberger@irell.com<br>cjohnson@irell.com<br>*Attorneys for Plaintiff* |
| Steven J. Fineman<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>fineman@rlf.com<br>*Attorneys for Defendant Dell Inc.* | James W. Morado<br>Erik C. Olson<br>Farella Braun + Martel LLP<br>Russ Building<br>235 Montgomery Street<br>San Francisco, CA 94104<br>jmorado@fbm.com<br>eolson@fbm.com<br>*Attorneys for Defendant Dell Inc.* |

| | |
|---|---|
| Frederick L. Cottrell, III<br>Anne Shea Gaza<br>Jason J. Rawnsley<br>Richards, Layton & Finger, P.A.<br>920 North King Street<br>Wilmington, DE  19801<br>Cottrell@rlf.com<br>gaza@rlf.com<br>rawnsley@rlf.com<br>*Attorneys for Defendants Futurewei Technologies, Inc., and Huawei Technologies Co., Ltd.* | Scott Partridge<br>Masood Anjom<br>Baker Botts LLP<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002<br>Scott.partridge@bakerbotts.com<br>Masood.anjom@bakerbotts.com<br>*Attorneys for Defendants Futurewei Technologies, Inc., and Huawei Technologies Co., Ltd.* |
| Jeffrey Sullivan<br>Brian Boerman<br>Baker Botts LLP<br>30 Rockefeller Plaza<br>New York, NY  10112<br>Jeffrey.sullivan@bakerbotts.com<br>Brian.boerman@bakerbotts.com<br>*Attorneys for Defendants Futurewei Technologies, Inc., and Huawei Technologies Co., Ltd.* | John C. Phillips, Jr.<br>Megan C. Haney<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE  19806<br>jcp@pgslaw.com<br>mch@pgslaw.com<br>*Attorneys for Defendants Kyocera Corp., and Kyocera Wireless Corp.* |
| Michael A. Dorfman<br>Eric C. Cohen<br>Katten Muchin Rosenman LLP<br>525 W. Monroe Street<br>Chicago, IL  60661-3693<br>Michael.dorfman@kattenlaw.com<br>Eric.cohen@kattenlaw.com<br>*Attorneys for Defendants Kyocera Corp., and Kyocera Wireless Corp.* | Gregory E. Stuhlman<br>Greenberg Traurig, LLP<br>The Nemours Building<br>1007 North Orange Street, Suite 1200<br>Wilmington, DE  19801<br>stuhlmang@gtlaw.com<br>*Attorneys for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Mobilecomm U.S.A., Inc.* |

| | |
|---|---|
| Herbert H. Finn<br>Eric J. Maiers<br>Greenberg Traurig, LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL  60601<br>finnh@gtlaw.com<br>maierse@gtlaw.com<br>*Attorneys for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Mobilecomm U.S.A., Inc.* | Adam W. Poff<br>Monté T. Squire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801<br>apoff@ycst.com<br>msquire@ycst.com<br>*Attorneys for Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Telecommunications America, LLC* |
| Robert T. Haslam<br>Covington & Burling LLP<br>333 Twin Dolpin Drive, Suite 700<br>Redwood Shores, CA  94065<br>rhaslam@cov.com<br>*Attorneys for Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Telecommunications America, LLC* | Michael K. Plimack<br>Christine Saunders Haskett<br>Covington &Burling LLP<br>One Front Street, 35th Floor<br>San Francisco, CA  94111<br>mplimack@cov.com<br>haskettCS@cov.com<br>*Attorneys for Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Telecommunications America, LLC* |

By:   */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

973077 / 35692