IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFTVIEW LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-389-LPS |
| | ) | |
| APPLE INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HTC CORP., HTC AMERICA, INC. AND EXEDEA, INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS SOFTVIEW'S CLAIMS OF INDIRECT AND WILLFUL INFRINGEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE (12)(B)(6)**

Defendants HTC Corp., HTC America, Inc., and Exedea, Inc. (collectively, "HTC") hereby submit this reply in support of their Motion to Dismiss SoftView's Claims of Indirect Infringement Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 278). HTC incorporates by reference Defendants LG Electronics, Inc.'s, LG Electronics USA, Inc.'s, and LG Electronics Mobilcomm USA Inc.'s Reply Memorandum in Support of Their Motion to Dismiss SoftView's Claims of Indirect and Willful Infringement Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 315), which addresses issues and arguments that are common to both HTC and the LG defendants. In this reply, HTC will address the three primary arguments raised in SoftView's Opposition to HTC's Motion to Dismiss (D.I. 312).

1

I. **CONTRARY TO SOFTVIEW'S CLAIM, HTC'S MOTION TO DISMISS TARGETS BOTH FACTUAL ALLEGATIONS AND LEGAL CLAIMS.**

If granted, HTC's motion would result in the dismissal of at least two separate claims in SoftView's Fourth Amended Complaint ("FAC"). At this stage in the proceedings, HTC has not taken issue with SoftView's allegation that in March 2009 it sent HTC CEO Peter Chou a letter mentioning the '353 patent. But because that allegation does not mention or otherwise relate to the '926 patent, SoftView's claims of indirect and willful infringement of the '926 patent would be dismissed if HTC's motion were granted. Accordingly, the Court should reject SoftView's portrayal of HTC's motion to dismiss—and of SoftView's own complaint—and should dismiss SoftView's indirect and willfulness claims related to the '926 patent for the reasons explained in HTC's motion.[1]

II. **SOFTVIEW CANNOT RELY ON *APELDYN CORP.* AND *WALKER DIGITAL, LLC*.**

SoftView mistakenly claims that HTC failed to explain how *Walker Digital, LLC v. Facebook, Inc.* and *Apeldyn Corp. v. Sony Corp.* are distinguishable. As discussed in HTC's motion to dismiss, the plaintiffs in *Apeldyn* and *Walker Digital* provided extensive allegations regarding not only the defendants' knowledge of the asserted patents, but also regarding the

---

[1] SoftView also seems to take issue with HTC's motion to dismiss several allegations underlying SoftView's claims that HTC indirectly and willfully infringed the '353 patent. But whether construed as a 12(b)(6) motion to dismiss or a 12(f) motion to strike, the motion is procedurally proper. *See, e.g.*, 5C Wright & Miller, *Federal Practice and Procedure* § 1383 (3d ed. 2004) ("The Rule 12(b)(6) motion to dismiss is flexible enough to encompass a motion directed to a portion of the complaint."); *S.C. ex rel. Poland v. Union Twp. Sch. Corp.*, No. 2:09-CV-167, 2009 WL 3720693 at *3 (N.D. Ind. Nov. 5, 2009) ("[A] presiding judge has the freedom to construe a motion to dismiss . . . as a Rule 12(f) motion to strike.").

defendants' intent to induce or contribute to infringement. HTC's Mot. to Dismiss at 1 n.1. For example, in *Walker Digital*, Judge Robinson noted that "the amended complaint includes several paragraphs alleging Amazon had the requisite intent to induce infringement of the [asserted] patent." *Walker Digital, LLC v. Facebook, Inc., et al.*, No. 11-313-SLR, 2012 WL 1129370 at *4 (D. Del. Apr. 4, 2012) (emphasis added). For example, the *Walker Digital* complaint alleged that the plaintiff and defendants had had a meeting at which the infringement of the asserted patent was discussed. *Id*. In *Apeldyn*, the complaint included, among other things, a description of the extensive prior litigation between the two parties and involving the same patent. *Apeldyn Corp. v. Sony Corp. et al.*, No. 11-440-SLR, 2012 WL 1129371 at *4 (D. Del. Apr. 4, 2012). All of these allegations are critical because "[s]pecific intent [to induce infringement] may be inferred from circumstantial evidence where a defendant has both knowledge of the patent and specific intent to cause the acts constituting infringement." *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1342 (Fed. Cir. 2008) (emphasis added). By contrast, SoftView seeks to pass off boilerplate indirect-infringement allegations that purport to cover all ten defendant groups. FAC at ¶¶ 38, 49 ('353 patent); *id*. at ¶¶ 56, 67 ('926 patent).[2]

