IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFTVIEW LLC, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 10-389-LPS |
| | : | |
| APPLE INC.; AT&T MOBILITY LLC; | : | |
| DELL INC.; HTC CORP.; HTC AMERICA,: | | |
| INC.; EXEDEA, INC.; HUAWEI | : | |
| TECHNOLOGIES CO., LTD.; | : | |
| FUTUREWEI TECHNOLOGIES, INC.; | : | |
| KYOCERA CORP.; | : | |
| KYOCERA WIRELESS CORP.; LG | : | |
| ELECTRONICS, INC.; LG | : | |
| ELECTRONICS USA, INC.; LG | : | |
| ELECTRONICS MOBILECOMM U.S.A., | : | |
| INC.; MOTOROLA MOBILITY INC.; | : | |
| SAMSUNG ELECTRONICS CO., LTD.; | : | |
| SAMSUNG ELECTRONICS AMERICA, | : | |
| INC.; SAMSUNG | : | |
| TELECOMMUNICATIONS AMERICA, | : | |
| LLC; and SONY ERICSSON MOBILE | : | |
| COMMUNICATIONS (USA) INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

At Wilmington, this 4th day of May, 2012,

**IT IS HEREBY ORDERED** that:

1. Defendants' motions to sever pursuant to 35 U.S.C. § 299 and Fed. R. Civ. P. 21

   (D.I. 143; D.I. 148; D.I. 153; D.I. 156; D.I. 168; D.I. 172; D.I. 185; D.I. 211) are

   **GRANTED** to the extent Defendants seek separate infringement trials.

   Defendants' motions are **DENIED** in all other respects, for the reasons explained

1

at the May 3, 2012 hearing. The parties are ordered to meet and confer, and shall file with the Court no later than May 17, 2012, a joint letter describing (1) the parties' respective proposals for coordinating pre-trial proceedings in this action, and (2) whether, and if so, to what extent, the parties would consent to a consolidated invalidity trial.

2. Counsel for Defendants are ordered to confer with their respective clients concerning the extent to which, if any, they would be willing to (1) voluntarily be estopped or otherwise bound by the outcome of Apple's *inter partes* reexamination and/or request for *ex parte* reexamination ("the Apple reexamination proceedings") currently pending before the Patent Office, and (2) refrain from initiating additional reexamination proceedings against the patents-in-suit, should the Court decide to stay the present litigation. Counsel for Plaintiffs are likewise ordered to confirm the extent to which SoftView will agree not to amend any claims asserted against Defendants during the course of the Apple reexamination proceedings, should the Court decide to deny Defendants' motions to stay litigation. Counsel for all parties shall then meet and confer, and file with the Court no later than May 17, 2012, a joint letter updating the Court as to any changes in the parties' respective positions regarding Defendants' motions to stay, in view of the meet and confer process set forth in this Order.

UNITED STATES DISTRICT JUDGE