

*Phone:* *(302) 425-6408*
*Fax:* *(302) 425-5106*
*Email:* *Caponi@BlankRome.com*

May 29, 2012

**VIA ELECTRONIC FILING AND**
**BY HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street, Unit 26, Room 6100
Wilmington, DE 19801-3556

Re:  **SOFTVIEW LLC v. APPLE INC. et al.,**
**Civil Action No. 10-389-LPS**

Dear Judge Stark:

SoftView respectfully submits this letter in response to the Court's order of May 4, 2012, as modified on May 24, 2012. This letter provides SoftView's positions regarding (1) the concessions offered by the parties in connection with Defendants' motions to stay this case pending reexamination of the patents-in-suit; (2) whether SoftView would consent to a consolidated invalidity trial; and (3) the coordination of pre-trial proceedings.

**Defendants' Motions to Stay Pending Reexamination**

SoftView confirms its position expressed at the May 3, 2012 hearing: If the Court were to deny Defendants' motions to stay the litigation, SoftView would agree not to amend any of the 20 claims asserted against Defendants during the course of the Apple Inc. reexamination proceedings.

Defendants' offer of a limited estoppel if a stay were granted would not significantly simplify the issues in these litigations. First, the scope of Defendants' proposed estoppel is far narrower than the statutorily mandated inter partes reexamination estoppel under 35 U.S.C. Section 315 (which will apply to Apple). Section 315(c) provides:

> A third-party requester whose request for an inter partes reexamination results in an order under section 313 is estopped from asserting at a later time, in any civil action arising in whole or in part under section 1338 of title 28, the invalidity of any claim finally determined to be valid and patentable on any ground which the third-party requester raised or could



The Honorable Leonard P. Stark
May 29, 2012
Page 2

have raised during the inter partes reexamination proceedings. This subsection does not prevent the assertion of invalidity based on newly discovered prior art unavailable to the third-party requester and the Patent and Trademark Office at the time of the inter partes reexamination proceedings.

Defendants' proposal would permit any Defendant (aside from Apple) to continue arguing that prior art references that the PTO has already rejected should invalidate the patents-in-suit due to obviousness simply by rearranging the prior art references into combinations not suggested by Apple in the reexamination. That is a far cry from estopping Defendants from challenging validity on "any ground that the third-party requester raised *or could have raised* during the inter partes reexamination proceedings." 35 U.S.C. § 315(c) (emphasis added). Indeed, there is no assurance that *any* of the prior art raised in the reexamination proceedings would be eliminated from the litigations. Consequently, Defendants' proposed estoppel would not result in a meaningful simplification of the issues.

Second, under Defendants' proposal, they would not be estopped until there were a final determination by the PTO, including "all appeals." Appeals typically delay the final determination of an inter partes reexamination for several years after the actual reexamination proceedings have concluded. *See* Scott A. McKeown, *Pendency of Inter Partes Reexamination*, Patent Post Grant Blog (July 14, 2011), http://www.patentspostgrant.com/lang/en/2011/07/the-historical-skew-of-inter-partes-pendency-figures. If all appeals were taken, it would typically take over five years for an inter partes reexamination to conclude. *Id.* This proposal is a substantial deviation from the position taken by the Defendants at the May 3 hearing, where Apple's counsel argued that the re-examinations would conclude quickly, noting that "[t]his Court need not fashion a stay that puts this case on hold until the last en banc petition is filed." Transcript 71 at 4-6. Defendants' estoppel proposal makes clear the true intent of their motions for a stay: further delay without any meaningful simplification of the case.

Finally, Defendants' proposal excuses Defendants from any estoppel if Apple and SoftView were to settle their dispute. This means that if Apple and SoftView were to settle before the reexamination proceedings conclude, all of the PTO's determinations could be litigated anew. This aspect of Defendants' proposal is against public policy because it would create a significant disincentive for the parties to attempt to reach a settlement by creating negative repercussions if SoftView were to settle with Apple.



The Honorable Leonard P. Stark
May 29, 2012
Page 3

Defendants' request for a stay based on its limited estoppel proposal should therefore be denied because it would create an unacceptably long delay in the resolution of SoftView's claims and because it would not simplify the case.

**Consolidated Invalidity Trial**

SoftView encourages the Court to exercise its discretion to hold a consolidated invalidity trial for all Defendants. As the Court noted at the May 3, 2012 hearing, "it is difficult to imagine how the validity issues will necessarily be different" for different Defendants. Transcript 35 at 23-24. Defendants have failed to articulate why they need to argue invalidity individually or how they would be prejudiced by a consolidated validity trial. Therefore, hearing the issue of validity in nine separate trials would be nothing more than an exercise in repetition and an extraordinary waste of the Court's resources. A single invalidity trial would be sufficient and appropriate here.

With respect to Defendants' request for the assignment of separate civil action numbers to the severed actions between SoftView and each Defendant Group, SoftView does not object. However, SoftView notes that AT&T Mobility LLC sells and offers for sale accused devices made by all of the other Defendants except for Kyocera Corp. and Kyocera Wireless Corp. AT&T should be joined to the actions against the following Defendant Groups: (1) Apple Inc.; (2) HTC Corp. and HTC America, Inc.; (3) Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc.; (4) LG Electronics Inc., LG Electronics USA, Inc., and LG Electronics Mobilecomm U.S.A., Inc.; and (5) Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC. This is permitted under Rule 20(a) and 35 U.S.C. § 299 because the allegations against AT&T involve these other Defendants' respective products.

**Proposals for Coordinating Pre-Trial Proceedings**

SoftView's position is that pre-trial proceedings should be coordinated by preserving the deadlines and discovery limits contained in the existing scheduling order (D.I. 250).

Respectfully submitted,

/s/ Steven L. Caponi

Steven L. Caponi (I.D. No. 3484)

SLC:lro
cc: All Counsel of Record (via electronic filing)