May 29, 2012

VIA ELECTRONIC FILING
The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE 19801

Re: *SoftView LLC v. Apple Inc. et al., (CA. No. 10-389-LPS)*

Dear Judge Stark:

Pursuant to the Court's Orders of May 4, 2012 (D.I. 354) and May 24, 2012 (D.I. 365), Defendants represented by the undersigned counsel respectfully submit their positions regarding (1) what concessions they would agree to regarding Defendants' motions to stay this case pending reexamination of the patents-in-suit; (2) whether the Defendants would consent to a consolidated invalidity trial; and (3) coordination of pre-trial proceedings.

## I. Defendants' Positions Regarding Stay Pending Reexamination

Defendants have carefully considered the questions asked in the Court's Order of May 4, 2012 concerning Apple's *inter partes* and *ex parte* reexaminations and submit as follows:

> If the Court enters a stay pending reexamination, all Defendants[1] agree to be bound by any final determination of the PTO (surviving all appeals) concluding that any specific prior-art reference or combination of references lacks any element of any asserted claim.[2] Further, if the Court enters a stay pending reexamination, all Defendants agree that they will not file any additional requests for *inter partes* or *ex parte* reexamination of the patents-in-suit. However, Defendants would not be bound by these agreements if Apple and SoftView settle their dispute prior to the final disposition of the *inter partes* reexaminations including all appeals.

Defendants respectfully submit that their positions here address the Court's concerns articulated during the May 3, 2012 hearing regarding a stay pending reexamination. Specifically, if the Court enters a stay, Defendants' proposals will simplify the issues significantly, in at least three significant respects.

First, the Court and the parties will not be required to conduct any further proceedings on claims that are cancelled as part of the reexamination process. *Mission Abstract Data L.L.C. v. Beasley Broad. Gr., Inc.*, No. 11-176-LPS, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011) ("If all or some of the asserted claims are ultimately cancelled, this litigation would be simplified, or potentially even mooted").

---

[1] Apple is already subject to estoppel as provided by the *inter partes* statute.
[2] To be clear, Defendants do not agree to be bound by any PTO determination that a given reference does not qualify as prior art (for example, if SoftView swears behind a reference in the PTO).

Second, even if some of the asserted claims survive, a stay will permit the Court to construe the claims with the benefit of the full prosecution history of the reexaminations, which has proven to be crucial for purposes of claim construction. *See, e.g., Am. Piledriving Equip. v. Geoquip, Inc.*, 637 F.3d Cir. 1324, 1336 (Fed. Cir. 2011) (relying heavily on statements made by patentee during reexamination to construe disputed claim term). This additional prosecution history will be particularly important here because the reexaminations are focused on a single claim term—"vector"—which is contained in every claim asserted by SoftView that has any reasonable likelihood of surviving the reexaminations. *See* Tr. of May 3, 2012 Hearing ("Tr.") at 40:4-20. Of the twenty claims asserted by SoftView in this case, fourteen claims contain "vector" limitations. The remaining six claims have already been rejected by the PTO over prior art and thus are not likely to survive the reexaminations. In essence, the "vector" limitations are all that stand between SoftView and rejection of all claims of both patents-in-suit, as the PTO has found that the prior art renders obvious every limitation of every claim except for the "vector" limitations. Thus, the meaning of "vector" in these claims will be critical to the outcome of the reexaminations and to this litigation.[3]

Third, because of the estoppel, the Court will not be required to revisit invalidity arguments specifically rejected by the PTO during the reexaminations. Although the scope of Defendants' proposed estoppel is narrower with respect to the non-Apple Defendants than to Apple, Defendants submit that this is fair under the circumstances, where the non-Apple Defendants do not have the ability to participate in the reexaminations and must rely on Apple to pursue the asserted invalidity positions. Defendants would be severely prejudiced if Apple were to settle out of the case prior to the resolution of the reexaminations leaving no one to pursue the asserted invalidity positions.

