IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFTVIEW LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| APPLE INC.; AT&T MOBILITY LLC; | : | |
| DELL INC.; HTC CORP.; HTC | : | |
| AMERICA, INC.; HUA WEI | : | |
| TECHNOLOGIES CO., LTD.; | : | |
| FUTUREWEI TECHNOLOGIES, INC.; | : | |
| KYOCERA CORP.; KYOCERA | : | |
| WIRELESS CORP.; LG | : | Civil Action Nos. 10-389 |
| ELECTRONICS, INC.; LG | : | (CONSOLIDATED) |
| ELECTRONICS USA, INC.; | : | |
| LG ELECTRONICS MOBILECOMM | : | |
| U.S.A., INC.; MOTOROLA MOBILITY | : | |
| LLC; SAMSUNG ELECTRONICS CO., | : | |
| LTD.; SAMSUNG ELECTRONICS | : | |
| AMERICA, INC.; SAMSUNG | : | |
| TELECOMMUNICATIONS AMERICA, | : | |
| LLC; and SONY ERICSSON | : | |
| MOBILE COMMUNICATIONS (USA) INC., | : | |
| | : | |
| Defendants. | : | |

---

## MEMORANDUM ORDER

At Wilmington this **22nd** day of **February, 2013**:

1.      On December 28, 2012, "after having been advised by Plaintiffs and Defendants
of their inability to resolve a discovery matter," the Court scheduled a discovery teleconference
for February 25, 2013 at 10:30 a.m.  (D.I. 539) Consistent with the Court's procedures and the
scheduling order (*see* D.I. 250 at 9-10), the order indicated that "any party seeking relief shall file
with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute" and further
that "any party opposing the application for relief may file a letter, not to exceed three (3) pages,

outlining that party's reasons for its opposition." (D.I. 539) The order made the parties' letters due on February 14 and 15, 2013. (*Id.*)

2.       On January 10, 2013, the Court issued an oral order moving the time of the discovery teleconference to 4 p.m. (D.I. 558) The oral order did not alter the timing or page limitations of the parties' letters.

3.       On February 14, 2013, Plaintiff SoftView LLC ("Softview") filed *nine* separate letters seeking assistance from the Court on more than *twenty* discovery disputes. (D.I. 760, 763, 764, 766, 768, 769, 770, 771, 775)

4.       Also on February 14, 2013, Defendants collectively filed an additional *nine* separate letters seeking assistance from the Court on more than *ten* additional discovery disputes. Specifically, each of the following sets of defendants filed letters: Dell Inc. ("Dell") (D.I. 772); Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc. (collectively, "Huawei") (D.I. 783); Motorola Mobility LLC ("Motorola") (D.I. 780); HTC Corp. and HTC America, Inc. (collectively, "HTC") (D.I. 782); Apple Inc. ("Apple") (D.I. 778); Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") (D.I. 776); AT&T Mobility LLC ("ATTM") (D.I. 781); Kyocera Corp. and Kyocera Wireless Corp. (collectively, "Kyocera") (D.I. 774); and LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Mobilecomm USA, Inc. (collectively, "LG") (D.I. 777).

5.       On February 15, 2013, Softview filed *nine* separate letters responding to each of Defendants' nine letters. (D.I. 785, 786, 787, 788, 789, 790, 795, 796, 800)

6.       Also on February 15, 2013, each of the defendant groups filed a separate response to Softview's letter directed to them, for a total of *nine* more letters. (D.I. 792, 794, 797, 798, 799, 801, 803, 804, 805)

2

7.      Collectively, the parties' *36 letters presenting argument on at least 30 discovery disputes* reveal that the parties have failed to reasonably communicate with one another or to put forth the expected and required good faith efforts toward resolving discovery disputes. Many of the parties' disputes could and should have been resolved without judicial assistance. More troubling is that the parties have utterly failed to exercise common sense, inundating the Court with far more than could possibly be addressed during a teleconference that the parties understood (or should have understood) would last only 45 to 60 minutes.

