IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFTVIEW LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| APPLE INC.; AT&T MOBILITY LLC; | : | |
| DELL INC.; HTC CORP.; HTC | : | |
| AMERICA, INC.; HUA WEI | : | |
| TECHNOLOGIES CO., LTD.; | : | |
| FUTUREWEI TECHNOLOGIES, INC.; | : | C.A. No. 12-989-LPS |
| KYOCERA CORP.; KYOCERA | : | |
| WIRELESS CORP.; LG | : | C.A. No. 10-389-LPS |
| ELECTRONICS, INC.; LG | : | (CONSOLIDATED) |
| ELECTRONICS USA, INC.; | : | |
| LG ELECTRONICS MOBILECOMM | : | |
| U.S.A., INC.; MOTOROLA MOBILITY | : | |
| LLC; SAMSUNG ELECTRONICS CO., | : | |
| LTD.; SAMSUNG ELECTRONICS | : | |
| AMERICA, INC.; and SAMSUNG | : | |
| TELECOMMUNICATIONS AMERICA, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Kyocera Corp. and Kyocera Wireless Corp.'s ("Kyocera") motion to stay pending *inter partes* review by the Patent Trial and Appeal Board ("PTAB") (D.I. 940) and Apple Inc., HTC Corp., HTC America, Inc., LG Electronics, Inc., LG Electronics USA, Inc., LG Electronics Mobilecomm USA, Inc., Motorola Mobility LLC, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and AT&T Mobility LLC's ("Moving Defendants" and collectively with Kyocera, "Defendants") separate motion for stay pending *inter partes* review by the PTAB (D.I. 981).

For the reasons discussed below, the Court will GRANT both motions and stay this case

until March 31, 2014.

1. In October 2012, approximately one month after the America Invents Act's *inter partes* review provision became effective, Kyocera requested *inter partes* review of all asserted claims of the patents-in-suit. On March 29, 2013, a panel of three Administrative Patent Judges of the PTAB found that Kyocera demonstrated "a reasonable likelihood of prevailing in its challenge" to the asserted claims. (D.I. 941 Exs. A, B) Thereafter, on April 4, 2013, Kyocera moved to stay pending *inter partes* review (D.I. 940) and, on April 29, 2013, Moving Defendants filed their motion to stay pending Kyocera's *inter partes* review (D.I. 981).[1]

2. Generally, in deciding a motion to stay, the Court considers three factors: "(1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set." *Cephalon, Inc. v. Impax Labs., Inc.*, 2012 WL 3867568, at *2 (D. Del. Sept. 6, 2012). Granting or denying a motion to stay is within the broad discretionary powers of the court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976)). Here, on balance, the factors weigh in favor of a stay.

3. In July 2012, in denying an earlier motion for a stay, the Court concluded that a stay would cause prejudice to Softview, potentially provide Defendants with a tactical advantage, and possibly lead to evidentiary staleness. (D.I. 439 at 7-8) While the Court continues to have these concerns, subsequent case developments make them less of a problem. In particular, fact

---

[1]No defendant in any of these consolidated cases opposes a stay. (*See* D.I. 981 at 2)

discovery is now complete, at least somewhat mitigating the risk of evidentiary staleness. Also, given that Softview is a non-practicing entity and not seeking injunctive relief, the limited delay (of about seven months) resulting from the Court's order should not severely prejudice Softview. Overall, the first factor is neutral.

4. A stay is likely to simplify the issues for trial. Unlike in connection with the earlier requested stay – when only some of the asserted claims stood rejected – the PTAB has granted *inter partes* review with respect to all of the asserted claims of the patents-in-suit. (D.I. 941 Exs. A, B) Should all of the asserted claims be found invalid, this litigation would be "simplified" because it would be concluded. Alternatively, should even some of the asserted claims be found invalid, that finding would reduce the number of issues left to be litigated. Another possibility is that some or all of the claims are found not invalid, yet even in that scenario, litigation should be somewhat simplified due to the estoppel effect on Kyocera – and Moving Defendants' agreements to be bound (*see* D.I. 1010 at 4) – of PTAB findings relating to certain prior art. Thus, while it remains true that in this litigation Defendants are pursuing invalidity and equitable defenses beyond the scope of what will be considered during the *inter partes* review, and Softview has reiterated its pledge not to seek to amend claims, the simplification factor favors a stay.

5. In the Court's July 2012 decision denying a stay, the Court noted that the early stage of litigation and lengthy process of reexamination weighed against a stay. (D.I. 439 at 6-7) The inputs and result of this comparison are different now: while the case has substantially progressed, the *inter partes* review promises to be a more expeditious process than reexamination and appears to be relatively close to completion. More specifically, with respect to the status of

3

the case, fact discovery is complete, as is the *Markman* process. (The Court has today issued its *Markman* opinion.) The parties have proposed a stipulation by which expert discovery would be completed by the end of February 2014 and case-dispositive motions would be filed by the end of March 2014. (D.I. 1102)[2] While this is a reasonable schedule, by the time case-dispositive motions are filed, the *inter partes* review is likely to be over. Pursuant to 35 U.S.C. § 316(a)(11), the PTAB must issue a final determination within one year of the notice of a review – here by March 29, 2014 – unless that period is extended for six months for good cause shown. Hence, while the parties and the Court have dedicated substantial time and resources to this case – and only this case can resolve all of the patent-related disputes among the parties – the Court believes, under the circumstances, it is appropriate to allow the *inter partes* review a reasonable period to conclude before launching the parties into the expense of expert discovery.

Accordingly, for the reasons discussed, IT IS HEREBY ORDERED that Kyocera's Motion to Stay Pending *Inter Partes* Review by the PTAB (D.I. 940) and Moving Defendants' Motion for Stay Pending *Inter Partes* Review by the PTAB (D.I. 981) are GRANTED. These cases are STAYED until March 31, 2014, on which date the parties shall provide a joint status report, including their proposals as to whether and how this case should proceed.

Dated: September 4, 2013
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

---

[2] Given the entry of a stay, the Court will not approve the proposed stipulation.