# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTVIEW LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 10-389-LPS |
| ) | (CONSOLIDATED) |
| APPLE INC., et al., ) | |
| ) | |
| Defendants. ) | |

## JOINT STATUS REPORT

On April 22, 2014, this Court entered the parties' "Stipulation and Proposed Order to Extend Stay" until the resolution of SoftView's appeal of the Patent Trial and Appeal Board's ("PTAB") final written decisions holding all of the challenged claims of SoftView's patents unpatentable. (D.I. 1110.) On February 9, 2015, the Federal Circuit affirmed the PTAB's decisions. Exhibits 1 and 2 (attached). The Federal Circuit's mandates issued on April 2, 2015. Exhibits 3 and 4 (attached). Pursuant to this Court's Order, the parties submit their joint status report.

**Defendants' Proposal**

Early in the case, this Court limited SoftView to the assertion of a total of 20 claims across both patents. (D.I. 250 at 12.) Following this Court's Order, SoftView identified the 20 claims it chose to assert. In reliance thereon, Defendants Kyocera and Motorola petitioned for *inter partes* review of those claims before the PTAB.

Because the PTAB held, and the Federal Circuit affirmed, that all of the claims asserted by SoftView in this case are unpatentable, by operation of law, those claims will be canceled in due course by the USPTO. 35 U.S.C. § 318(b). Defendants thus propose that this case be

dismissed with prejudice in its entirety, or, alternatively, that the stay be lifted for the sole purpose of permitting Defendants to file their motion to dismiss this case with prejudice that is attached as Exhibit 5, as well as any motions seeking costs and/or attorneys' fees, if appropriate.

SoftView's request to continue the stay while the remainder of the claims in SoftView's patents wind their way through multiple USPTO reexamination proceedings should be denied. This Court's Order limiting SoftView to the assertion of 20 patent claims did not permit SoftView to assert additional claims if it lost on the 20 claims it chose to assert. Moreover, the continued stay proposed by SoftView would burden the Court and the parties for years to come, as SoftView previously represented to this Court that the reexamination proceedings "are likely to take 6.5 to 8 years to reach a final decision." (D.I. 174 at 8).

**Plaintiff's Proposal**

Defendants have misstated the facts and SoftView's position. SoftView agrees that the claims found to be unpatentable by the PTAB should be dismissed with prejudice.[1] However, Defendants overreach in seeking dismissal with prejudice of *all* claims.

The PTAB held unpatentable only the claims challenged in IPR, it did not hold "all of the claims asserted by SoftView" unpatentable. As Defendants note, SoftView was ordered to select 20 claims from its originally asserted claims. But Defendants were not similarly limited in the number of claims they could challenge in IPR or in the number of IPRs they could bring. If Defendants wished to seek cancellation of all of the claims of SoftView's patents through IPR, they could have done so. Having chosen not to, they should not now be heard to complain that fewer than all of SoftView's claims will be canceled.

SoftView has many remaining patent claims, and those claims are subject to on-going

---

[1] Claims 1, 33, 36, 43, 48, 51, 52, 58, 59, 66, 118, 138, 139, 149, 183, 252, 283, and 317 of U.S. Patent No.7,461,353 and claims 30, 31, 40, 49, 43, 52, 55, 59, 72, and 75 of U.S. Patent No. 7,831, 926.

reexaminations (which were instituted by certain Defendants). *See* Reexamination Nos. 95/000,634; 90/009,994; 95/002,132; 95/000,635; 90/009,995; and 95/002,126 (the "Pending Reexaminations"). There has not yet been a final ruling on the patentability of SoftView's remaining claims in the Pending Reexaminations. And Defendants fail to explain how a continued stay would "burden" this Court during the pendency of the Reexaminations. Indeed, the opposite is the case: SoftView's proposal would halt all proceedings in this Court until the Pending Reexaminations are resolved, while Defendants' proposal would burden this Court with motion practice. Moreover, Defendants themselves have previously filed motions to stay the case pending the Reexaminations (as well as the subsequent motion to stay the case pending the IPRs), belying the notion that continuing the stay would be a "burden" on Defendants. *See, e.g.*, D.I. 160; D.I. 159; D.I. 185; D.I. 940; D.I. 981.

SoftView accordingly proposes that the existing stay remain in effect with respect to the remaining claims until resolution of the Pending Reexaminations, at which time the parties shall submit to the Court a joint status report, including their proposals as to whether and how this case should proceed.

/s/Steven L. Caponi
Steven L. Caponi (#3484)
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
caponi@blankrome.com
*Attorneys for Plaintiff SoftView LLC*

/s/Gregory E. Stuhlman
Gregory E. Stuhlman (#4765)
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7381
stuhlmang@gtlaw.com
Attorneys for Defendants LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Mobilecomm USA Inc.

/s/Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
Attorneys for Defendants Motorola Mobility LLC and AT&T Mobility LLC

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David Ellis Moore (#3983)
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitzgpotteranderson.com
dmoore@potteranderson.com
Attorneys for Defendants Apple Inc. and AT&T Mobility LLC

/s/Jason J. Rawnsley
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Richards. Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
302-651-7700
cottrell@rlf.com
gaza@rlf.com
rawnsley@rlf.com
Attorneys for Defendants Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc.

/s/John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
Phillips, Goldman & Spence, P.A.
1200 N. Broom Street
Wilmington, DE 19806
(302) 65504200
jcp@pgslaw.com
mch@pgslaw.com
Attorneys for Defendants Kyocera Corp. and Kyocera Wireless Corp.

/s/Steven J. Fineman
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
Attorneys for Defendant Dell Inc.

/s/John W. Shaw
John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew E. Russell (#5382)
Shaw Keller LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE. 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
Attorneys for Defendants HTC Corp. and
HTC America Inc.

/s/Adam W. Poff
Adam W. Poff (#3990)
Monté T. Squire (#4764)
Young Conaway Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
msquire@ycst.com
Attorneys for Defendants Samsung
Electronics Co., Ltd.; Samsung Electronics
America, Inc.; and Samsung
Telecommunications America, LLC