In sum, though the filing of a complaint may be enough to show that a defendant has knowledge of an asserted patent, that fact alone does not support the requisite intent for indirect infringement. Accordingly, SoftView's reliance on *Walker Digital* and *Apeldyn* is misplaced

---

[2] All of SoftView's other allegations directed to these claims—including the allegations regarding the third party consortium and publicity surrounding the patents—are specifically limited to knowledge of the patents, and they say nothing about the requisite intent. *See* FAC at ¶ 42 ("HTC had actual knowledge of the '353 patent at least as early as March 2009 . . ."); *id*. at ¶ 60 ("HTC had actual knowledge of the '926 patent no later than November 2010 . . .").

given that the complaints in those cases, unlike the FAC here, included extensive and specific allegations relating to the intent to induce or contribute to infringement.

### III. HTC'S FILING OF A DECLARATORY-JUDGMENT ACTION IS INSUFFICIENT TO ALLEGE INDIRECT AND WILLFUL INFRINGEMENT

Just as the mere filing of a complaint is insufficient to support claims for indirect infringement, a defendant's decision to file a declaratory action is also insufficient to support those claims. SoftView itself has recognized that "the filing of the DJ complaint demonstrates only that HTC knew of the patents-in-suit and was aware of SoftView's belief that HTC infringed the patents-in-suit." Opp. at 6 (emphasis added). As noted above, mere knowledge of a patent is insufficient to support claims for indirect infringement. *See Ricoh Co., Ltd.*, 550 F.3d at 1342. Instead, SoftView must also make specific allegations regarding the requisite intent to infringe indirectly, and the mere filing of a declaratory action does not give rise to such intent.[3]

SoftView asserts that "it beggars belief that an accused infringer named in an amended complaint could avoid indirect infringement and willful infringement simply by *later* filing a declaratory judgment action" (Opp. at 6), but HTC is not arguing—nor does it need to argue, given that it does not bear the burden of proof—that its declaratory-judgment action precludes claims of indirect and willful infringement. Instead, HTC has simply argued that the declaratory action, alone, is insufficient to sustain those claims. SoftView's improper attempt to shift the

---

[3] Nor, as discussed in HTC's motion to dismiss, is the mere filing of a declaratory action sufficient to demonstrate the requisite intent for willful infringement. HTC's Mot. to Dismiss at 2-3.

4

burden of proof onto HTC is only a distraction from SoftView's failure to sufficiently allege the requisite intent for indirect infringement.

## IV. CONCLUSION

The Court should grant HTC's motion and dismiss with prejudice SoftView's claims for induced, contributory, and willful infringement set forth in plaintiff's Fourth Amended Complaint at paragraphs 38, 42, 49-50, 56, 60, 67-68, and the associated "Prayer for Relief" to the extent they rely on (1) HTC's alleged relationship with a secret third party; (2) publicity surrounding the asserted patents; (3) the filing of the Second Amended Complaint naming HTC as a defendant; and (4) HTC's decision to file a declaratory judgment action regarding its rights with respect to the asserted patents

Respectfully submitted,

SHAW KELLER LLP

*/s/ Jeffrey T. Castellano*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Jeffrey T. Castellano (No. 4837)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
jcastellano@shawkeller.com
*Attorneys for Defendants HTC Corp., HTC America, Inc. and Exedea, Inc.*

OF COUNSEL:
Leo L. Lam
Ashok Ramani
Jesse Basbaum
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA  94111-1809
(415) 391-5400

Dated: May 1, 2012