Contrary to SoftView's anticipated arguments, Defendants' estoppel proposal will not result in undue delay. Under the *inter partes* statute, 35 U.S.C. § 315(c), Apple will not be estopped from making the same invalidity arguments in this litigation as it is making in the reexaminations until all appeals in the reexamination are exhausted. *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 648 (Fed. Cir. 2011). Defendants – who would not otherwise be estopped absent the consent they are offering here – merely seek the same timing of estoppel as

---

[3] Defendants strongly believe that the PTO will reject all of SoftView's patent claims in an upcoming office action, and that this entire litigation will be mooted by the reexaminations, because the "vector" limitations are indeed disclosed by the prior art. Apple's most recent submissions to the PTO explain exactly where these "vector" limitations are disclosed in the prior art of record and why they cannot save SoftView's claims from rejection. *See* D.I. 285; D.I. 346. The only way for any of these claims to survive the reexaminations is for SoftView to distinguish the prior art, either by amending the claims to add new limitations (which SoftView has confirmed to the Court that it will not do), or by arguing that "vector" has a narrow and specific meaning that excludes the art before the PTO. Of course, if SoftView or the PTO take a *narrow* view of "vector" in the reexaminations—where claims must be given their *broadest* reasonable construction, *see In re Swanson*, 540 F. 3d 1368, 1378 (Fed. Cir. 2008)—then this prosecution history will be critical to determining the scope of "vector" in this Court (where this term is *not* entitled to its *broadest* reasonable construction).

would apply to Apple. Moreover, SoftView overstates the length of time the stay will likely remain in effect. SoftView's reliance on past statistics for the PTO's disposition of *inter partes* reexaminations is misplaced, because the reexamination proceedings at issue have been conducted at an extremely fast pace. If this Court has concerns about the length of the stay, it may enter a stay order requiring the parties to update the Court every six months on the status of the reexaminations so that the Court could decide whether or not the stay ought to be lifted, given the progress of the reexaminations.

Finally, there is no justification for SoftView's illogical argument that the remaining Defendants should be estopped even if SoftView and Apple were to settle their dispute prior to final disposition of the *inter partes* reexaminations. According to SoftView, it would be unmotivated to settle with Apple if the remaining Defendants would not be estopped by the non-final findings of the reexaminations. But SoftView neglects to mention the other logical consequence of its argument: if a SoftView-Apple settlement were to create a premature estoppel on the remaining Defendants, then SoftView would have every incentive to time a settlement – such as immediately after a final office action in the reexaminations favorable to it – in order to maximize the detrimental effect of the estoppel on the remaining Defendants.

## II. Defendants' Position Regarding Consent To A Consolidated Invalidity Trial

Defendants do not consent to a consolidated invalidity trial. As the Court has correctly held, 35 U.S.C. § 299 ("Section 299") applies to SoftView's claims against the Android Defendants. *See* Tr. at 33:16-22. The Court has also held that SoftView has not demonstrated that its claims against the Android Defendants satisfy the requirements of Section 299 that would permit their cases to be joined or consolidated for trial. *See* Tr. at 34:23-25. As a result, the Android Defendants are entitled to separate trials on all issues raised in SoftView's severed, separate actions against them, including on all issues of invalidity related to the patents-in-suit. While Section 299(c) states that "an accused infringer may waive the limitations" on joinder and consolidation set forth in Section 299, Defendants decline to waive their rights in this case.

SoftView has informed Defendants that it will request that the Court hold a consolidated invalidity trial. Defendants respectfully maintain that to order a consolidated invalidity trial in this case absent Defendants' consent would violate Section 299 for a number of reasons. First, Section 299 states that, unless the plaintiff can satisfy the requirements of Section 299(a), which the Court held SoftView has not, the cases against the defendants cannot be joined or consolidated for trial. Section 299 does not allow for a consolidated trial on certain issues. Rather, it provides defendants the right to separate trials on all the merits, which includes invalidity. Second, Section 299 does not allow a court's authority to consolidate certain issues under Federal Rule of Civil Procedure 42 to be used to circumvent defendants' right to separate trials under Section 299. Indeed, the legislative history of Section 299 addresses this issue directly.