8.      It having been necessary in preparing for the February 25 teleconference for the Court to wade through the parties' mass of filings, the Court has determined that it can rule on the overwhelming majority of disputes without the assistance of further argument from the parties. The teleconference on February 25 will be limited to the following issues: (a) Softview's request for a one-way extension of the fact discovery cut-offs with respect to Motorola, Samsung, ATTM, Kyocera, and LG; (b) Motorola's request for a bilateral extension of fact discovery; (c) Softview's request for a blanket order compelling all parties to produce documents withheld on the basis of third-party confidentiality obligations; and (d) the parties' proposed resolutions to disputes related to common interrogatories nos. 1, 2, 3, and 7.

9.      Softview's request (D.I. 760) that the Court order Dell to produce documents related to patent licenses is DENIED. Softview's request is overbroad and Dell has produced licensing documents related to the technology at issue. Softview's request (D.I. 760) that the Court compel Dell to provide further responses to Softview interrogatories relating to the operation of source code is DENIED. Dell is in no better position than Softview to identify and explain the source code, which is publicly available and was created by Google, which Softview has subpoenaed.

10.     Softview's request (D.I. 763) that Huawei provide complete responses to

3

interrogatories nos. 4-7, identifying and explaining the operation of source code, is DENIED, for the same reasons given above with respect to the similar request relating to Dell.

11.     Softview's requests (D.I. 766) that HTC produce documents, including marketing and promotional materials, and that Softview be permitted to take additional depositions due to HTC's purported failure to produce responsive documents, are DENIED. HTC has produced more than 10,000 marketing-related documents and its witness (Jason Mackenzie) testified that HTC has produced all of its unit sales in the United States for every year in which Softview claims damages. Softview's request (D.I. 766) that HTC identify and explain the operation of source code is DENIED for the same reasons given above with respect to the similar request relating to Dell.

12.     Softview's request (D.I. 768) that Apple produce Scott Forstall for deposition is GRANTED. Mr. Forstall is a named inventor on Apple's "double-tap to zoom" technology and likely has knowledge related to damages. Apple has failed to persuade the Court that a deposition of Mr. Forstall will constitute harassment. Softview's requests (D.I. 768) that Apple be compelled to produce additional documents and that Softview be permitted to reopen the depositions of Edward Scott and Chris Blumenberg are DENIED, as Softview's RFP No. 116 is overly broad, Apple has reasonably produced documents relating to the technology at issue, and Apple has represented it will produce documents responsive to RFP No. 97. (D.I. 804) Softview's contention that Apple produced 150 documents the day before Mr. Scott's deposition is unsupported. Softview's request (D.I. 768) that Apple identify and explain the operation of source code is DENIED for the same reasons given above with respect to the similar request relating to Dell.

13.     Softview's request (D.I. 769) that Samsung produce documents responsive to certain RFPs is DENIED as it is not ripe. Samsung represents that it is not refusing to produce

4

damages-related discovery and intends to complete production. (D.I. 794) Softview's requests
(D.I. 769) to retake depositions of Samsung witnesses, compel Samsung to designate additional
ESI custodians, and award Softview fees and costs are DENIED, as Softview has not yet taken
the deposition of another witness Samsung designated for the same topics, Softview fails to
identify witnesses for whom Softview was lacking documents, and Samsung has designated
additional ESI custodians.

14.     Softview's request (D.I. 770) that ATTM produce responsive documents,
including documents withheld on the basis of third-party confidentiality obligations, is DENIED.
ATTM represents that it will complete its production by the discovery deadline. ATTM further
represents that it has produced documents subject to third-party confidentiality when permissible
and expects to resolve any remaining third-party confidentiality issues by the close of discovery.