> If a court that was barred from joining defendants in one action could instead simply consolidate their cases for trial under rule 42, section 299's purpose for allowing unrelated patent defendants to insist on being tried separately would be undermined. Section 299 thus adopts a common standard for both joinder of defendants and consolidation of their cases for trial.

157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Kyl).

In addition to the explicit protections afforded defendants under Section 299, courts have long recognized that the protections afforded defendants to have their cases tried separately, and in their entirety, arise from the Seventh Amendment and principles of fundamental fairness. *See, e.g., Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500, 51 S. Ct. 513, 515 (1931) (holding that the Seventh Amendment prohibits separate jury trials where two issues are interwoven such that "the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to denial of a fair trial."); *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D. Ga. 1989) ("[T]he traditional rule of the factfinder [is] to make an ultimate determination on the basis of a case presented in its entirety. Because bifurcation works an infringement on such an important aspect of the judicial process [it] is not the usual course that should be followed"); *see also Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978) (holding that "separation of issues for trial is not to be routinely ordered"); *Elf Atochem N. Am., Inc. v. Libbey-Owens Ford Co.*, 894 F. Supp. 844, 857 (D. Del. 1995) ("In the normal course of litigation, courts should endeavor to manage cases in such a way that all claims and issues in a civil action are presented for resolution in one trial"). Indeed, in patent cases, courts have consistently recognized that defendants not properly joined in a case should be entitled to present their individual defenses as to all issues, including invalidity. As courts have recently held in pre-AIA cases involving improperly joined defendants, "accused defendants—who will surely have competing interests and strategies—are entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction." *WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448 WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010); *see also Optimum Power Solutions LLC v. Apple Inc.*, No. C 11-1509 SI, 2011 WL 4387905, at *2 (N.D. Cal. Sept. 20, 2011).

There are multiple reasons why the issue of invalidity cannot be decided apart from the other issues in these cases, including infringement and damages. First, as the reexamination proceedings demonstrate, there is a large volume of highly relevant prior art related to the claimed inventions of the asserted patents. Given the limited time available in every trial, each defendant should be able to rely on and assert the specific prior art references that it feels best suit its own case. Second, a defendant's non-infringement positions routinely dictate its approach to its invalidity defenses. Allowing SoftView to argue its invalidity positions separately from its alleged infringement positions would provide SoftView far greater latitude to argue invalidity positions that are inconsistent with its infringement positions. This is a possibility that courts recognize and protect against. *See, e.g., Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("A patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement"). SoftView must not be allowed to argue in the Defendants' infringement cases that its invalidity positions are irrelevant because they are not before the Court. Third, the issue of potential damages will require, among other things, an evaluation by the jury of the incremental value, if any, of the patented technology over the prior art. Defendants would be prejudiced and potentially subjected to higher valuations of SoftView's purported technology if the jury deciding damages issues does not also decide invalidity. Finally, Defendants must be allowed to defend against SoftView's allegations of post-filing willful infringement, in part, by being able to demonstrate the strength of their respective invalidity defenses in front of the same jury that decides willful infringement. *See Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 F.

The Honorable Leonard P. Stark
May 29, 2012
Page 5

App'x 284, 291 (Fed. Cir. 2008) (holding that "[u]nder [*Seagate's*] objective standard, both legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent").

### III. Assigning Separate Civil Action Numbers To Severed Actions

In light of the Court's May 4, 2012 order granting Defendants' motions to the extent Defendants seek separate infringement trials, Defendants respectfully submit that each severed case should be given a separate civil action number. Based on negotiations with SoftView, Defendants understand that SoftView agrees with Defendants' position.