15.     Softview's requests (D.I. 771) that Kyocera produce responsive documents, and
for an award of fees and costs, are DENIED. Kyocera represents that it is not involved in sales,
promotion, or marketing of the accused products in the United States and does not keep financial
records in the ordinary course of its business. Softview's request (D.I. 771) that Kyocera identify
and explain the operation of source code is DENIED for the same reasons given above with
respect to the similar request relating to Dell.

16.     Softview's requests (D.I. 775) that LG  produce responsive documents, allow
Softview to retake depositions, and reimburse Softview for its fees and costs  are DENIED. LG
has produced its source code, searched ESI for additional information, and conducted email
searches using agreed-upon search terms. Softview fails to identify requested documents that
have not been produced and has not taken any depositions of LG witnesses.

17.     Dell's request (D.I. 772) that Softview be precluded from offering evidence,
testimony, argument, or contentions with respect to the subject matter of certain interrogatories is

5

DENIED. With respect to damages, the Court agrees with Softview that it would be premature

to supplement its contentions. The Court further agrees with Softview that preclusion is not

justified with respect to the topics addressed in Dell interrogatories nos. 1, 4, 5, and 7.

Preclusion is also not justified with respect to the topics addressed in common interrogatories

nos. 1, 2, 3, and 7 and, with respect to these common interrogatories, the Court will hear the

parties' proposals during the teleconference as to a more reasonable resolution.

18.     The issues raised in the letters filed by Kyocera (D.I. 774), HTC (D.I. 782),

Huawei (D.I. 783), and Motorola (D.I. 795), and issues raised by Softview in response to these

letters *(see, e.g.*, D.I. 783, 785, 786), do not require the Court's attention at this time.

19.     Samsung's request (D.I. 776) that Softview produce six documents used during a

deposition is DENIED AS MOOT, as Softview has represented it will produce the documents

(D.I. 796). The third-party confidentiality issue raised by Softview in its responsive letter (D.I.

796) may be addressed during the teleconference.

20.     LG's request (D.I. 777) that Softview be ordered to produce documents Softview

has produced to other Defendants, as well as a privilege log, is DENIED AS MOOT, given

Softview's representation that it has provided the identical documents and privilege log to LG

(D.I. 789). Softview has further represented that it will supplement its privilege log, subject to

the parties' agreement as to a cut-off date – and the parties are hereby ordered to meet and confer

and use all reasonable good faith efforts to agree on such a date. It follows that LG's additional

request (D.I. 777) that Softview produce a witness at LG's counsel's office to testify about the

privilege log is DENIED.

21.     Apple's request (D.I. 778) that the deposition subpoena of Scott Forstall be

6

quashed is DENIED for the reasons given above in connection with Softview's mirror-image request to compel the same deposition. Apple's requests (D.I. 778) that Softview be precluded from relying on an earlier date of conception or reduction to practice, offering expert testimony on damages, and asserting any new infringement contentions are DENIED, as the Court is not persuaded by Apple's arguments that Softview has failed to provide reasonable responses to date on these issues. Apple's request (D.I. 778) that Softview revise its privilege log is DENIED as it is not ripe, given the parties' ongoing efforts to resolve this dispute (*see* D.I. 800). Apple's request (D.I. 778) that Softview be ordered to produce documents from third-party ZoomOn, pursuant to the Protective Order in place in this case, is GRANTED.

22.     ATTM's request (D.I. 781) that Softview be compelled to produce documents Softview contends are "inaccessible" is DENIED, as the Court is unpersuaded that Softview has misrepresented the accessibility of the documents. ATTM will be able to explore this topic at the deposition it has noticed of Softview on topics related to document storage. ATTM's request (D.I. 781) that Softview be ordered to produce documents from third-party ZoomOn, pursuant to the Protective Order in place in this case, is GRANTED. ATTM's request (D.I. 781) (joined by other Defendants) that Softview supplement its responses to infringement (indirect and willful) contentions and damages contentions is DENIED. Softview has alleged specific facts related to ATTM's knowledge of the patents-in-suit and does not seek lost profits damages from ATTM.

UNITED STATES DISTRICT JUDGE

7