Defendants also understand that SoftView will be requesting that Defendant AT&T Mobility LLC ("ATTM") be joined in the individual cases of each handset manufacturer whose products ATTM is accused of selling (*e.g.*, ATTM would be joined in Apple's case for Apple accused products and in HTC's case for HTC accused products). ATTM notes that SoftView's infringement allegations against ATTM are based solely on products manufactured by other Defendants in this case. Because SoftView is not entitled to receive damages from both ATTM and the handset manufacturer Defendants on the same accused products, it appears that SoftView has included ATTM in this matter in an attempt to obtain some tactical advantage devoid of the underlying merits of this case. However, because ATTM is merely a reseller of the products it is accused of infringing, ATTM consents to be joined in the individual cases of each handset manufacturer Defendant Group for which it is accused of selling alleging infringing products (*i.e.*, the Apple, HTC, Huawei, LG, Samsung, Dell, Motorola, and Sony Ericsson Defendant Groups).

### IV. Proposals For Coordinating Pre-Trial Proceedings

In the event the Court does not grant a stay, and the Court grants each Defendant a separate trial on all issues raised in each action, the Defendants agree that pre-trial proceedings may be coordinated by preserving the deadlines and discovery limits contained in the existing scheduling order (D.I. 250). Defendants respectfully request that the Court assign a separate civil action number and open a separate docket for each of the severed actions between SoftView and each Defendant Group, and then enter said scheduling order in each of the separate actions. Defendants further respectfully request that deadlines beyond those contained in said scheduling order (*i.e.*, beyond dispositive motions) not be set now, but rather be addressed in each case at a later time.

The Honorable Leonard P. Stark
May 29, 2012
Page 6

Respectfully,

/s/ *Richard L. Horwitz*
Richard L. Horwitz (#2246)
David Ellis Moore (#3983)
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants*
*Apple Inc. and AT&T Mobility LLC*

/s/ *Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Jason J. Rawnsley (#5379)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
302-651-7700
cottrell@rlf.com
gaza@rlf.com
rawnsley@rlf.com
*Attorneys for Defendants Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc.*

/s/ *Steven J. Fineman*
Steven J. Fineman (#4025)
Jaclyn Levy (#5631)
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
levy@rlf.com
*Attorneys for Defendant*
*Dell Inc.*

/s/ *Gregory Erich Stuhlman*
Gregory Erich Stuhlman (#4765)
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7381
stuhlmang@gtlaw.com
*Attorneys for Defendants*
*LG Electronics, Inc., LG Electronics USA, Inc. and LG Electronics Mobilecomm USA Inc.*

/s/ *Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant*
*Motorola Mobility, Inc.*

/s/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
Phillips, Goldman & Spence, P.A.
1200 N. Broom Street
Wilmington, DE 19806
(302) 65504200
jcp@pgslaw.com
mch@pgslaw.com
*Attorneys for Defendant*
*Kyocera Corp. and Kyocera Wireless Corp.*

/s/ Adam Wyatt Poff
Adam Wyatt Poff (#3990)
Monte Terrell Squire (#4764)
Young, Conaway, Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
msquire@ycst.com
*Attorneys for Defendants Samsung Electronics*
*Co. Ltd., Samsung Electronics America, Inc.,*
*and Samsung Telecommunications America*
*LLC*

/s/ Rodger D. Smith
Rodger D. Smith, II (#3778)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 351-9205
rsmith@mnat.com
*Attorney for Defendant Sony Ericsson*
*Mobile Communications (USA) Inc.*

/s/ John W. Shaw
John W. Shaw (#3362)
Karen E. Keller (#4489)
Shaw Keller LLP
800 Delaware Avenue, 4th Floor
Wilmington, DE. 19801
(302) 559-9623
jshaw@shawkeller.com
*Attorney for Defendants HTC Corp.,*
*HTC America Inc.*

cc:   Clerk of the Court (via hand delivery)
      Counsel of Record (via electronic mail)

1061254/35692